IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUCAP INC.,<br>    1676 International Drive, Suite 501<br>    McLean, VA 22102<br><br>        Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>    1111 Constitution Avenue, N.W.<br>    Washington, D.C. 20224<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff EduCap Inc., files this action under the Freedom of Information Act, 5 U.S.C. § 552 (as amended) ("FOIA"), and I.R.C. § 7602(c) to compel disclosure of agency records that have been unlawfully withheld by the Internal Revenue Service ("IRS"), and alleges as follows:

1.      As explained more fully below, the IRS has failed to fully disclose the names of third parties it has contacted during its audit of EduCap as required under § 7602(c) of the Internal Revenue Code of 1986, as amended ("I.R.C."). To remedy the IRS's failure to comply with the provisions of I.R.C. § 7602(c), EduCap filed a request under FOIA seeking full disclosure of all IRS third party contacts in connection with the EduCap audit and any documents related to those contacts. Despite EduCap's FOIA request, the IRS continues to withhold the names of at least 22 third party contacts related

to the EduCap audit, and accordingly EduCap has filed this action seeking full disclosure of those contacts as required by law.

2. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2201-2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff EduCap is a Maryland corporation that the IRS has determined to be a public charity exempt from tax under I.R.C. § 501(c)(3). EduCap requested the withheld records through its counsel.

5. Defendant IRS is an agency of the United States, and it has possession of and control over the records that plaintiff seeks.

**I. The IRS has unlawfully failed to disclose third party contacts as required under I.R.C. § 7602(c).**

6. By letter dated August 4, 2004, the IRS informed EduCap of its intent to conduct an examination of EduCap.

7. By letter dated December 14, 2004, the IRS informed EduCap that as part of its EduCap audit the IRS intended to contact third parties. The IRS was required to provide this notice of third party contacts under I.R.C. § 7602(c)(1), which states:

> An officer or employee of the Internal Revenue Service ***may not contact any person other than the taxpayer*** with respect to the determination or collection of tax liability of such taxpayer ***without providing reasonable notice in advance to the taxpayer*** that contacts with persons other than the taxpayer may be made.

(Emphasis added.)

8. The IRS's December 14, 2004 letter did not provide the names of any third parties to be contacted by the IRS, but merely provided notice of the IRS's intent to make such contacts. As such contacts were in fact made in the course of the audit, the

2

IRS was required to periodically provide EduCap with the names of such contacts pursuant to I.R.C. § 7602(c)(2), which states:

> The Secretary **shall periodically provide to a taxpayer a record of persons contacted** during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayers. Such record shall also be provided upon request of the taxpayer.

(Emphasis added.)

9.  By letter dated October 28, 2004, the IRS represented to EduCap that "[a] list of contacted third parties can be made available to the organization on a period basis upon request." The IRS provided no limitation or exception to this representation that it would provide EduCap with the list of third party contacts made in the EduCap audit.

10.  As of August 18, 2005, the IRS had not provided EduCap with any record of any third parties contacted in connection with the EduCap audit. Accordingly, since August 2005 counsel for EduCap have sent weekly written requests that the IRS identify its third party contacts in the EduCap audit. As of the date of this Complaint, in the course of over two years EduCap has sent 112 requests for third party contacts on the dates listed in Appendix A. These requests were not submitted under the FOIA procedures but rather were made in the course of the audit pursuant to I.R.C. § 7602(c).

11.  In response to EduCap's 112 requests for third party contacts, the IRS has provided 16 letters listing 146 third party contacts, as shown in Appendix B. The IRS has also provided 15 letter responses stating that it had made no additional third party contacts since the time of its last response to EduCap's requests. Many of the 146 third party contacts appear to be duplicative. For example, on six occasions the IRS identified a contact with Douglas Dolton on November 11, 2005. *See* Appendix B. But it is not apparent on the face of the letters whether these entries reflect the same contact, multiple

3

contacts on a single day, contacts by different agents on a single day, or some other type of contact.

12. Of the 146 third party contacts listed by the IRS, 95 of them were identified with the single word "reprisal" without further explanation. *See* Appendix B.

13. Section 7602(c)(3) provides three limited exceptions to the IRS's duty to disclose third party contacts during an audit. Specifically, under I.R.C. § 7602(c)(3) the disclosure requirement does not apply:

> (A) to any contact which the taxpayer has authorized;
> 
> (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or ***such notice may involve reprisal against any person***; or
> 
> (C) with respect to any pending investigation.

