**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

```
EDUCAP, INC.,                        )
                                     )
        Plaintiff,                   )
                                     )
   v.                                )   NO. 1:07-cv-02106 RMC
                                     )
INTERNAL REVENUE SERVICE             )
1111 Constitution Avenue, N.W.       )
Washington, DC 20224,                )
                                     )
        Defendant.                   )
```

**ANSWER**

DEFENDANT, the Internal Revenue Service, by and through its attorneys, answers and responds to the plaintiff's complaint as follows:

FIRST DEFENSE

The court lacks jurisdiction to adjudicate plaintiff's veiled assertions that the Internal Revenue Service did not adequately search its records in response to plaintiff's Freedom of Information (FOIA) request because plaintiff failed to exhaust its administrative remedies as to this issue.

SECOND DEFENSE

De novo is the only standard of review applicable to this suit pursuant to the FOIA.

THIRD DEFENSE

The Internal Revenue Service properly withheld documents, partially and/or in their entirety, pursuant to 5 U.S.C. §

552(b)(3) in conjunction with 26 U.S.C. §§ 7602(c)(3)(B), 6103(e)(7).

### FOURTH DEFENSE

The Internal Revenue Service properly withheld documents, partially and/or in their entirety, pursuant to 5 U.S.C. §§ 552(b)(5).

### FIFTH DEFENSE

The Internal Revenue Service properly withheld documents, partially and/or in their entirety, pursuant to 5 U.S.C. §§ 552(b)(7)(A), (7)(C).

### SIXTH DEFENSE

The Internal Revenue Service may withhold any responsive records or portions thereof that are exempt from disclosure pursuant to the exemptions contained in subsection (b) of the FOIA, 5 U.S.C. § 552.

### SEVENTH DEFENSE

Plaintiff is not entitled to any relief beyond that provided under the FOIA.

### EIGHTH DEFENSE

Plaintiff has failed to state a claim against the Internal Revenue Service under the FOIA, 5 U.S.C. § 552, and under 26 U.S.C. § 7602(c), upon which relief can be granted.

### NINTH DEFENSE

The court lacks jurisdiction, under 28 U.S.C. § 2201-2202, over all the counts contained in the complaint.

TENTH DEFENSE

Plaintiff is not entitled to reasonable attorneys' fees or costs.

ELEVENTH DEFENSE

FOR ITS FURTHER DEFENSE, the Internal Revenue Service responds to the numbered paragraphs of plaintiff's complaint as follows:

1. The Internal Revenue Service denies the allegation that it has failed to fully disclose the names of third parties it had conducted during its audit of the plaintiff. The Internal Revenue Service it is without sufficient information or knowledge to admit or deny the first part of the second sentence in ¶ 1; it admits the second part of this sentence: that the plaintiff filed a request for records under the FOIA seeking disclosure of the third party contacts made during the plaintiff's audit. The Internal Revenue Service is without sufficient information or knowledge to admit or deny that it continues to withhold the names of at least 22 third party contacts, and admits the remaining allegations in ¶ 1.

2. The Internal Revenue Service admits that, to the extent jurisdiction exists, it exists under 5 U.S.C. § 552(a)(4)(B); it denies the remaining allegations contained in ¶ 2.

3. The Internal Revenue Service admits the allegation in ¶ 3.

4.   The Internal Revenue Service admits the allegations contained in ¶ 4.

5.   The Internal Revenue Service admits the allegation contained in ¶ 5 that it is an agency of the United States; it is without sufficient information or knowledge to admit or deny the remainder of the allegation.

6.   The Internal Revenue Service admits the allegation contained in ¶ 6.

7.   The Internal Revenue Service admits the allegations contained in ¶ 7.

8.   The Internal Revenue Service admits the allegations contained in the first sentence in ¶ 8.  The Internal Revenue Service admits it made third party contacts in the course of its audit as alleged in the first part of the second sentence.  The Internal Revenue Service admits the second part of the second sentence, and avers that it provided plaintiffs with the contact information as 26 U.S.C. § 7602(c)(2) and 26 C.F.R. § 301.7602-2(a) require.

