## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDUCAP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:07-cv-02106 RMC |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| 1111 Constitution Avenue, N.W. | ) | |
| Washington, DC 20224, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ERRATA</u>

On May 15, 2008, defendant Internal Revenue Service , by and through its attorney, filed defendant's motion for summary judgment, memorandum and points of authorities in support thereof, a proposed order, several declarations, and the Service's statement of material facts to which it contends there is no genuine issue in dispute pursuant to LCvR 7(h).  Upon further review of the motion and the above accompanying documents, defendant's attorney discovered that: (1) the statement of material facts to which it contends there is no genuine issue in dispute pursuant to LCvR 7(h) was inadvertently filed as a separate document described as an Affidavit (Docket 11), with the declarations of Valdine Young, Carmen M. Banerjee, Maureen Hardy, Adrienne Mikolasheck, and Bruce Philipson, and a proposed order filed as

attachments to it; and (2) Exhibit A to the Declaration of Valdine Young was inadvertently omitted from her declaration.

Attached to this errata are: (1) the statement of material facts to which the Service contends there is no genuine issue in dispute pursuant to LCvR 7(h); (2) the above mentioned declarations, proposed order and the omitted Exhibit A to the Valdine Young Declaration.

Respectfully submitted

*/S/ Carmen M. Banerjee*

CARMEN M. BANERJEE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423
Carmen.M.Banerjee@usdoj.gov

Counsel for defendant
INTERNAL REVENUE SERVICE

Of Counsel:

JEFFREY A. TAYLOR
United States Attorney

3285580.1

3285580.1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDUCAP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:07-cv-02106 RMC |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | Declaration of |
| | ) | Adrienne M. Mikolashek |
| Defendant. | ) | |

I, Adrienne M. Mikolashek, pursuant to the provisions of 28 U.S.C. § 1746(2),

declare as follows:

1.      I am an attorney in the Internal Revenue Service's (the "Service"), Office

of Chief Counsel, Procedure & Administration, Branch 6, and, since December 17,

2007, have been assigned to the above-captioned case. I have been employed as an

attorney in Procedure & Administration since January 2006. My duties include assisting

the Department of Justice in defending the Service in litigation arising under the

Freedom of Information Act (FOIA). My position and its duties require me to know the

types of documents created and maintained by the various divisions and functions of

the Service and an understanding of the provisions of the FOIA, which exempt certain

documents from disclosure in response to a request.

2.      This lawsuit involves a FOIA request dated June 1, 2007, which was

submitted on plaintiff's behalf by its counsel, Kenneth Gideon of Skadden Arps, Slate,

Meagher & Flom, LLP.

1     3.     The FOIA request sought copies of documents from the Service's

2  administrative file relating to "contacts by the IRS of parties other than EduCap, Inc,"

3  and referenced Patricia J. Bruce, TEP Team Coordinator, and Maureen E. Hardy, EO

4  Third Party Contact Coordinator, as individuals most familiar with the requested

5  information. See a copy of the request attached as Exhibit A to the Young Declaration.

6     4.     More specifically, plaintiff sought the following documents from the

7  administrative file:

8          a.     The identity of all such parties contacted by the IRS in connection

9  with the audit of EduCap and the dates of such contacts;

10          b.     All notes, recordings, transcripts, summaries or any other

11  documents that reflect or consist of testimony or oral statements to the IRS by persons

12  the IRS identifies pursuant to paragraph 1 above other than Catherine Reynolds,

13  Wayne Reynolds, Matthew Murray or Paula Darling; and

14          c.     Any documents or other written or electronic materials provided to

15  the IRS by person the IRS identifies pursuant to paragraph 1 above other than

16  Catherine Reynolds, Wayne Reynolds, Matthew Murray, Paula Darling or EduCap.

17     5.     On August 16, 2007, the Service's Disclosure Office in Atlanta, Georgia

18  informed plaintiff's counsel by letter that it had located 70 pages and that information

19  has been redacted from 26 of the 70 pages. The Disclosure Office asserted that the

20  information withheld was exempt from disclosure under 5 U.S.C. §§ 552(b)(7)(F)

21  (disclosure could reasonably be expected to endanger the life on physical safety of any

22  individual) and (b)(3) in conjunction with 26 U.S.C. § 6103 (the information is third party

23  return information which cannot be disclosed).

2

1      6.    Plaintiff timely appealed the August 17, 2007 decision of the Service's

2    Disclosure Office to withhold portions of the pages provided to plaintiff.

3      7.    The Service's Office of Appeals reviewed the material at issue and agreed

4    that the material withheld pursuant to 5 U.S.C. § 552(b)(7)(F) was not appropriate.

5    Nonetheless the Office of Appeals concluded that the information should continue to be

6    withheld, but asserted exemption 5 U.S.C. § 552(b)(7)(D) (protects the disclosure of

7    information which could disclose the identity of a confidential informant) as the new

8    basis for the withholding.  Plaintiff has appealed this decision as part of this lawsuit.

9      8.    After reading the complaint and the administrative files of the Disclosure

10    Office and the Office of Appeals and talking to IRS personnel involved in the audit, I

11    coordinated an additional search to collect documents the Disclosure Office had

12    determined were not responsive.

13      9    On or about January 4, 2008, I contacted Revenue Agent Patricia Bruce.

14    According my review of the Disclosure Specialist's case history notes, Ms. Bruce had

15    conducted a search of her files for responsive documents and had provided those to the

16    Disclosure Specialist.  I discussed the examination and what documents she might have

17    that would be responsive to plaintiff's FOIA request.  Ms. Bruce informed me that she

18    had interview notes and materials provided by one of the third party contacts.  She also

19    explained to me that several of the third parties had expressed a fear of reprisal and

20    that their names were being withheld under I.R.C. § 7602(c)(3)(B).  I asked Ms. Bruce to

21    conduct a search of her paper and electronic files for responsive documents and asked

22    that she direct the revenue agents working on the team to do the same.

3

1    10.    On or about January 4, 2008, I spoke to Maureen Hardy, a Third Party

2    Contact Coordinator for TE/GE, Exempt Organizations. Ms. Hardy was familiar with

3    plaintiff's FOIA request as she had been contacted by the disclosure specialist who

4    processed plaintiff's request. Ms. Hardy's role as a third party contact coordinator

5    means that she inputs data from the Forms 12175 she receives from the field to

6    populate the data fields in IDRS regarding third party contacts. She told me that the

7    IDRS list of third party contacts is what is used to respond to requests from taxpayers

8    under I.R.C. § 7602(c).

9    11.    I asked Ms. Hardy to search her records for any documents other than the

10    IDRS list that was previously provided to plaintiff that would be responsive to plaintiff's

11    FOIA request.

12    12.    On or about January 8, 2008, I spoke with Valdine Young, a disclosure

13    specialist in the Service's Atlanta Disclosure office. Ms. Young coordinated the initial

14    search on the Service's behalf in response to plaintiff's June 1, 2007 FOIA request. I

15    spoke to Ms. Young about where she searched and what she obtained. Ms. Young also

16    provided me with copies of the documents she withheld in part.

17    13    I received 920 pages consisting of interview notes from third party

18    contacts and material supplied to the Service by a third party contact from Ms. Bruce.

19    Ms. Hardy located 12175 forms completed during this audit, which will be released

20    (946-986).

21    14.    As part of my duties in connection with this case, I reviewed all of the

22    documents located and responsive to plaintiff's request. In the following paragraphs, I

23    have categorized the documents at issue in this lawsuit, indicated the pages falling into

4

1    each category, cited each FOIA exemption claimed, and stated the rationale the Service

2    relies on for withholding the documents in whole or in part.

3        15.    I am familiar with the segregation requirement of subsection (b) of the

4    FOIA for any nonexempt information contained in responsive agency records. I have

5    reviewed all documents at issue in this litigation and I have attempted to make every

6    reasonably segregable non-exempt portion of every responsive document available to

7    the plaintiff. The Service has withheld in their entirety only those documents that fall

8    within a FOIA exemption, or those documents wherein the portions exempt from

9    disclosure under the FOIA are so inextricably intertwined with nonexempt material as to

10   be non-segregable.

11       16.    The Service located 986 pages of material responsive to plaintiff's FOIA

12   request, which are the subject of this litigation. The Service has decided to re-release

13   23 pages (pages 1-17, and 20-25) that were previously redacted and 2 pages (pages

14   18-19) with revised redactions. The Service has also released 40 pages (pages 26, 28-

15   29, and 32 -68) in full and 3 pages (pages 27 and 30-31) in part. The remaining 877

16   pages are being withheld in their entirety. The bases for the Service's withholdings are

17   set forth below.

18       17.    The Service, under the Direction of the Commissioner, has the duty to

19   administer and enforce the internal revenue laws (Title 26 of the U.S. Code) or related

20   statutes (Titles 18 and 31 of the U.S. Code) pursuant to 26 U.S.C. § 7803. These

21   documents were created during, and in conjunction with, the IRS's law enforcement

22   efforts to enforce the internal revenue laws or related statutes of the United States.

5

1     18.    Plaintiff's FOIA request focuses on third party contacts made by revenue

2    agents in connection with establishing plaintiff's correct tax liability. The documents

3    being withheld consist primarily of two types of documents. The first are handwritten

4    and typed notes of statements made by third parties during an interview about plaintiff.

5    The second are materials supplied to the Service by the third parties interviewed.

6    Interview Notes

7     19.    The Service has withheld in full 214 pages (pages 69-282) and released in

8    part three pages (pages 27 and 30-31) consisting of revenue agent notes taken during

9    interviews of third party contacts and contacts these individuals made to the revenue

10    agents. The interview notes consist of the names of the individuals, their contact

11    information, and the revenue agent's handwritten and typed notes of the conversation.

12    All of these notes are part of the materials the revenue agents rely during on-going

13    investigation to determine plaintiff's correct tax liability. At the beginning of the

14    interview, the revenue agent informed the individuals of their right to have their name

15    withheld if they feared that releasing their identity to plaintiff could result in physical,

16    economic, emotional or other harm. Nineteen individuals affirmatively stated they

17    wanted their identities withheld. Additionally, one individual, who did not object to his

18    identity being released, nonetheless asked the revenue agent to not disclose the nature

19    of statements made by him. The Service asserts that these documents are exempt

20    from disclosure for the following reasons:

21       (a)    Exemption (b)(3) in conjunction with I.R.C. § 7602(c)(3)(B). The

22    Service asserts that pages 69 through 85 and 136 through 282 of the interview notes of

23    the individuals fearing harm described in paragraph 19 are exempt from disclosure

6

1   under FOIA exemption (b)(3) in conjunction with I.R.C. § 7602(c)(3)(B). Because the

2   third parties have expressed a fear of reprisal and asked that their identities not be

3   released, the release of their statements in this case would be tantamount to releasing

4   their names. The third parties with whom the revenue agents spoke all had personal

5   knowledge of plaintiff's operations, many of them as former employees. Some of these

6   individuals still work in the same industry and are aware of the influence of plaintiff and

7   its managers. Each document contains sufficient unique information and knowledge of

8   the interviewee about plaintiff that even releasing the notes without the name would

9   allow plaintiff to more accurately surmise the identity of the individual. Section 7602(c)

10   provides that the Service may not contact a third party without giving the taxpayer

11   advanced notice. However, section 7602(c)(3)(B) provides an exception to this general

12   rule, stating that advance notice is not required where such notice might result in

13   reprisal. Treasury Regulation § 301.7602-2(f) provides that once a person states that

14   they fear harm should their identity be released, a revenue agent need not inquire

15   further into the basis for the person's stated belief.

16          (b)    Exemption (b)(7)(A). The Service asserts that all of the documents

17   described in paragraph 19, relate to the agency's law enforcement activities and are

18   therefore exempt under FOIA exemption (b)(7)(A). There is an on-going administrative

19   audit regarding plaintiff and the third party contacts were made during the course of the

20   audit. The release of the withheld information would not only interfere with the

21   collection of information, but could cause other potential witnesses to be unwilling to talk

22   to the revenue agents knowing that their identity may be revealed despite having

23   expressed fear of a reprisal. This result would hamper the revenue agents' ability to

1    collect further information to allow them to correctly determine plaintiff's tax liability and

2    thereby enforce the Federal tax laws.

3          (c)    Exemption (b)(3) in conjunction with I.R.C. § 6103(e)(7). The IRS

4    asserts that the pages described in paragraph 19 are exempt from release to plaintiff

5    under FOIA exemption (b)(3) in conjunction with I.R.C. § 6103(e)(7), as the release of

6    this information would constitute a "serious impairment to federal tax administration."

7    The interview notes were created by the revenue agents in connection with determining

8    plaintiff's liability under the tax laws. The individual who provided information to the

9    revenue agents did so only after expressing a desire for his or her name to remain

10   confidential, which also implies that the information provided will also remain

11   confidential. Releasing this information creates a chilling effect and jeopardizes the

12   availability of important sources of information from cooperating with the Service. The

13   Service's investigation of plaintiff is on-going and release of this information would

14   impair the investigation and impede the Service's ability to properly enforce the Internal

15   Revenue laws and further hamper the Service's ability to collect any taxes owed.

16         (d)    Exemption (b)(6) and (b)(7)(C). The Service claims the documents

17   described in paragraph 19 are exempt from disclosure under FOIA exemption (b)(7)(C)

18   as the release of the information would be an unreasonable invasion of the individual's

19   privacy. Third party witnesses have voluntarily provided information to assist the

20   Service in its investigation of plaintiff. The witnesses themselves have expressed a fear

21   of reprisal and the release of their identification and details as to the information they

22   provided the Service could expose them to unreasonable annoyance or harassment

23   from the plaintiff. Such exposure, prior to the conclusion of the on-going investigation,

8

1    could result in the witnesses recanting their statements or otherwise being unwilling to

2    assist the Service in its case.  The release of the information would be

3            (e)    Exemption (b)(5).  The Service asserts that 2 pages (Pages 30-31)

4    of interview notes described in paragraph 19 as withheld in part are exempt from

5    disclosure under FOIA exemption (b)(5).  The information redacted from this document

6    consists of the revenue agent's mental impressions regarding a statement made by the

7    individual and if released could reveal the scope and direction of further lines of inquiry.

8    Because the individual's name has been released to plaintiff, releasing this additional

9    statement could influence further cooperation or cause the witness to alter his

10   statements.  The Service's examination, to which this deliberative process document

11   pertains, is on-going.  No determination has yet been made whether to pursue further

12   action against plaintiff concerning the information to which this deliberative process

13   document pertains.

14           (f)    Exemption (b)(3) in conjunction with 26 U.S.C. § 6103(a).  The

15   Service asserts that one (1) page (page 27) of interview notes described in paragraph

16   19 as withheld in part contains information that is exempt from disclosure pursuant to

17   exemption (b)(3) in conjunction with 26 U.S.C. § 6103(a), as return information of a

18   party other than plaintiff.  Section 6103(a) provides that returns and return information

19   shall not be disclosed except as authorized by the Internal Revenue Code.  None of the

20   provisions of the Internal Revenue Code authorize the release of this information to

21   plaintiff. While this third party return information was found in IRS files related to the

22   plaintiff, its placement there does not cause it to lose its treatment as return information

1    of the individual to whom it relates, and therefore, the IRS is required to keep the third-

2    party's return information confidential and not disclose it to plaintiff.

<u>Material Supplied by Third Party Contacts</u>

4         20.     The Service has withheld in full 663 pages (pages 283-945) consisting of

5    documents a third party contact provided to the revenue agents during the course of an

6    interview. The individual held a unique position in plaintiff's organization with access to

7    a combination of information that if described would allow plaintiff to narrow the list of

8    potential sources of the information with greater accuracy and compromise the third

9    party's identity. The third party has expressed a fear of reprisal and to protect the

10   individual identity and the Service asserts that these documents are exempt from

11   disclosure for the following reasons:

12            a.     <u>Exemption (b)(3) in conjunction with I.R.C. § 7602(c)(3)(B)</u>. For the

13   reasons discussed in paragraph 19(a) above, the Service asserts that the documents

14   described in paragraph 20 are exempt from disclosure under FOIA exemption (b)(3) in

15   conjunction with I.R.C. § 7602(c)(3)(B) and would result in the identity of the individual

16   who provided the information being revealed despite the individual's fear of reprisal.

17            b.     <u>Exemption (b)(7)(A)</u>. For the reasons discussed in paragraph 19(b)

18   above, the IRS asserts that the documents described in paragraph 20 are exempt from

19   disclosure under FOIA exemption (b)(7)(A) and would interfere with the IRS's ongoing

20   administrative audit of the plaintiff.

21            c.     <u>Exemption (b)(3) in conjunction with I.R.C. § 6103(e)(7)</u>. For the

22   reasons discussed in paragraph 19(c) above, the Service asserts that the documents

23   described in paragraph 20 are exempt from disclosure under FOIA exemption (b)(3) in

1    conjunction with I.R.C. § 6103(e)(7) and would significantly impair tax administration by

2    revealing the identity of the individual who was the source of the information.

3              d.    Exemption (b)(6) and (b)(7)(C).  For the reasons discussed in

4    paragraph 19(d) above, the Service asserts that the documents described in paragraph

5    20 are exempt from disclosure under FOIA exemption (b)(7)(C) because disclosing the

6    documents would potentially result in the identification of the source to become known

7    and thereby expose that person to an unwarranted invasion of privacy.

8                                   List of Names

9       21.    The Service is withholding in part two (2) pages (pages 18-19) containing

10   return information, as defined by 26 U.S.C. § 6103(a) related to a taxpayer(s) other than

11   plaintiff.  These pages are a list of the third party contacts and contain a taxpayer

12   identification number of a person other than plaintiff, which the IRS asserts is exempt

13   from disclosure for the following reasons:

1      (a)     <u>Exemption (b)(3) in conjunction with 26 U.S.C. § 6103(a)</u>.  For the reasons

2   discussed in paragraph 19(f) above, the Service asserts that the portion of the

3   document described in paragraph 21 is exempt from disclosure under FOIA exemption

4   (b)(3) in conjunction with I.R.C. § 6103(a) and none of the provisions of the Internal

5   Revenue Code authorize the release of this information to plaintiff even though it was

6   found in plaintiff's audit file.

7

8          I declare under penalty of perjury that the foregoing is true and correct.

9

10   Executed this 15th day of May, 2008 at Washington, D.C..
11
12
13
14
15
16                                        Adrienne M. Mikolashek
17                                        Office of Chief Counsel
18                                        (Procedure & Administration)
19                                        Internal Revenue Service
20                                        Washington, D.C. 20224

1
2
3
4
5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

6  EDUCAP, INC.                            )
7                                          )
8           Plaintiff,                     )
9                                          )        No.  1:07-cv-02106 RMC
10                                         )
11      vs.                                )
12                                         )
13  INTERNAL REVENUE SERVICE               )        Declaration of
14                                         )        Valdine Young
15           Defendant.                    )
16
17
18        I, Valdine Young, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as

19  follows:

20        1.      I am a Disclosure Specialist in the Atlanta, Georgie Office of the Internal

21  Revenue Service (IRS).  I have held this position for approximately 11 years and have

22  been employed by the IRS for approximately 20 years.  My duties include processing

23  requests submitted to the IRS pursuant to the Freedom of Information Act (FOIA) and

24  the disclosure of returns and return information.  My work requires a thorough

25  knowledge of the types of documents created and maintained by the various divisions

26  and functions of the IRS.  My position also requires me to know and understand the

27  procedures and requirements for making requests under the FOIA and disclosure of

28  information under the Internal Revenue Code, as well as the provisions of the FOIA

29  which exempt certain types of information from disclosure in response to a request and

30  the implications of releasing certain documents and their impact on tax administration.

1     2.     I personally reviewed and am familiar with the documents at issue in this

2    lawsuit, as I was assigned to process plaintiff's FOIA and 26 U.S.C. § 6103(e) request

3    dated June 1, 2007.

4     3.     In a letter dated June 1, 2007 (copy is attached as Exhibit A), plaintiff

5    through its counsel, Kenneth Gideon of Skadden, Arps, Slate, Meagher & Flom, L.P.,

6    filed a FOIA request with the IRS's Atlanta Disclosure Office seeking the copies of

7    documents from the Service's administrative file relating to "contacts by the IRS of

8    parties other than EduCap, Inc," and referenced Patricia J. Bruce, TEP Team

9    Coordinator, and Maureen E. Hardy, EO Third Party Contact Coordinator, as individuals

10   most familiar with the requested information.  More specifically, plaintiff sought the

11   following documents from the administrative file:

12     a.     The identity of all such parties contacted by the IRS in connection

13   with the audit of EduCap and the dates of such contacts;

14     b.     All notes, recordings, transcripts, summaries or any other

15   documents that reflect or consist of testimony or oral statements to the IRS by persons

16   the IRS identifies pursuant to paragraph 1 above other than Catherine Reynolds,

17   Wayne Reynolds, Matthew Murray or Paula Darling; and

18     c.     Any documents or other written or electronic materials provided to

19   the IRS by person the IRS identifies pursuant to paragraph 1 above other than

20   Catherine Reynolds, Wayne Reynolds, Matthew Murray, Paula Darling or EduCap.

21     4.     It is my understanding that the June 1, 2007 letter described in paragraph

22   3 is the subject of the FOIA litigation.  At the same time I processed this letter, I also

23   received a second letter from plaintiff, which is not the subject of this suit, requesting

2

1   materials related to the testimony of James Condon in the audit of plaintiff. As is

2   described below, my response to plaintiff addressed both requests.

3       5.      A search memorandum with a copy of the FOIA request was sent to

4   Revenue Agent Patricia Bruce on or about July 16, 2007 asking her to conduct a search

5   of her paper and electronic files for responsive documents.

6       6.      On or about July 19, 2007, I spoke with Ms. Bruce about the FOIA

7   request. Ms. Bruce brought with her a list of the third party contacts associated with

8   plaintiff's Employee Identification Number and generated from the Service's Integrated

9   Data Revival System, the Service's computer system for maintaining tax records. Ms.

10  Bruce had a copy of a letter showing that this list had been sent to plaintiff on June 25,

11  2007. We discussed the list of third party contacts and the reference on the list to the

12  word "reprisal." Ms. Bruce informed me that several of the individuals contacted did not

13  want their names disclosed. I advised her that was not a problem in that the FOIA

14  contained exemptions that would allow the Service to withhold this information. Ms.

15  Bruce informed me she had notes from the interviews and I told her these too could be

16  withheld if an exemption applied.

17      7.      On August 2, 2007, I received approximately 70 pages of responsive

18  documents from Ms. Bruce, including the IDRS list of third party contacts. I reviewed

19  the documents and determined that the names of the witnesses on these documents

20  could be withheld under FOIA exemption (b)(7)(F).

21      8.      In a letter dated August 16, 2007 to plaintiff's counsel, I provided the

22  Service's response to two FOIA requests the Service had received from plaintiff on or

23  about the same date as referenced in paragraph 4 above. (A copy of the letter is

3

1   attached as Exhibit B.)  My letter informed plaintiff that we located 70 pages of

2   responsive documents (this number was incorrect and should have been 63) of which

3   26 were withheld in part.  As the basis for our redactions on the 26 pages, I cited FOIA

4   exemptions (b)(7)(F) to protect the identity of those individuals fearing reprisal and

5   (b)(3) in conjunction with I.R.C. § 6103 to protect third party return information

6   referenced on one or more pages.

7
8        I declare under penalty of perjury that the foregoing is true and correct.

9

10  Executed this _15th_ day of _May_, 2008 in _Atlanta, Georgia_
11                                                                          [city, state].
12
13
14
15
16
17      Valdine Young
18      Disclosure Specialist
19      Internal Revenue Service
20
21

                                            4

                                                                    TOTAL P.02

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

EDUCAP, INC.                          )
                                      )
            Plaintiff,                )
                                      )       No. 1:07-cv-02106 RMC
                                      )
      vs.                             )
                                      )
Internal Revenue Service              )       Declaration of
                                      )       Carmen M. Banerjee
            Defendant.                )

     I, Carmen M. Banerjee, pursuant to the provisions of 28 U.S.C. § 1746(2), declare

as follows:

     1.    I am a trial attorney in the Eastern Region of the Civil Trial Section in

the Tax Division of the Department of Justice, and the Division's Counsel for Freedom

of Information Act and Privacy Act Matters. I have been employed as an attorney in

the Department of Justice since August 2005, and in the Tax Division since August 2007.

2.    On May 7, 2008, I mailed EduCap's counsel 67 pages in further response to the

EduCap's Freedom of Information Act request subject of the instant action. (See cover

letter attached as Ex. A.) I obtained these pages as a result of the search and review

Adrienne Mikolashek conducted. Mikolashek is the attorney from the Office of Chief

Counsel at the Internal Revenue Service assigned to assist the Department of Justice in

the Service's defense.

3280942.1

3.      The pages I mailed on May 7th bear control numbers 1-25, 27-31, 32-63, 64-65, and 66-68.  Pages 1-25 represent pages the Service's Disclosure Specialist previously provided EduCap in August 2007 in response to EduCap's request.  The Service re-released the 25 pages by releasing in full 23 of those 25 pages, and modifying the redactions on the other two pages.  The remaining pages represent documents that Young had located  and that Mikolashek determined were also responsive to EduCap's request. These pages bear control numbers 0032-0063 and 0066-0068, which were released in full, and pages bearing 0027-0031 and 0064-0065, which were released in part. (See attached Ex. A.)

4.      The Service will release the Forms 12175 that each revenue agent completed for each third party contact he or she interviewed as part of the audit; it will also release a handwritten note (#27) that was inadvertently missing from the May 7th package I sent to EduCap's counsel.  Both will be released by no later than May 19, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of May, 2008 at Washington, D.C.

CARMEN M. BANERJEE

3280942.1



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

CMBanerjee;rmm
5-16-4248
CMN 2008100556

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 307-6420*
*Telecopier: (202) 514-6866*

**MAY 0 7 2008**

**Via Certified Mail and**
**Return Receipt Requested, 7099 3400 0015 0095 5623**
Kenneth W. Gideon
Skadden, Arps, slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

> Re: *EduCap, Inc. v. Internal Revenue Service*, No. 1:07-cv-2106 RMC

Dear Mr. Gideon:

I enclose 67 pages the Internal Revenue Service is releasing to you in response to your Freedom of Information Act (FOIA) request dated June 1, 2007. Pages 1-25 represent pages the Service's Disclosure Specialist previously provided to you in redacted form in response to your request. The Service is re-releasing the 25 pages as it has determined to release in full 23 of those 25 pages.

I enclose additional documents the Service has determined to release to you in response to your FOIA request. The Service is releasing in full pages bearing control numbers 0032-0063 and 0066-0068; it is releasing in part pages bearing 0027-0031 and 0064-0065.

Sincerely yours,

CARMEN M. BANERJEE
Division Counsel for FOIA and
PA Matters, Trial Attorney



```
 1                    IN THE UNITED STATES DISTRICT COURT FOR THE
 2                             DISTRICT OF COLUMBIA
 3
 4
 5
 6    EDUCAP, INC.                        )
 7                                        )
 8            Plaintiff,                  )
 9                                        )        No. 1:07-cv-02106 RMC
10                                        )
11    vs.                                 )
12                                        )
13    INTERNAL REVENUE SERVICE            )        Declaration of
14                                        )        Maureen Hardy
15            Defendant.                  )
16
17
```

18        I, Maureen Hardy, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as

19   follows:

20        1.    I am a Third Party Contact Coordinator in the Internal Revenue Service's

21   Tax Exempt/Governmental Entities (TE/GE) Division, Exempt Organizations,

22   Examinations. I have been a Third Party Contact Coordinator since August 2004 and

23   with the Service since July 15 1991.

24        2.    As a Third Party Contact Coordinator, one of my duties is to enter the data

25   regarding third party contacts reported on Form 12175 into the integrated data retrieval

26   system (IDRS), the Service's computer system for maintaining tax records. The Third

27   Party Contact System is designed to maintain a database of all third party contacts

28   made regarding a taxpayer during the determination or collection of a tax liability. Each

29   record on the database contains the contact name or general description of the third

30   party contacted (e.g.. neighbor, bank name, business associate, etc.) along with the

31   date of contact for all contacts made relating to a specific taxpayer. Data is input to the

1   third party contact database from Form12175, "Third Party Contact Report Form" which

2   is filled out by the employee who made the third party contact.

3        3.    It is also my responsibility to respond to requests from taxpayers for lists

4   of third party contacts pursuant to I.R.C. § 7602(c).

5        4.    I am familiar with the FOIA request made by plaintiff in this case and am

6   familiar with its request, through counsel, for periodic lists of third party contacts

7   pursuant to I.R.C. § 7602(c).

8·        5.    I am the third party contact coordinator to whom the Forms 12175 have

9   been submitted in this case. I have received approximately 38 forms. Each form is for

10   a separate contact made by Service employees with a third party in relation to plaintiff,

11   as designated by plaintiff's employer identification number on the Form 12175.

12        6.    I am also the individual who has been responding to plaintiff's nearly

13   weekly requests for a list of third party contacts under I.R.C. § 7602(c). I have sent

14   approximately 64 letters to plaintiff's counsel from August 23, 2005 to January 15, 2008.

15        7.    Because of the frequency of their requests, some of my letters contain

16   information about third party contacts that had been provided in an earlier letter. For

17   example, in my April 7, 2006 letter, I advised plaintiff that there had been 5 contacts and

18   in my April 17, 2006 letter, I advised plaintiff of the same 5 contacts listed in my April 7,

19   2007 letter and included one additional contact that had occurred since my April 7, 2006

20   letter.

21        8.    On or about June 25, 2007 and again on August 20, 2007, I provided

22   plaintiff's counsel with printouts from the IDRS third party contact database showing all

23   third party contacts associated with plaintiff's employee identification number. To avoid

1  further duplication of information, my letters following the June 25, 2007 letter have

2  simply stated there were no new contacts and referred back to the June 25, 2007 IDRS

3  printout and since August 2007 refer back to the August 20, 2007 list.

4

5  I declare under penalty of perjury that the foregoing is true and correct.

6  Executed this 15th day of May 2008 in _____.
7
8
9
10
11
12  Maureen E. Hardy
13  Internal Revenue Service
14  Tax Exempt/Governmental Entities
15  Exempt Organizations, Exams
16  10 Causeway
17  Boston, MA 02222
18

1    **IN THE UNITED STATES DISTRICT COURT FOR THE**
2    **DISTRICT OF COLUMBIA**
3
4
5
6    EDUCAP, INC.                                    )
7                                                    )
8                  Plaintiff,                        )
9                                                    )    No.  1:07-cv-02106 RMC
10                                                   )
11        vs.                                        )
12                                                   )
13   INTERNAL REVENUE SERVICE                        )    Declaration of
14                                                   )    Bruce M. Philipson
15                  Defendant.                       )
16
17
18        I, Bruce M. Philipson, pursuant to the provisions of 28 U.S.C. § 1746(2), declare

19   as follows:

20        1.       I am a Supervisory Internal Revenue Agent in Internal Revenue Service's

21   Tax Exempt/Governmental Entities (TE/GE) Division, Exempt Organizations,

22   Examinations, Financial Investigation Unit.  I have been a Supervisory Revenue Agent

23   since December 2001 and with the Service since October 1979.

24        2.       As Supervisory Revenue Agent, my duties and responsibilities include

25   planning, directing, and coordinating the work of revenue agents engaged in the

26   conduct of investigations of varying levels of difficulty and complexity concerning tax

27   exempt organizations.  Because this case is part of the Team Exam Program (TEP),

28   which is a program for large cases in TE/GE, Exempt Organizations, I have greater

29   involvement as a manager in how this case is conducted to ensure the audit moves

30   forward and is technically correct.

1      3.      In August 2004, the IRS began an examination of Educap and the

2  examination has not yet been completed and was on-going at the time plaintiff filed its

3  FOIA request and subsequent lawsuit.

4      4.      I am familiar with the documents at issue in this lawsuit.

5              Exemption (b)(3) in conjunction with I.R.C. § 6103(e)(7)

6      5.      Based on my familiarity with the documents at issue in the litigation in

7  which this declaration is being filed, and pursuant to the authority delegated to me by

8  Delegation Order 11-2 (formerly Delegation Order 156, Rev. 17), I have determined that

9  disclosure of the documents described in the following paragraphs would seriously

10  impair Federal tax administration as prescribed in I.R.C. § 6103(e)(7).  (A copy of the

11  relevant pages of the Delegation Order 11-2 are attached as Exhibit A.)

12      6.      Releasing any of the following documents would seriously impair Federal

13  tax administration for several reasons.  Nineteen individuals have voluntarily provided

14  information to the Service, but in so doing expressed a fear that revealing their identity

15  to plaintiff could result in some physical, emotional, economic, or other harm to

16  themselves or others.  To disclose these documents would be tantamount to releasing

17  the identity of these individuals or would provide sufficient information to allow plaintiff to

18  more accurately determine their identity.  The Service relies on third parties as sources

19  of information to enable it to thoroughly investigate a matter and determine the correct

20  tax liability.  Jeopardizing the identity of these individuals could result in their

21  unwillingness to continue to cooperate or cause them to change their story.

22  Furthermore, it could inhibit other potential witnesses from being candid about plaintiff.

23  Such a result would seriously impair the Service's ability to determine whether plaintiff

1    complied with the tax laws, and impede the Service's ability to determine the correct

2    amounts of plaintiff's Federal tax liabilities.  Disclosure would also have an adverse

3    impact upon the willingness of witnesses in other cases to be candid regarding other

4    taxpayers.  The audit is on-going and no final determinations have been made as to

5    whether plaintiff complied with the tax laws.

6                                    Interview Notes

7          (a)      The agents' interview notes contain statements by the third parties about

8    their personal knowledge of plaintiff and its business operations.[1]  This information is

9    used by the exam team to gather information about how plaintiff operates its

10   organization so as to determine its correct tax liability.  These individuals are also used

11   to help identify other potential sources of information.  Because these individuals have

12   expressed a fear of reprisal in speaking to the revenue agents, their identities should be

13   kept confidential, which means their statements should also be protected from

14   disclosure.

15                        Material Supplied by Third Party Contacts

16         (b)      The material provided by one third party contacted consists of a unique

17   combination of documents, the identity of which if described in detail would provide

18   plaintiff with sufficient information to allow it to identify the individual.[2]  This person has

19   expressed a fear of reprisal and to release any portion of the material would jeopardize

20   revealing the identity of the source.  These documents are part of the on-going

---

[1] Footnotes 6 and 7 of the Mikolashek Declaration identify the records that contain such information as pages 69-282 were withheld in full and page 2, and 30-31 were withheld in part.
[2] Footnote 9 of the Mikolashek Declaration identifies the records that contain such information as pages 283-945 were withheld in full.

1 administrative audit of plaintiff and their release would prematurely inform plaintiff of the

2 nature and scope of the on-going investigation.

3

4   I declare under penalty of perjury that the foregoing is true and correct.

5

6 Executed this __15th__ day of ____May____, 2008 in _St. Paul, Minnesota._
7                  [city, state].
8
9
10
11
12
13         Bruce M. Philipson
14         Supervisory Internal Revenue Agent
15         Internal Revenue Service
16         Tax Exempt/Governmental Entities Division
17         Exempt Organizations
18         Examinations, Financial Investigations Unit
19         30 East 7th St.  Suite 1130 B
20         St. Paul, MN 55101
21

**Exhibit 1.2.49-2 (Cont. 2) (06-15-2004)**
**Delegation Order 11-2 (formerly DO 156 rev. 17) Reference Chart**
***Accounting Required**

| IRC or other Authority | Subject Matter | Delegated to | Redelegation (requires a separate document/act) May Be Made To | Comments |
|---|---|---|---|---|
| 6103(e) | 1. Returns to persons with material interest and return information pursuant to IRC 6103(e)(7), IRC 6103(e)(8), and IRC 6103(e)(9) | IRS and Chief Counsel employees to the extent necessary to perform their official duties | May not be redelegated | *Note:* returns can only be disclosed pursuant to a written request |
| | 2. Withholding of tax return information under IRC 6103(e)(7) to persons with material interest based on a determination of impairment | IRS and Chief Counsel supervisors to the extent necessary to perform their official duties | May not be redelegated | |
| 6103(f)* | Returns and return information to Congressional committees | National Taxpayer Advocate; Director, Legislative Affairs; Deputy Director, GLD | May not be redelegated | |
| 6103(g)(2)* | 1. Return information to Executive Office of the President or Federal Bureau of Investigation, on behalf of the President, regarding appointments | Division Commissioner, SB/SE | May not be redelegated | Request must be personally signed by President |
| | 2. Return information to heads of Federal agencies regarding appointments | Deputy Director, GLD | May not be redelegated below GLD supervisors | |

**Exhibit 1.2.49-2**                    04-29-2005                    IR Manual

# EXHIBIT A
# TO DECLARATION OF
# VALDINE Y0UNG

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

DIRECT DIAL
(202) 371-7540
DIRECT FAX
(202) 661-9140
EMAIL ADDRESS
KGIDEON@SKADDEN.COM

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
‒‒‒
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 1, 2007

IRS FOIA REQUEST
Atlanta Disclosure Office
Internal Revenue Service
SE:S:MS:C&L:GLD:A3:ATL
Mail Stop 602-D, Room 1905
401 W. Peachtree Street
Atlanta, GA 30308

> Re:     Request for Materials Related to Third Party Contacts in IRS Audit
>         of EduCap Inc. (EIN: 52-1509402)

Dear Disclosure Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., Internal Revenue Code §§ 6110 and 7602(c), and agency regulations thereunder, we hereby request a copy of all documents in the administrative file of the Internal Revenue Service ("IRS") relating to contacts by the IRS of parties other than EduCap Inc. ("EduCap"). While we are asking the IRS to perform a general search of its records pursuant to this request, we believe the individuals most familiar with the requested information are Patricia J. Bruce, TEP Team Coordinator, and Maureen E. Hardy, EO Third Party Contact Coordinator.

This request includes, but is not limited to, the following specific documents and information in the administrative file:

1.  The identity of all such parties contacted by the IRS in connection with the audit of EduCap and the dates of such contacts

2.  All notes, recordings, transcripts, summaries or any other documents that reflect or consist of testimony or oral statements to the IRS by persons the IRS identifies pursuant to paragraph 1 above other than Catherine Reynolds, Wayne Reynolds, Matthew Murray or Paula Darling, and

3.  Any documents or other written or electronic materials provided to the IRS by persons the IRS identifies pursuant to paragraph 1 above other than Catherine Reynolds, Wayne Reynolds, Matthew Murray, Paula Darling or EduCap.

This request does not include EduCap's responses to IRS information document requests or transcripts of the IRS interviews of Catherine Reynolds, Matthew Murray and Paula Darling. If documents described in this request contain notes, highlighting, or other annotations by the IRS, copies of the pages of such documents on which such notes, highlighting, or other annotations should be provided.

If you are withholding any of the requested documents, please supply us with a description of each document withheld and the reason for which it is being withheld.

It is not necessary for us to inspect the materials before they are copied. We agree to pay the search, duplication and review fees determined by the IRS under Treas. Reg. § 601.702(f). The IRS may incur up to $1,000 in charges without our further authorization.

I attest under penalties of perjury that I am Kenneth W. Gideon, and that I am making this request on behalf of EduCap pursuant to the attached power of attorney.

All communications relating to this request may be sent to me at the above address. Please do not hesitate to telephone me at (202) 371-7540 if doing so will facilitate the processing of this request. Thank you for your assistance in this matter.

Sincerely,

Kenneth W. Gideon

Attachment

cc:   Patricia J. Bruce, TEP Team Coordinator
      Maureen E. Hardy, EO Third Party Contact Coordinator
      Fred T. Goldberg, Jr., Esq.
      Victoria B. Bjorklund, Esq.
      Matthew W. Murray

2

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

EDUCAP, INC.,                               )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )          NO. 1:07-cv-02106 RMC
                                            )
INTERNAL REVENUE SERVICE                    )
1111 Constitution Avenue, N.W.              )
Washington, DC 20224,                       )
                                            )
            Defendant.                      )

ORDER

Upon consideration of defendant's motion for summary judgment, together with

the memorandum and declarations in support thereof, and having further considered

plaintiff's opposition thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this ___ day of ____ , 2008 at Washington, District of Columbia,


ORDERED that defendant's motion for summary judgment be and is therefore,

GRANTED, and it is further

ORDERED that the compliant be and is DISMISSED with prejudice.


_____
Rosemary M. Collyer
United States District Judge


3284606.1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

EDUCAP, INC.,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )          NO. 1:07-cv-02106 RMC
                                       )
INTERNAL REVENUE SERVICE               )
1111 Constitution Avenue, N.W.         )
Washington, DC 20224,                  )
                                       )
            Defendant.                 )


### THE INTERNAL REVENUE SERVICE'S STATEMENT OF MATERIAL FACTS TO WHICH IT CONTENDS THERE IS NO IN GENUINE ISSUE IN DISPUTE PURSUANT TO LOCAL RULE 7(h)

## A.  General Facts

1.      EduCap, Inc., plaintiff, brought the instant action pursuant to the Freedom

of

Information Act, 5 U.S.C. § 552 (FOIA).  (Compl. ¶¶ 2, 3.)

2.      EduCap is a Maryland corporation that the Internal Revenue Service (the

Service) has recognized as qualifying for tax exempt status under 26 U.S.C. § 501(c)(3).

(Compl. ¶ 4.)

3.      The Service is an agency of the United States.  (Compl. ¶ 5.)

4.      The Service has possession and control over the records that EduCap

seeks.  (Compl. ¶ 5.)

5.      EduCap submitted a request for records under the Freedom of

Information Act (FOIA) dated June 1, 2007.  (Compl. ¶¶ 2, 3.)

6.      Valdine Young is a Disclosure Specialist in the Atlanta, Ga. office of the Internal

Revenue Service.  (Young Decl. ¶ 1.)

7.      Young's duties include processing requests submitted to the IRS pursuant

to the Freedom of Information Act (FOIA) and requests for returns and return

information under 26 U.S.C. § 6103(e.) (Young Decl. ¶ 1.) She processed the FOIA

request EduCap made through its counsel dated June 1, 2007.  (Young Decl. ¶¶  2, 3.)

8.      Patricia Bruce (Bruce) is a Revenue Agent in the Service's Tax

Exempt/Government Entities Division, Exempt Organizations, Examinations, Financial

Investigation Unit.  (Bruce Decl. ¶ 1.)

9.      Bruce's duties include conducting difficult and complex examinations of

exempt organizations.  (Bruce Decl. ¶ 2.)

10.      Bruce Philipson is a Supervisory Internal Revenue Agent in the Internal

Revenue Service's Tax Exempt/Governmental Entities (TE/GE) Division, Exempt

Organizations, Examinations, Financial Investigation Unit.  (Philipson Decl. ¶1.)

11.      As part of his duties, Philipson plans, directs, and coordinates the work of

revenue agents who conduct investigations of varying levels of difficulty and

complexity concerning exempt organization.  (Philipson Decl. ¶2.)

12.      Maureen Hardy is a Third Party Contact Coordinator in the Internal

Revenue Service's Tax Exempt/Governmental Entities (TE/GE) Division.  (Hardy Decl.

¶¶ 1, 5; Bruce Decl. ¶ 9.)

2

13.     Hardy's duties include entering third party contacts reported on Form 12175 into the integrated data retrieval system (IDRS), the Service's computer system for maintaining tax records.  (Hardy Decl. ¶ 2.)

14.     EduCap requested contacts the Service made to third parties-parties other than EduCap, Inc. (Young Decl. ¶ 3) specifically EduCap asked for: the identity of all such parties contacted by the Service in connection with the audit of EduCap and the dates of such contacts; All notes, recordings, transcripts, summaries or any other documents that reflect or consist of testimony or oral statements to the IRS by persons the IRS identifies pursuant to paragraph 1 above other than Catherine Reynolds, Wayne Reynolds,  Matthew Murray or Paula Darling; and Any documents or other written or electronic materials provided to the IRS by person the IRS identifies pursuant to paragraph 1, above, other than Catherine Reynolds, Wayne Reynolds, Matthew Murray, Paula Darling or EduCap.   (Young Decl. ¶ 3(a)-(c).)

**The Service's Search for Records and the Response to Plaintiff's FOIA Request**

15.     Young sent Bruce a search memorandum with a copy of the FOIA request on or about July 16, 2007 in which Young asked Bruce to conduct a search of her paper and electronic files for responsive documents.  (Young Decl. ¶ 5.)

16.     Young  met with Bruce on or about July  19, 2007 to discuss EduCap's FOIA request and ascertain whether Bruce had any records responsive to it.  (Bruce Decl. ¶ 11; Young Decl. ¶ 6.)

3

17.     Young knew to contact Bruce because EduCap's FOIA request referenced Bruce. Shortly after this meeting, Bruce sent Young approximately 70 pages responsive to EduCap's request, including a third party contact list. (Young Decl 7; Bruce ¶ 10.) Young also conferred with Hardy while processing the request. (Mikolashek Decl. ¶ 10.)

18.     Bruce spoke to 28 individuals during the course of the Service's audit of EduCap, and spoke to some individuals more than once; 19 of them stated they feared reprisal (Bruce Decl. ¶ 8; Philipson Decl. ¶6) She completed a Form 12175 each time a person was contacted. (Bruce Decl. ¶¶ 8, 9)

19.     The Service conducted a second search responsive to EduCap's FOIA request when it commenced the instant action. (Mikolashek Decl.¶ 8.) Adrienne Mikolashek, the attorney at the Office of Chief Counsel of the Service assigned to assist in the defense of this suit, coordinated the search. (Mikolashek Decl.¶¶ 1, 8.)

20.      Mikolashek conferred with Bruce and asked her to conduct a search of her paper and electronic files, and to direct other revenue agents to do the same. (Mikolashek Decl. ¶ 9.) Mikolashek also conferred with Hardy and asked her to search her records, ( Mikolashek ¶¶ 10, 11.), and with Young, the Disclosure Specialist. (Mikolashek Decl. ¶ 12.)

21.     The results of her search are that: The Service located 986 pages of material responsive to plaintiff's FOIA request, which are the subject of this litigation (Mikolashek Decl. ¶ 16.); the Service has decided to re-release 23 pages (pages 1-17, and 20-25) that were previously redacted and 2 pages (pages 18-19) with revised redactions;

4

Mikolashek determined that additional documents that Young had located were also responsive to EduCap's request(Mikolashek Decl. ¶ 8.);  the Service has also released 40 pages (pages 26, 28-29, and 32 -68) in full and 3 pages (pages 27 and 30-31) in part; additionally, the Service's counsel expects to release the Forms 12175 that were actually completed as it deems these pages responsive to the request by no later than May 19, 2008; and page # 27, which was inadvertently omitted from the package Banerjee sent on May 7th, will also be sent by this time.  (Banerjee Decl. ¶4.) The remaining 877 pages are being withheld in their entirety.  (Mikolashek Decl. ¶ 16.)

22.     Mikolashek determined that additional documents that Young had located were also responsive to EduCap's request.  (Mikolashek Decl. ¶ 8.)

23.     On August 16, 2007, Young responded to EduCap's FOIA request and provided it with the documents she deemed responsive to the request.  (Young Decl. ¶ 8.)

24.     The Integrated Data Retrieval System (IDRS) is the Service's primary resource for searching taxpayers' current account information.   (Young Decl. ¶ 6; Bruce Decl ¶ 9.)

25.     The third party contacts are entered into the Third Party database on the IDRS by Maureen Hardy who does so from information she obtains from Forms 12175, which the revenue agents complete for each interview they conduct.  (Bruce Decl¶  9; Hardy Decl. ¶ 2.)

26.     When contacts have expressed a fear of reprisal at the time they are interviewed, the agent omits their names from the Form, and instead marks the "Reprisal" item on the Form.  (Bruce Decl. ¶ 6.)

**The Records Partially and Wholly Withheld**

27.     The Service processed the 986 pages as follows: (1) pages bearing control numbers 1-17 and 20-25, 26, 28-29, and 32-68 were released in full, and (2) pages 18, 19, 27, 30 ,and 31 were withheld in part.  The Forms 12175 will be released in full; they bear control numbers 946 through 986.

28.     The remaining 877 pages are being withheld in their entirety. (Mikolashek Decl. ¶ 15)

29.     The documents being withheld consist primarily of three types of documents.  The first are handwritten and typed notes of statements made by third parties during an interview about EduCap.  The second are materials supplied to the Service by the third parties interviewed, and the third is a list of the names of third party contacts.   (Mikolashek Decl. ¶ 17, ¶20.)

30.     The Service has withheld in full 214 pages (pages 69-282) and released in part three pages (pages 27 and 30-31) consisting of revenue agent notes taken during interviews of third party contacts and contacts these individuals made to the revenue agents.

31.     The interview notes consist of the names of the individuals, their contact information, and the revenue agent's handwritten and typed notes of the conversation.

All of these notes are part of the materials the revenue agents rely during on-going investigation to determine EduCap's correct tax liability.  (Mikolashek Decl. ¶ 18.)

32.    At the beginning of the interview, the revenue agent informed the individuals of their right to have their name withheld if they feared that releasing their identity to EduCap could result in physical, economic, emotional or other harm. Nineteen individuals affirmatively stated they wanted their identities withheld. (Mikolashek Decl. ¶ 18;  Philipson Decl. ¶ 6.)

33.    Pages 69 through 85 and 136 through 282 of the interview notes of the individuals fearing harm because they have expressed a fear of reprisal and asked that their identities not be released.  They release of thee contacts'  statements in this case would be tantamount to releasing their names.  They all had personal knowledge of EduCap's operations, many of them as former employees.  (Mikolashek Decl. ¶ 18(a).)

34.    Some of these individuals still work in the same industry and are aware of the influence of EduCap and its managers.  Each page of notes contains sufficient unique information and knowledge of the interviewee about EduCap that even releasing the notes without the name would allow EduCap to more accurately surmise the identity of the individual.  (Mikolashek Decl. ¶ 18 (a).)

35.    The revenue agent took during third party interviews in the course of EduCap's audit relate to the agency's law enforcement activities.  (Mikolashek Decl. ¶ 18(b).)

36.    There is an on-going administrative audit regarding EduCap and the third party contacts were made during the course of the audit.  The release of the withheld

7

information would (1) interfere with the collection of information, and (2) could cause other potential witnesses to be unwilling to talk to the revenue agents knowing that their identities.  (Mikolashek Decl. ¶ 18)  This result would jeopardize the audit as the revenue agents' ability to collect further information to allow them to determine whether there is any tax liability to EduCap and thereby enforce the Federal tax laws. (Mikolashek Decl. ¶ 18 (b).)

37.     The interview notes were created by the revenue agents in connection with determining EduCap's liability under the tax laws.  The individual who provided information to the revenue agents did so only after expressing a desire for his or her name to remain confidential, which also implies that the information provided will also remain confidential.  (Mikolashek Decl. ¶ 18(c).)

38.     Releasing this information creates a chilling effect and jeopardizes the availability of important sources of information from cooperating with the Service. (Mikolashek Decl. ¶ 18(c)   The Service's investigation of EduCap is on-going and release of this information would impair the investigation and therefore interfere with the Service's ability to properly enforce the Internal Revenue laws; further hamper the Service's ability to collect any taxes owed.  (Mikolashek Decl. ¶ 18(c).)

39.     The release of the information in the notes would be an unreasonable invasion of an individual's privacy.  Third party witnesses have voluntarily provided information to assist the Service in its investigation of EduCap.  The identification and details as to the contacts  information they provided the Service could expose them to unreasonable annoyance or harassment from the EduCap.  (Mikolashek Decl. ¶ 18.)

Such exposure, prior to the conclusion of the on-going investigation, could result in the

witnesses recanting their statements or otherwise being unwilling to assist the Service

in its case.  (Mikolashek Decl. ¶ 18 (d).)

40.     The information redacted in interview notes bearing control numbers 30

and 31  consists of the revenue agent's mental impressions regarding a statement made

by the individual and if released could reveal the scope and direction of further lines of

inquiry.  Because the individual's name has been released to EduCap, releasing this

additional statement could influence further cooperation or cause the witness to alter

his statements.  (Mikolashek Decl. ¶ 18(e).)

41.     The Service's examination, to which this deliberative process document

pertains, is on-going.  No determination has yet been made whether to pursue further

action against EduCap concerning the information to which this deliberative process

document pertains.  (Mikolashek Decl. ¶ 18 (e).)

42.     The Service withheld page 31 in part-- interview notes, also because it is

confidential return information of a party other than EduCap, and as such, the Service is

prohibited to disclosure.  (Mikolashek Decl. ¶ 18(f).)

43.     The Service has withheld in full 663 pages (pages 283-945) consisting of

documents a third party contact provided to the revenue agents during the course of an

interview.  (Mikolashek Decl. ¶ 19.)

44.     The third party who gave the documents held a unique position in

EduCap's organization with access to a combination of information.  If the information

were described, it would allow EduCap to narrow the list of potential sources of the

information with greater accuracy and compromise the third party's identity.
(Mikolashek Decl. ¶ 19.)  This third party has expressed a fear of reprisal and to protect
the individual identity and the Service asserts that these documents are exempt from
 disclosure for the following reasons.  (Id.)

45.    The disclosure of the documents the third party provided to the revenue
agent  would result in the identity of the individual who provided the information
being revealed.  This contact expressed fear of reprisal.   (Mikolashek Decl. ¶ 19 (a).)

46.    The documents the third party contact gave to the revenue agent should
not be disclosed because they would interfere with the Service's ongoing administrative
audit of the EduCaP.   (Mikolashek Decl. ¶ 19 (b).)

47.    The documents the third party contact gave to the revenue agent are
exempt from disclosure because its disclosure would significantly impair tax
administration by revealing the identity of the individual who was the source of the
information and who had expressed reprisal .   (Mikolashek Decl. ¶ 19 (c).); the
disclosure would also potentially result in the identification of the source to become
known and thereby expose that person to an unwarranted invasion of privacy.
(Mikolashek Decl. ¶ 19(d).)

48.    The Service is withholding in part two (2) pages (pages 18-19 and 27)
containing return information, related to a taxpayer(s) other than EduCap.  These pages
are a list of the third party contacts and contain a taxpayer identification number of a
person other than EduCap.   (Mikolashek Decl. ¶ 20.)

49.    The revenue agent created the interview notes in connection with the

Service's attempt to determine whether to assess any liability against EduCap under the tax laws.  (Mikolashek Decl. ¶¶ 11, 19(c); Bruce Decl. ¶ 15.)

50.     The third party contacts who provided information to the revenue agents did so only after expressing a desire for his or her name to remain confidential (Mikolashek Decl.¶ 19), and implicitly the information they supplied is to be treated confidentially.  Indeed, nineteen individual expressly stated they wanted their names withheld, and another individual stated that he or she did not object to his or her name being disclosed, but wanted the statements he or she made kept confidential. (Mikolashek Decl.¶ 19; Philipson Decl. ¶ 6.)

51.     The documents a third party contact gave to the revenue agent during an interview during the Service's  audit of EduCap are bear control numbers 283 -945 (Mikolashek Decl.¶ 20.)  The person who provided the documents  held a unique position in EduCap with access to a combination of information that, if described would allow EduCap to narrow the list of potential sources of the information with greater accuracy and compromise the third party's identity.  *Id.* The third party has expressed a fear of reprisal  *Id.*

52.     Philipson has the delegated authority, through Delegation Order 11, to determine whether an agency record is exempt from disclosure of under section 6103(e)(7).  (Philipson Decl. ¶ 5.)

53.     Pages 69 through 85 and 136 through 282 are notes of the interviews of contacts who expressed fear of reprisal and asked that their identities not be released.  .

(Mikolashek Decl.¶ 19(a).)  The information in the notes contain facts the release of which would be tantamount to releasing their names.   (Mikolashek Decl.¶ 19(a).)

54.     The third parties with whom the revenue agents spoke all had personal knowledge of EduCap's operations, many of them as former employees.  (Mikolashek Decl. ¶ 19(a).)  At the time of the interview, some of these contacts still worked in the same industry as EduCap and believed EduCap and its managers had influence in it. *Id.*

55.      Each page of interview notes contains sufficient unique information and knowledge of the interviewee about EduCap such that their release would allow EduCap to deduct the identity of the individual. (*Id.)*  On pages # 18 and 27 the Service withheld a social security number of an individual. (Mikolashek Decl. ¶¶ 19, 19(a), 21, 21(a).)

56.     Pages bearing control numbers 30 and 31 are typed notes of a third party interview dated August 9, 2006.  The information redacted, specifically from page # 30, consists of the revenue agent's mental impressions regarding a statement made by the individual.  (Mikolashek Decl. ¶ 18(e).)

57.     The Service's audit team uses the agents' notes to aid them in making determinations about whether the taxpayer will be liable for any taxes, for example. (Philipson Decl. ¶ 6(a).)

58.     The examination of EduCap, for which the interview was conducted, is ongoing such that no determination as to whether EduCap will be assessed any tax liability has been reached.  (Philipson Decl. ¶ 6; Bruce Decl. ¶ 3.)

59.     As of the date of this writing, the Service had not finished its examination of EduCap; the audit is on-going.  (Bruce Decl. ¶ 3; Philipson Decl. ¶ 3; Mikolashek Decl. ¶¶ 19, 19(a))  Accordingly, the examination is at an  investigatory stage of deciding whether any tax liability should be assessed to EduCap.  (Philipson Decl. ¶ 6)

Respectfully submitted

*/S/ Carmen M. Banerjee*

CARMEN M. BANERJEE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423
Carmen.M.Banerjee@usdoj.gov

Counsel for defendant
INTERNAL REVENUE SERVICE

Of Counsel:

JEFFREY A. TAYLOR
United States Attorney