(Emphasis added.)

14. By using the word "reprisal" in place of the third party contact's name in its responses to EduCap's requests, the IRS apparently sought to avail itself of the disclosure exception found in I.R.C. § 7602(c)(3)(B).

15. By letter dated May 22, 2006, counsel for EduCap informed the IRS that "EduCap has neither the ability nor desire to subject to reprisals any individuals with knowledge of EduCap and its operations." Without providing any explanation for its conduct, the IRS continued to insert the single word "reprisal" in place of the identities of third party contacts that it was obligated by statute to provide in response to EduCap's requests.

16. On information and belief, EduCap alleges that the IRS has no basis for asserting that "reprisal" might result from IRS third party contacts in the EduCap audit.

The IRS has provided no explanation of the basis for a "reprisal" claim apart from the single word response to EduCap's requests for third party contacts.

**II.     The IRS has unlawfully failed to disclose its third party contacts in response to EduCap's FOIA request.**

17.    Because the IRS had failed to comply with its affirmative disclosure obligations under I.R.C. § 7602(c), on June 1, 2007, counsel for EduCap submitted a FOIA request to the IRS seeking all documents relating to the IRS third party contacts in the EduCap audit, including the identities of all third parties contacted.

18.    By letter dated August 16, 2007, the IRS responded to EduCap's FOIA request by producing 63 pages of partially redacted materials.

19.    The 63 pages produced by the IRS included a 13-page printout labeled "THIRD PARTY DATABASE," which listed 38 IRS contacts with third parties in the EduCap audit. The IRS had partially redacted this 13-page list to remove the names of 22 of the 38 third party contacts.

20.    In its August 16, 2007 letter, the IRS switched grounds and asserted that it had redacted the 22 names pursuant to 5 U.S.C. § 552(b)(7)(F), which excludes from FOIA's disclosure provisions:

> (7) records or information compiled for law enforcement
>     purposes, but only to the extent that the production of
>     such law enforcement records or information
>
> *******
> (F) could reasonably be expected to ***endanger the
>     life or physical safety of any individual***.

(Emphasis added.)

21.    On September 19, 2007, counsel for EduCap appealed the redactions made by the IRS in its FOIA response and requested complete disclosure of the third party contacts made in the EduCap audit as required under I.R.C. § 7602(c). In its appeal,

5

EduCap emphasized that EduCap had no ability or desire to retaliate against any person in connection with the IRS audit – much less "endanger the life or physical safety of any individual," as required to permit nondisclosure under 5 U.S.C. § 552(b)(7)(F).

22.     By letter dated October 23, 2007, the IRS responded to EduCap's appeal by abandoning its reliance on the disclosure exception found in 5 U.S.C. § 552(b)(7)(F). The IRS informed EduCap that the redactions in its FOIA response failed to meet the disclosure exception under § 552(b)(7)(F) because "there is insufficient information in the file to establish that EduCap has a history of violence or has threatened witnesses."

23.     The IRS's October 23, 2007 letter further stated that the IRS would nevertheless continue to withhold the 22 redacted names pursuant to 5 U.S.C. § 552(b)(7)(D). Section 552(b)(7)(D) excludes from FOIA's disclosure requirements:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information
>
> *******
>
> (D) could reasonably be expected *to disclose the identity of a confidential source*, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis.

(Emphasis added.)

24.     The IRS's switch to § 552(b)(7)(D) constituted the IRS's third alternative rationale for failing to comply with its affirmative disclosure obligations I.R.C. § 7602(c) – having previously asserted and then abandoned both the "reprisal" and "life endangerment" rationales described above.

25.     Unlike FOIA (originally enacted in 1966), I.R.C. § 7602(c) (originally enacted in 1998) does not contain a statutory provision that exempts the IRS from disclosing third party contacts based on the potential disclosure of a confidential source.

6

The Treasury Regulations issued under § 7602(c) confirm that a third party contact's request that his name not be disclosed, standing alone, does not provide a sufficient basis for withholding that name from the taxpayer. Treas. Reg. § 301.7602-2(f)(3)(ii), *Example 1*.

26. Prior to its October 23, 2007 letter, the IRS had never asserted that any third party contacted in its audit of EduCap was a "confidential source." In making this assertion for the first time in its October 23, 2007 letter, the IRS provided no explanation as to its basis for asserting that disclosure of the 22 redacted names would disclose the identity of a confidential source.

### III. The IRS has unlawfully failed to identify a third party contact who plainly had no fear of reprisal and no expectation of confidentiality.

27. The IRS's belated assertion that ordinary third party contacts made in the usual course of conducting a tax audit of EduCap were somehow "confidential informants" is self-evidently an afterthought.

28. By way of example, on March 13, 2007, an IRS agent contacted a third party witness in connection with its EduCap audit. As part of the IRS agent's introduction, the IRS agent explained to the witness that if the witness claimed reprisal the IRS would not be required to disclose that the witness had spoken with the IRS in connection its investigation.

29. The witness told the IRS that she did not have any concern about disclosing her name or their conversation to EduCap. Indeed, the day after the telephone conversation the witness informed EduCap that she had been contacted by the IRS.

30. The IRS has never disclosed its March 13, 2007 contact to EduCap. The March 13, 2007 contact is either one of the 22 contacts redacted by the IRS or not included on the list of contacts previously provided to EduCap.

31. The facts above demonstrate that withholding the March 13, 2007 contact from EduCap was baseless and illegal under I.R.C. § 7602(c).

32. These circumstances, particularly when viewed in light of the IRS's triple switch in the purported rationale for withholding information, establish that the IRS has unlawfully failed to comply with I.R.C. § 7602(c) because the IRS has unlawfully failed to fully disclose all of its third party contacts in connection with the EduCap audit.

33. To provide the Court and EduCap a basis for evaluating the IRS's claim that it may withhold the names of third party contacts, the IRS must produce an index identifying the following information for each undisclosed contact:

    (a) The date of the third party conduct;

    (b) The name of the agent making the third party contact;

    (c) The means by which such third party contact was made (*e.g.*, in person meeting, telephone conversation);

    (d) The duration of the third party contact;

    (e) The relationship of the third party to EduCap;

    (f) The type of information sought by the IRS from the third party;

    (g) The specific factual basis for the IRS's assertion that it was entitled to withhold the name of the contact and information obtained from the contact;

    (h) Any notes or other documents related to the third party contact, including any documents memorializing any information provided by the third party to the IRS (from which the identity of the third party may be preliminarily redacted awaiting a ruling on this Complaint).

IV.  **The IRS must produce all documents responsive to EduCap's FOIA request.**

34.  In its August 16, 2007 response to EduCap's FOIA request, the IRS stated that it had located 70 pages of documents responsive to EduCap's request for all documents related to the IRS's third party contacts. But contrary to this statement, the IRS produced only 63 pages of documents with its August 16, 2007 response.

35.  EduCap raised this discrepancy in its appeal of the IRS's FOIA response. In denying that appeal, the IRS represented that it had "miscounted" and that there were only 63 documents responsive to EduCap's FOIA request.

36.  In the 63 pages produced by the IRS, there were only 24 pages of materials consisting of notes or other memoranda memorializing information provided to the IRS in the course of its third party contacts in the EduCap audit.

37.  The 24 pages of notes related to only 6 of the at least 38 third party contacts apparently made by the IRS in the course of its audit of EduCap. None of the notes related to the IRS's conversations with third party contacts whose names the IRS has redacted and withheld from EduCap.

38.  Given the small amount of notes produced relative to the extensive number of third party contacts made by the IRS, and given that the IRS has not produced any notes related to the third party contacts whose names have not been disclosed, there is good cause to believe that the IRS has not fully produced all materials related to its third party contacts made in the EduCap audit.

WHEREFORE, plaintiff prays that this Court:

    (a) Order defendant IRS to identify every third party contact made by it in connection with its audit of EduCap;

9

(b) Order defendant IRS to produce complete and unredacted copies of all materials related to such third party contacts, including all materials requested in EduCap's June 1, 2007 FOIA request;

(c) Award EduCap its costs and reasonable attorneys' fees in this action; and

(d) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 20, 2007

/s/ Kenneth W. Gideon

Kenneth W. Gideon (D.C. Bar No. 379488)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Counsel for EduCap*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

EduCap Inc.

## DEFENDANTS

Internal Revenue Service

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave. NW, Washington, D.C. 20005
(202) 371-7000

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. section 552, I.R.C. section 7602 -- compelling disclosure of agency records that have been unlawfully withheld by the Internal Revenue Service.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE Nov. 20, 2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**Certificate of Service**

I, Kenneth W. Gideon, hereby certify that on November 20, 2007, consistent with the Federal Rules of Civil Procedure, Rules of the United States District Court for the District of Columbia, and Treas. Reg. § 601.702(c)(13), the foregoing complaint, with accompanying documents, was served via certified mail to the following:

>   Commissioner of Internal Revenue
>   Attention: CC:PA 1111 Constitution Avenue, N.W.
>   Washington, D.C. 20224
>
>   Jeffrey A. Taylor
>   United States Attorney for the District of Columbia
>   United States Attorney's Office
>   555 4th Street, NW
>   Washington, DC 20530
>
>   Michael B. Mukasey
>   United States Attorney General
>   U.S. Department of Justice
>   950 Pennsylvania Avenue, NW
>   Washington, DC 20530-0001

                                   _____
                                   Kenneth W. Gideon

Dated: November 20, 2007

**Appendix A**

**Dates of Letters to IRS Requesting Third Party Contacts**

| | | |
|---|---|---|
| 08.18.05 | 06.16.06 | 03.09.07 |
| 08.26.05 | 06.23.06 | 03.16.07 |
| 09.02.05 | 06.30.06 | 03.23.07 |
| 09.09.05 | 07.07.06 | 03.30.07 |
| 09.19.05 | 07.14.06 | 04.06.07 |
| 09.23.05 | 07.21.06 | 04.13.07 |
| 10.03.05 | 08.04.06 | 04.20.07 |
| 10.07.05 | 08.11.06 | 04.27.07 |
| 10.14.05 | 08.18.06 | 05.04.07 |
| 10.21.05 | 08.25.06 | 05.11.07 |
| 10.28.05 | 09.01.06 | 05.18.07 |
| 11.04.05 | 09.08.06 | 05.25.07 |
| 11.11.05 | 09.15.06 | 06.01.07 |
| 11.18.05 | 09.22.06 | 06.08.07 |
| 12.02.05 | 09.29.06 | 06.15.07 |
| 01.13.06 | 10.06.06 | 06.22.07 |
| 01.20.06 | 10.13.06 | 06.29.07 |
| 01.27.06 | 10.20.06 | 07.06.07 |
| 02.03.06 | 10.27.06 | 07.13.07 |
| 02.10.06 | 11.03.06 | 07.20.07 |
| 02.17.06 | 11.10.06 | 07.27.07 |
| 02.24.06 | 11.17.06 | 08.03.07 |
| 03.03.06 | 11.27.06 | 08.10.07 |
| 03.10.06 | 12.01.06 | 08.17.07 |
| 03.17.06 | 12.08.06 | 08.24.07 |
| 03.24.06 | 12.15.06 | 08.31.07 |
| 03.31.06 | 12.22.06 | 09.07.07 |
| 04.07.06 | 12.29.06 | 09.14.07 |
| 04.14.06 | 01.05.07 | 09.21.07 |
| 04.21.06 | 01.12.07 | 09.28.07 |
| 04.28.06 | 01.19.07 | 10.05.07 |
| 05.05.06 | 01.26.07 | 10.12.07 |
| 05.12.06 | 02.02.07 | 10.19.07 |
| 05.19.06 | 02.09.07 | 10.26.07 |
| 05.26.06 | 02.16.07 | 11.02.07 |
| 06.02.06 | 02.23.07 | 11.09.07 |
| 06.09.06 | 02.02.07 | 11.12.07 |
| | | 11.16.07 |

**Total: 112**

# Appendix B

# IRS Responses to Requests for Third Party Contacts

| Date of IRS Letter | Contact Names | Date Contacted by IRS |
| --- | --- | --- |
| 08.23.05 | Reprisal | 08.18.05 |
| 08.23.05 | Reprisal | 08.17.05 |
| 08.23.05 | Reprisal | 08.16.05 |
| 08.23.05 | Donald Kummerfeld | 08.12.05 |
| 11.15.05 | Reprisal | 08.18.05 |
| 11.15.05 | Reprisal | 08.17.05 |
| 11.15.05 | Reprisal | 08.16.05 |
| 12.13.05 | Reprisal | 12.06.05 |
| 12.13.05 | Reprisal | 12.02.05 |
| 12.13.05 | Douglas Dolton | 11.30.05 |
| 12.13.05 | Reprisal | 11.29.05 |
| 12.13.05 | Reprisal | 11.29.05 |
| 12.13.05 | Reprisal | 11.28.05 |
| 12.19.05 | Reprisal | 12.06.05 |
| 12.19.05 | Reprisal | 12.02.05 |
| 12.19.05 | Douglas Dolton | 11.30.05 |
| 12.19.05 | Reprisal | 11.29.05 |
| 12.19.05 | Reprisal | 11.29.05 |
| 12.19.05 | Reprisal | 11.28.05 |
| 01.04.06 | Reprisal | 12.06.05 |
| 01.04.06 | Reprisal | 12.02.05 |
| 01.04.06 | Douglas Dolton | 11.30.05 |
| 01.04.06 | Reprisal | 11.29.05 |
| 01.04.06 | Reprisal | 11.29.05 |
| 01.04.06 | Reprisal | 11.28.05 |
| 01.09.06 | Reprisal | 12.06.05 |
| 01.09.06 | Reprisal | 12.02.05 |
| 01.09.06 | Douglas Dolton | 11.30.05 |
| 01.09.06 | Reprisal | 11.29.05 |
| 01.09.06 | Reprisal | 11.29.05 |
| 01.09.06 | Reprisal | 11.28.05 |
| 01.27.06 | Reprisal | 12.06.05 |
| 01.27.06 | Reprisal | 12.02.05 |
| 01.27.06 | Douglas Dolton | 11.30.05 |
| 01.27.06 | Reprisal | 11.29.05 |
| 01.27.06 | Reprisal | 11.29.05 |
| 01.27.06 | Reprisal | 11.28.05 |
| 02.03.06 | Reprisal | 12.06.05 |

| Date of IRS Letter | Contact Names | Date Contacted by IRS | |
|---|---|---|---|
| 02.03.06 | Reprisal | 12.02.05 | |
| 02.03.06 | Douglas Dolton | 11.30.05 | |
| 02.03.06 | Reprisal | 11.29.05 | |
| 02.03.06 | Reprisal | 11.29.05 | |
| 02.03.06 | Reprisal | 11.28.05 | |
| | | | |
| 03.13.06 | Wells Fargo Tax Dept. | 02.15.06 | |
| 03.13.06 | Wells Fargo Tax Dept. | 02.15.06 | |
| | | | |
| 04.17.06 | Wells Fargo Tax Dept. | 02.15.06 | |
| 04.17.06 | Wells Fargo Tax Dept. | 02.15.06 | |
| 04.17.06 | Douglas Dolton | 04.04.06 | |
| 04.17.06 | Holton Arms School | 04.04.06 | |
| 04.17.06 | Reprisal | 04.04.06 | |
| 04.17.06 | Reprisal | 04.11.06 | |
| | | | |
| 06.12.06 | Gulf Stream | 05.16.06 | |
| 06.12.06 | Gulf Stream | 05.17.06 | |
| 06.12.06 | Gulf Stream | 05.22.06 | |
| | | | |
| 02.05.07 | Reprisal | 12.18.06 | |
| 02.05.07 | Reprisal | 01.09.07 | |
| 02.05.07 | Wells Fargo | 01.10.07 | |
| | | | |
| 04.25.07 | Reprisal | 12.18.06 | |
| 04.25.07 | Reprisal | 01.09.07 | |
| 04.25.07 | Wells Fargo | 01.10.07 | |
| 04.25.07 | Reprisal | 03.08.0 | (typo-likely 03.08.07) |
| 04.25.07 | Michael Smith | 03.07.07 | |
| | | | |
| 05.15.07 | Reprisal | 12.18.06 | |
| 05.15.07 | Reprisal | 01.09.07 | |
| 05.15.07 | Wells Fargo | 01.10.07 | |
| 05.15.07 | Reprisal | 03.08.0 | (typo-likely 03.08.07) |
| 05.15.07 | Michael Smith | 03.07.07 | |
| | | | |
| 06.25.07 | John Schmol | 05.23.07 | |
| 06.25.07 | Reprisal | 05.23.07 | |
| 06.25.07 | Reprisal | 05.23.07 | |
| 06.25.07 | Reprisal | 05.23.07 | |
| 06.25.07 | Reprisal | 05.23.07 | |
| 06.25.07 | Reprisal | 05.23.07 | |
| 06.25.07 | Reprisal | 03.08.07 | |
| 06.25.07 | Reprisal | 03.07.07 | |
| 06.25.07 | Reprisal | 01.09.07 | |
| 06.25.07 | Wells Fargo | 01.01.07 | (typo-likely 01.10.07) |
| 06.25.07 | Reprisal | 12.18.06 | |
| 06.25.07 | Wells Fargo | 12.13.06 | |
| 06.25.07 | Wells Fargo | 12.08.06 | |
| 06.25.07 | Reprisal | 09.20.06 | |
| 06.25.07 | Douglas Dolton | 09.14.06 | |

| Date of IRS Letter | Contact Names | Date Contacted by IRS |
|---|---|---|
| 06.25.07 | Reprisal | 08.29.06 |
| 06.25.07 | Randell Bertsch | 08.09.06 |
| 06.25.07 | Reprisal | 07.25.06 |
| 06.25.07 | Reprisal | 07.25.06 |
| 06.25.07 | Gulfstream | 05.22.06 |
| 06.25.07 | Gulfstream | 05.17.06 |
| 06.25.07 | Gulfstream | 05.16.06 |
| 06.25.07 | Reprisal | 04.11.06 |
| 06.25.07 | Reprisal | 04.06.06 |
| 06.25.07 | Douglas Dolton | 04.04.06 |
| 06.25.07 | Holton Arms School | 04.04.06 |
| 06.25.07 | Wells Fargo Tax Dept. | 02.15.06 |
| 06.25.07 | Wells Fargo Tax Dept. | 02.15.06 |
| 06.25.07 | Reprisal | 12.06.05 |
| 06.25.07 | Reprisal | 12.02.05 |
| 06.25.07 | Douglas Dolton | 11.30.05 |
| 06.25.07 | Reprisal | 11.29.05 |
| 06.25.07 | Reprisal | 11.29.05 |
| 06.25.07 | Reprisal | 11.28.05 |
| 06.25.07 | Reprisal | 11.28.05 |
| 06.25.07 | Reprisal | 08.18.05 |
| 06.25.07 | Reprisal | 08.17.05 |
| 06.25.07 | Reprisal | 08.16.05 |
| 06.25.07 | Donald Kummerfeld | 08.12.05 |
| | | |
| 08.20.07 | Reprisal | 08.08.07 |
| 08.20.07 | Reprisal | 07.31.07 |
| 08.20.07 | John Schmol | 05.23.07 |
| 08.20.07 | Reprisal | 05.23.07 |
| 08.20.07 | Reprisal | 05.23.07 |
| 08.20.07 | Reprisal | 05.23.07 |
| 08.20.07 | Reprisal | 05.23.07 |
| 08.20.07 | Reprisal | 05.23.07 |
| 08.20.07 | Reprisal | 03.08.07 |
| 08.20.07 | Michael Smith | 03.07.07 |
| 08.20.07 | Reprisal | 01.09.07 |
| 08.20.07 | Wells Fargo | 01.01.07  (typo-likely 01.10.07) |
| 08.20.07 | Reprisal | 12.18.06 |
| 08.20.07 | Wells Fargo | 12.13.06 |
| 08.20.07 | Wells Fargo | 12.08.06 |
| 08.20.07 | Reprisal | 09.20.06 |
| 08.20.07 | Douglas Dolton | 09.14.06 |
| 08.20.07 | Reprisal | 08.29.06 |
| 08.20.07 | Randall Bertsch | 08.09.06 |
| 08.20.07 | Reprisal | 07.25.06 |
| 08.20.07 | Reprisal | 07.25.06 |
| 08.20.07 | Gulfstream | 05.22.06 |
| 08.20.07 | Gulfstream | 05.17.06 |
| 08.20.07 | Gulfstream | 05.16.06 |
| 08.20.07 | Reprisal | 04.11.06 |
| 08.20.07 | Reprisal | 04.06.06 |

| Date of IRS Letter | Contact Names | Date Contacted by IRS |
|---|---|---|
| 08.20.07 | Douglas Dolton | 04.04.06 |
| 08.20.07 | Holton Arms School | 04.04.06 |
| 08.20.07 | Wells Fargo Tax Dept. | 02.15.06 |
| 08.20.07 | Wells Fargo Tax Dept. | 02.15.06 |
| 08.20.07 | Reprisal | 12.06.05 |
| 08.20.07 | Reprisal | 12.02.05 |
| 08.20.07 | Douglas Dolton | 11.30.05 |
| 08.20.07 | Reprisal | 11.29.05 |
| 08.20.07 | Reprisal | 11.29.05 |
| 08.20.07 | Reprisal | 11.28.05 |
| 08.20.07 | Reprisal | 08.18.05 |
| 08.20.07 | Reprisal | 08.17.05 |
| 08.20.07 | Reprisal | 08.16.05 |
| 08.20.07 | Donald Kummerfeld | 08.12.05 |