9.   The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations contained in ¶ 9.

10.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations contained in ¶ 10, except for the allegation contained in the

first and last sentence, which it admits.

    11.   The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations contained in ¶ 11.

    12.   The Internal Revenue Service denies the allegations contained in ¶ 12.

    13.   The Internal Revenue Service admits the allegations contained in ¶ 13.

    14.   The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations contained in ¶ 14.

    15.   The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations contained in ¶ 15.

    16.   The Internal Revenue Service denies the allegations contained in the first sentence in ¶ 16, and admits the allegations contained in the second sentence in ¶ 16.

    17.   The Internal Revenue Service denies the allegation in ¶ 17 that the Service "had failed to comply with its affirmative disclosure obligations under I.R.C. § 7602(c)," and admits the remainder of the allegations contained in ¶ 17.

    18.   The Internal Revenue Service admits the allegation contained in ¶ 18.

    19.   The Internal Revenue Service admits that it released 63

pages to the plaintiff.  Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegation contained in ¶ 19 that it redacted the names of 22 individuals; it admits that it redacted some of the 63 pages.

20.  The Internal Revenue Service admits the allegations contained in ¶ 20, except that it denies the allegation that the Internal Revenue Service redacted the names of 22 individuals.

21.  The Internal Revenue Service admits the allegations contained in the first sentence of ¶ 21; it denies the allegation that EduCap emphasized in its appeal letter dated September 19, 2007 that it had "no ability or desire to retaliate against any person in connection with the IRS audit ...," and avers that plaintiff stated in its appeal letter that there was no evidence that EduCap ever retaliated against any person the Internal Revenue Service contacted during its audit.

22.  The Internal Revenue Service admits the allegations contained in ¶ 22.

23.  The Internal Revenue Service admits the allegations contained in ¶ 23, except it is without sufficient information or knowledge to admit or deny the allegation that the information the Internal Revenue Service redacted consists only of the names of 22 individuals it contacted during its audit of the plaintiff.

24.  The Internal Revenue Service denies the allegations contained in ¶ 24.

25.  The Internal Revenue Service admits the allegations contained in ¶ 25.

26.  The Internal Revenue Service admits the allegations contained in the first sentence in ¶ 26; it is without sufficient information or knowledge to admit or deny the remaining allegations in ¶ 26.

27.  The Internal Revenue Service denies the allegations contained in the first sentence in ¶ 27, and denies that the Internal Revenue Service's assertion "is self-evidently an afterthought."

28.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations in the remainder of ¶ 28.

29.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the remaining allegations in ¶ 29.

30.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the remaining allegations in ¶ 30.

31.  The Internal Revenue Service denies the allegations contained in ¶ 31.

32.  The Internal Revenue Service denies the allegations contained in ¶ 32.

33.  The Internal Revenue Service denies that it must

produce an index, and it is without sufficient information or knowledge to admit or deny the remaining allegations in ¶ 33.

34.  The Internal Revenue Service admits the allegations contained in ¶ 34, and avers that it subsequently informed plaintiff that the correct number of pages the Internal Revenue Service located at that time was 63 and not 70.

35.  The Internal Revenue Service admits the allegations contained in ¶ 35.

36.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations in ¶ 37.

37.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations in ¶ 37.

38.  The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegations in ¶ 38.

/
/
/

WHEREFORE, having fully responded to plaintiff's complaint, the Internal Revenue Service prays that this Court dismiss the complaint with prejudice, grant the Internal Revenue Service its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

Date:   February 7, 2008

                                 */s/ Carmen M. Banerjee*
                                 CARMEN M. BANERJEE
                                 D.C. Bar No. 497678
                                 Trial Attorney, Tax Division
                                 U.S. Department of Justice
                                 P.O. Box 227
                                 Washington, D.C. 20044
                                 Telephone:  (202) 307-6423
                                 carmen.m.banerjee@usdoj.gov


                                 Counsel for defendant
                                 INTERNAL REVENUE SERVICE

Of Counsel:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing ANSWER, was caused to be served upon plaintiff's counsel on the 8th day of February, 2008, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE