**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDUCAP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:07-cv-02106 RMC |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| 1111 Constitution Avenue, N.W. | ) | |
| Washington, DC 20224, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY JUDGMENT

This is a civil action in which EduCap, Inc., plaintiff, seeks injunctive relief under

26 U.S.C. § 7602(c) and under 5 U.S.C. § 552-the Freedom of Information Act.

STATEMENT OF FACTS

The Internal Revenue Service (the Service) incorporates by reference the facts

enumerated in the Service's statement of material facts not in genuine dispute filed on

May 15, 2008, and in its accompanying supplemental statement of material facts not in

genuine dispute.

INTRODUCTION

The Service timely filed its summary judgment papers on May 15, 2008

(Document numbers 10, 11, 12, and 13 on the court's docket report.)  The Court granted

the Service's oral motion to supplement its motion to clarify the Service's moving

3346769.3

documents pertaining to Part II of the Service's argument (its arguments under the

FOIA.)  The Court ordered the Service to file its supplemental papers by no later than

June 13, 2008, and limited the length of its memorandum to 55 pages.  In this regard, the

Service submits the instant supplemental memorandum, the accompanying

supplemental statement of material facts, and the supplemental declarations of

Adrienne Mikolashek, Patricia Bruce, and Carmen Banerjee.  Part II.B, which set forth

the Service's bases for withholding information, is entirely discussed here and the

reader is not to refer back to the initial memorandum for Part II.B.  This supplemental

memorandum refers in part to the original and the supplemental declarations, however.

The Service did not need to clarify Parts I and III of the original memorandum.

Accordingly, this memorandum excludes Parts I and III.  The Service incorporates here,

however, Part II.A, pp. 12-17; it further clarifies Part II.A and Part II.B.[1]


I.    ADDENDUM TO PART II. A OF THE SERVICE'S MEMORANDUM FILED ON MAY 15, 2008:
      THE SERVICE PERFORMED A GOOD FAITH SEARCH REASONABLY CALCULATED TO
      UNCOVER ALL RECORDS RESPONSIVE TO EDUCAP'S REQUEST.

      It is unreasonable to expect "even the most exhaustive search to uncover *every*

responsive file..."  *Meeropol v. Meese*, 790 F.2d 942, 952-53, 955 (D.C. Cir. 1986) (emphasis

in original) (Memorandum, p. 13).  Agencies are not obligated to provide records in

response to a FOIA request created after the date the request was made.  *United States*

---

[1]The Service has complied with the 55 page limitation in that Parts I and III,
consist of 11 pages and three pages (including the conclusion page), respectively, and
the instant motion is 37 pages.

*Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 145-146 (1989) ("...the requirement that the materials be in the agency's control at the time the request is made accords with our statement... FOIA does not cover 'information in the abstract.'")(citations omitted). *See also McQueen v. United States*, 179 F.R.D. 522, 525 n.5 (S.D. Tex. 1998) (citing *Tax Analysts*, the court found that any records the Justice Department obtained after the date it received the FOIA request were outside the scope of the request).

The Service expected to provide to EduCap the Forms 12175 it completed for each third-party contact it made during its audit of EduCap by May 19, 2008. (Memorandum, pp. 1-16.)  The Service's revenue agents complete Forms 12175 for each third-party contact they make during the course of an audit.  (Bruce Decl. ¶9; Hardy Decl. ¶ 2; Memorandum, p.15.)  While gathering and reviewing the Forms 12175 completed for the third-party contacts made during EduCap's audit, the Service noted that a Form 12175 was missing for one of the contacts on a list of contacts Patricia Bruce prepared.  (Suppl. Bruce Decl. ¶4.)  This list bears control numbers 18-19, which has previously been released to EduCap.  (Banerjee Decl. ¶3; Suppl. Decl. ¶3; Memorandum, p. 16.)  Bruce's list shows, on line 23 of page 19, that she contacted Theresa Catterton  on March 14, 2007.  (Suppl. Bruce Decl. ¶3.)  The Form 12175 for the Service's contact of Catterton, however, was not among the 12175's the Service initially gathered.  Bruce expressly recalls that she contacted Catterton and that Catterton did not claim fear of reprisal.  (Suppl. Bruce Decl. ¶¶ 3, 7.)  Bruce mistakenly indicated claim of reprisal on the 12175 she completed for Catterton at the time she made the

contact.  (Id. ¶7.)  Bruce also made the mistake of not forwarding this 12175 to Maureen

Hardy, the third-party coordinator.  (Id. ¶5.) Bruce believes that her mistakes may have

been caused by closing her file without changing it to reflect her conversation with

Catterton.  (Id. ¶5.)

Bruce completed a new Form 12175 on or about May 29, 2008 to reflect that she

contacted Catterton on March 14, 2007 and that Catterton did not claim reprisal, at the

direction of Adrienne Mikolashek, the attorney at the Service's Chief Counsel's assigned

to assist in this case.  (Suppl. Bruce Decl. ¶9.)  Bruce made the correction consistent with

her practice of completing corrected Forms 12175 when she discovers mistakes on

previously completed forms.  (Id. ¶8.)  Bruce forwarded the corrected Form 12175 and

forwarded it to Hardy, who entered it into the Service's IDRS computer system.  (Id. ¶9;

see also Memorandum, pp. 14-15 for discussion of the IDRS and Hardy's use of it.)  The

original Form 12175 Bruce completed to reflect her contact with Catterton is attached as

exhibit A (control number 987), and the corrected form is attached as exhibit B (control

number 988) to her supplemental declaration.  Bruce believes that exhibit A is the only

Form 12175 she incorrectly completed and exhibit B is the only one she mistakenly did

not forward to the third-party coordinator.  (Suppl. Bruce Decl. ¶5.)

Bruce, in searching and reviewing her records responsive to EduCap's FOIA

request, after this suit commenced, located the Form 12175 she had originally

completed to reflect the contact with Catterton.  Bruce located the Form 12175 for

Catterton by using the IDRS and looking in her own computer.  The Service performed

a good faith search reasonably calculated to locate all records responsive to EduCap's

FOIA request before and after the instant suit was filed.  Therefore, the Service's search

for records was adequate.  The Service released all the Forms 12175, including the

original and corrected forms pertaining to Catterton to EduCap on June 3, 2008.  (Suppl.

Banerjee Decl. ¶2; Ex. A.)  Under *Tax Analysts* and *McQueen,* the Service is not obligated

to provide the corrected Form 12175 (Suppl. Bruce Ex. B) because it was created more

than a year after it received EduCap's FOIA request.  The Service provided this record

to EduCap to further show its good faith in searching for records and in providing

EduCap with records potentially responsive to its request, however.

II.    THE SERVICE PROPERLY WITHHELD INFORMATION IN FULL AND IN PART PURSUANT TO
       THE FOIA.

The Service sets forth in section A the legal standards for all the exemptions from

disclosure it has claimed.  In Section B, it describes each page or category of pages at

issue in the instant case, and sets forth the rationale for each exemption claimed for each

page or category of pages.  The Service hopes that this organization will allow the Court

better to discern the exact FOIA exemptions it claimed for every record or category of

records.

### A.    The Service Properly Withheld Information Pursuant to 5 U.S.C. § 552(b)(3), (b)(5), (b)(7)(A), (b)(7)(C), and (b)6.

#### 1.    *Section 552(b)(3) of the FOIA Allows Application of Non-FOIA Non-Disclosure Statutes to Withhold Information.*

Section 552(b)(3) of the FOIA (exemption 3) exempts disclosure under sections

6103(a), (e) and 7602(c)(3)(B) of the Internal Revenue Code.   Exemption 3 of the FOIA

3346769.3

protects from disclosure information which is:

> Specifically exempted from disclosure by statute (other than section 552b
> of this title), provided that such statute (A) requires that the matters be
> withheld from the public in such a manner as to leave no discretion on the
> issue, or (B) establishes particular criteria for withholding or refers to
> particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).  Under this exemption, if the Court determines that a relevant

statute exists and that any of the withheld information is within the statute's coverage,

the material must be withheld no matter how unwise or self-protective the statute may

seem.  *Fund for Constitutional Gov't v. National Archives & Records Serv.*, 656 F.2d 856, 868

n.29 (D.C. Cir. 1981); *Goland v. CIA*, 607 F.2d 339, 350 n.65 (D.C. Cir. 1978) (sole issue for

decision is the existence of a relevant statute and the inclusion of withheld material

within the statute's coverage).

> a.    *Section 6103(e)(7) Prohibits Disclosure of Information That
> Jeopardizes Tax Administration.*

Congress has provided in 26 U.S.C. § 6103(a) that tax "return information"

generally may not be disclosed.  It further provided in 26 U.S.C. § 6103(e)(7) that a

taxpayer may inspect his or her own return information only if the Secretary of the

Treasury or his delegate determines that such disclosure would not seriously impair

Federal tax administration.  Section 6103(e)(7) qualifies as a non-disclosure statute

under the FOIA.  Under the statutes, the Service must show that the information

withheld is: (1) return information; and (2) disclosure of the information would

seriously impair federal tax administration.  *Currie v. I.R.S., 704 F.3d* 523, 531 (11th Cir.

1983); *Radcliffe v. I.R.S.* 536 F. Supp. 423, 435 (S.D.N.Y. 2008).  If the Secretary's delegate has determined that disclosure would seriously impair tax administration, Congress has statutorily provided that the return information may not be disclosed.  *See e.g. McQueen v. United States*, 264 F. Supp. 2d 502, 516 (S.D. Tex. 2003).  See *infra*, Part II.B,  discussion on all documents for which the Service claimed this exemption.

> b.     *Third-party Contact Information Is Properly Withheld Under Section 7602(C)(3)(B).*

The application of section 7602(c)(3)(B) within the exemption 3 umbrella appears to be one of first impression.  Courts, however, have historically held that several provisions of the Internal Revenue Code constitute non-disclosure provisions that fall under exemption (b)(3).  *See e.g. Currie v. Internal Revenue Service,* 704 F.3d 523, 531 (11th Cir. 1983) (adjudicating 26 U.S.C. § 6103(e)(7) in conjunction with Exemption 3); *Church of Scientology of California v. Internal Revenue Service*, 792 F.2d 146, 149,150 (D.C. Cir. 1986) (adjudicating 26 U.S.C. § 6103(a) in conjunction with exemption 3).  The decision to not disclose information pursuant to section 7602(c)(3), like section 6103(e)(7), is based upon the Secretary's determination. Similarly, the Service contends, section 7602(c)(3) operates as a non-disclosure statute permitting the non- disclosure of third-party contact information to a taxpayer when one or more of the circumstances set forth in section 7602(c)(3)(A)-(c) apply.

Section 7602(c) provides that in certain types of examinations or investigations the Service may not contact a third-party without giving the taxpayer advanced notice. 26 U.S.C. § 7602(c)(2).  It requires the Service subsequently to supply taxpayers a record

of third-party contacts it has made. *Id.* However, section 7602(c)(3)(B) and the

regulations provide an exception to this general rule, stating that neither advance notice

nor providing a record of the contacts is required when such notice might result in

reprisal. Specifically, section 7602(c)(3)(B) states in relevant part:

> (C) NOTICE OF CONTACT OF THIRD PARTIES.–
> (2) NOTICE OF SPECIFIC CONTACTS.– The Secretary shall periodically provide
> to a taxpayer a record of persons contacted during such period by the Secretary
> with respect to the *determination* or collection of the *tax liability* of such taxpayer.
> Such record shall also be provided upon request of the taxpayer...
> (3) EXCEPTIONS.– this subsection *shall* not apply--
> > (B) if the Secretary *determines* for good cause shown that .... such notice
> > *may* involve reprisal against *any* person ....

26 U.S.C. § 7602(c)(2), (c)(3)(emphasis added). Congress' use of the mandatory word

"shall" rather than the permissive "may" infers that the Service has no discretion in

releasing the third-party contacts if it detects its disclosure may involve reprisal. The

words "may involve" connotes a broad range of possibilities of reprisal and no need of

direct evidence of reprisal. The Treasury promulgated a regulation that implements

and interprets section 7602(c)(3):

> A statement by the person contacted that harm may occur against any person is
> sufficient to constitute good cause for the IRS employee to believe that reprisal
> may occur. The IRS employee is not required to further question the contacted
> person about reprisal or otherwise make further inquiries regarding the
> statement.

28 C.F.R. § 301.7602-2(f)(3). *See infra*, Part II.B, discussion on all records for which the

Service claimed this exemption.

> c.    *Section 6103(a) Prohibits Disclosure of Taxpayer Return
> Information.*

3346769.3

Section 6103(a) mandates that tax return information be held confidential subject to a number of strictly construed exemptions. *Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9 (1987); *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir. 1979). It has been held to be a statute falling within the ambit of Exemption 3. *Church of Scientology of California v. Internal Revenue Service*, 792 F.2d 146, 149,150 (D.C. Cir. 1986). Return information is broadly defined:

> a taxpayer's *identity* ...or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability ... of any person under this title ....

26 U.S.C. § 6103(b)(2)(A)(emphasis added). *See infra*, Part II.B, discussion on all documents for which the Service claimed this exemption.

### 2. *Section 552(b)(5) Exempts Records Containing Deliberative and Pre-decisional Agency Information.*

Section 552(b)(5) protects from disclosure under the FOIA "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). As the language suggests, exemption 5 incorporates those privileges which the government enjoys in pretrial discovery under relevant statutes and case law. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984); *see also, NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975) ("Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency.").

The governmental deliberative process privilege is one of the privileges covered

3346769.3

by exemption 5.  See *Sears, Roebuck & Co.*, 421 U.S. at 150; *EPA v. Mink*, 410 U.S. 73, 87

(1973); *Tax Analysts v. Internal Revenue Service*, 294 F.3d 71, 76 (D.C. Cir. 2002).  The

privilege protects "documents 'reflecting advisory opinions, recommendations and

deliberations comprising part of a process by which governmental decisions and

policies are formulated.'" *Sears, Roebuck & Co.*, 421 U.S. at 150 (*quoting Carl Zeiss Stiftung*

*v. V.E.B. Carl Zeisee, Jena,* 40 F.R.D. 318, 324 (D.D.C. 1966)).  It also protects other

subjective documents reflecting the author's personal opinions prior to agency adoption

of a policy.  *Judicial Watch, Inc. v. DOJ,* 306 F Supp.2d 58, 70 (D.D.C. 2004) (where the

court found that handwritten notes a member of the Attorney General's staff made on

an invitation were exempt from disclosure because they would reveal the factor that the

staff member considered important, and how the decision to attend the event may have

been reached).  *See also Tax Analysts*, 294 F.3d at 80 (D.C. Cir. 2002) (where the court

affirmed the lower court's decision to withhold from disclosure five Technical

Assistance memoranda).  Disclosure of such documents could inhibit "'frank discussion


of legal or policy matters'" leading to weaker decisions and policies.  *Sears, Roebuck &*

*Co.*, 421 U.S. at 150; *see also*, *Mink*, 470 U.S. at 87; *Tax Analysts*, 294 F.3d at 80.

   In determining whether the governmental deliberative process privilege protects

a particular document, that document must be both pre-decisional and deliberative in

nature.  *Mapother v. Department of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993); *Judicial*

*Watch, Inc.*, 108 F.Supp.2d at 35.  See *infra*, Part II.B, discussion on all documents for

which the Service claimed this exemption.

### 3. Section 552(b)(7)(A) Exempts Records Pertaining to Pending Law Enforcement Investigations.

It is clear that documents compiled in investigations or proceedings in the civil or criminal context are within the meaning of "records or information compiled for law enforcement purposes" under FOIA's exemption 7. *See Williams v. IRS*, 345 F. Supp. 591, 593 (D. Del. 1972), *aff'd*, 479 F.2d 317, 318 (3d Cir. 1973) (civil context, involving audit); *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980) (criminal context, involving investigation); *White v. IRS*, 707 F.2d 897, 901 (6th Cir. 1983) (civil and criminal context); *B & C Tire Co. v. IRS*, 376 F. Supp. 708, 713 n.11 (N.D. Ala. 1974).  In *B & C Tire,* the court specifically rejected a taxpayer's contention that a civil audit of its taxes was not a "law enforcement proceeding."  *B & C Tire*, 376 F. Supp. at 713.  Therefore, the Service has the requisite law enforcement mandate to qualify as a law enforcement agency.  *Lewis v. IRS,* 823 F.2d 375, 379 (9th Cir. 1987).

The Service must next demonstrate a law enforcement purpose for its compilation of information in order to justify its withholding of such information under exemption 7  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989), *reh'g denied,* 493 U.S. 1064 (1990).  Since the 1986 amendments to the FOIA, the District of Columbia Circuit has held that in order to invoke exemption 7, the agency need merely establish a nexus "between [its] activity" (not a particular investigation) "and its law enforcement duties."  *Keys v. Department of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987).

3346769.3

Exemption 7(A) covers:

**(7)** records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings...

5 U.S.C. § 552(b)(7)(A).  Records may be withheld categorically or individually from disclosure under exemption 7(A).  *United States Dep't of Justice v. Reporters' Committee for Freedom of the Press*, 489 U.S. 749 (1989) *(*where the Court found that records could be categorically withheld under exemption 7(C), it relied, in part, on cases in which records were categorically withheld under 7(A)).  *See infra*, Part II.B, discussion on all documents for which the Service claimed this exemption.

> **4.    *Sections 552(b)(7)(C) & (6) Protect from Disclosure Information That Invades Personal Privacy.***
>
> > *a.    Exemption 7(C) Protects From Disclosure Information Compiled for Law Enforcement Purposes That Is Expected to Invade Individuals' Personal Privacy.*

Exemption 7(C) under the FOIA provides, in relevant part:

This section does not apply to matters that are ... (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (c) could reasonably be expected to constitute an unwarranted *invasion of personal privacy*...

5 U.S.C. § 552(b)(7)(c) (emphasis added).  Once the Court determines that disclosure of a record compiled for law enforcement activity could reasonably be expected to be an unwarranted invasion of an individual's personal privacy, it must be guided by certain

balancing principles to determine whether records are exempt from disclosure.  *See
infra*, Part II.B, discussion on all documents for which the Service claimed this
exemption.

> b.    *Exemption 6 Protects From Disclosure Information Compiled for
>        Any Purpose That Clearly Invades Personal Privacy.*

Exemptions 7(C) and 6 are frequently claimed and determined together as they
both protect against the invasion of personal privacy.  *See, e.g., Dean v. F.D.I.C.*, 389 F.
Supp. 2d 780, 792-793 (E.D. Ky. 2005).  Exemption 6 states:  "This section does not apply
to matters that are...(6) personnel and medical files and similar files the disclosure of
which would constitute a clearly unwarranted invasion of personal privacy."  The
words "would" and "clearly unwarranted" in exemption 6 suggest that the application
of exemption 6 is narrower than the application of exemption 7(C), which states"could
reasonably be expected...").  *United States Dep't of Justice v. Reporters' Committee for
Freedom of the Press*, 489 U.S. 749, 756 (1989)  The Supreme Court, however has held that
the "similar files" term is to be interpreted broadly.  The *United States Dep't of State v.
Washington Post Co.*, 456 U.S. 595 (1982).  Particularly, exemption 6 applies to
information about any particular identifiable individual.  *Washington Post Co.*, 456 U.S.
at 601.  Once the Court identifies the personal privacy information, it must be guided by
balancing principles to determine whether records are exempt from disclosure.  *See
infra*, Part II.B, discussion on all documents for which the Service claimed this
exemption.

> c.    *Guiding Principles In Determining Non- Disclosure of Personal
>        Privacy Information Under Sections 552(b)(6) & (7)(C).*

3346769.3

First, the public interest must be weighed against the personal privacy interest Congress intended exemption 6 to protect. *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 495 (1994); *United States Dep't of Defense v. Washington Post Co.*, 456 U.S. 595. 596 (1982).  Second,"The only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which disclosure would serve the 'core purpose of the FOIA,'  which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" *Defense v. Federal Labor Relations Auth.*, 510 U.S. at 495.  Third, the purpose underlying the request does not govern whether an invasion of personal privacy is warranted;  under the FOIA, an individual FOIA requester interested in a particular subject has the same access rights as the rest of the general public.  The identity of the FOIA requester does not determine the purpose of the request.  *Id.* at 496.  The standard for the identification of the public interest to be weighed against the privacy interest is the same under exemption 6 and exemption 7(C).  *Id.* at 496, n.6.  In *Federal Labor Relations Authority*, the Court found that the public interest in the disclosure of home addresses of non-bargaining unit employees was negligible compared to their privacy interest.  *Federal Labor Relations Auth.*, 510 U.S. at 501.  Therefore, it held that disclosure of the employees' addresses constituted a clearly unwarranted invasion of personal privacy under exemption 6.  *Id.*

Moreover, in the law enforcement context (Exemption 7C), groups of records can be exempted categorically without considering individual circumstances.  *United States Dep't of Justice v. Reporters' Committee for Freedom of the Press*, 489 U.S. 749, 756, 780

3346769.3

(1989).  The Court of Appeals, relying on *Reporters' Committee,* has frequently approved

categorical withholding of the identities of individuals in law enforcement records.

*SafeCard Svcs. v. SEC.*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

> **B.    The Disclosure Exemptions Set Forth In Part II.A Apply to the
>          Information the Service Has Withheld in Full or in Part.**

> **1.    *The Service Properly Withheld a Social Security Number on A List
>          of Third-party Contacts Pursuant to Exemption 3.***

Page 18 is one of two pages of a document entitled "List of 3rd Party Contacts,

FOIA Request," which Revenue Agent Bruce prepared.  (Suppl. Bruce Decl. ¶4.)  The

list contains the names of the contacts, dates the Service contacted them, either their

social security numbers or phone numbers, the purpose/comment about the contact,

and the Form 12175 reference.  (*Id.*;  Suppl. Banerjee Decl. ¶4.) (*See supra*, Part I,

description of Form 12175.)  The social security number of a third-party contact is the

only information the Service redacted in the copy it provided to EduCap in May 2008.

(Mikolashek Decl. ¶¶21, 21(a).)  The Service provided EduCap with a redacted copy in

early May 2008.  (Banerjee Decl. ¶¶2,3; Ex. A.)

> **a.    *The Service Properly Withheld Social Security Numbers Under
>          Exemption 3 in Conjunction with Section 6103(a).***

Section 6103(a) of the Internal Revenue Code prohibits  agencies from

directly or indirectly disclosing taxpayers' return information to third parties.  Section

6103(b)(2)(A), which broadly defines return information, includes social security

numbers.  26 U.S.C. § 6103(b)(6) (includes taxpayer identification number).  The

Service's decision to withhold the return information on page 18 pursuant to exemption 3 in conjunction with section 6103(a) is consistent with the holding of the Court of Appeals in *Church of Scientology of California v. Internal Revenue Service*, 792 F.2d 146, 149, 150 (D.C. Cir. 1986); *aff'd*, 484 U.S. 9 (1987).  Therefore, the Service properly withheld the social security number on page 18 pursuant to exemption 3 in conjunction with section 6103(a).

   **2.    *The Service Properly Withheld in Part Information on a Page of Revenue Agents' Notes Pursuant to Exemptions 7(C) and 6.***

Page 26 is half of a page of typed notes revenue agent Patricia Bruce took during her conference with a third-party contact.  (Suppl. Mikolashek Decl. ¶8; Suppl. Banerjee Decl. ¶4.)  The Service provided EduCap with a partially redacted copy of this page in mid- June 2008.  (Suppl. Banerjee Decl. ¶3.)  The name of the contact and what he said are disclosed ( Suppl. Banerjee Decl. ¶4); the only information redacted from page 26 is the contact's phone number.  (Suppl. Mikolashek Decl. ¶8; *see* pp. 12-14 *supra* for the legal standards provided by exemptions 7(C) and 6.)

   a.    *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 7(C).*

The notes contained on page 26 were taken during a revenue agent's interview of a third-party contact made during the Service's audit of EduCap.  This record, therefore, was compiled for law enforcement purposes as exemption 7(C) requires.  The contact's phone number is personal information the release of which by its very nature could reasonably be expected to be an unwarranted invasion of an individual's personal privacy .  Moreover, the Service's disclosure of personal information of the third-party

contacts it makes during its examination of taxpayers could result in individuals not providing with information about audited taxpayers. Disclosure of the phone number does not serve any public interest as it does not shed light on any of the Service's operations or activities that FOIA was intended to disclose. The Service reasonably expects that disclosure of the phone number would constitute an unwarranted invasion of personal privacy under exemption 7(C). Therefore, the Service properly withheld the phone number under exemption 7(C).

        *b.*     *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 6.*

The contact's phone number withheld on page 26-interview notes- is personal information within the scope of the "similar files" category exemption 6 protects from disclosure. Disclosure of the third- party contact's phone number does not serve any public interest as it does not shed light on any of the Service's operations or activities that FOIA was intended to disclose. The disclosure of the phone number would constitute a clearly unwarranted invasion of personal privacy pursuant to exemption 6. Therefore, the Service properly withheld in part page 26 under exemption 6.

       **3.**     **The Service Properly Withheld in Part Information on a Page of Revenue Agents' Notes Pursuant to Exemptions 3, 6 and 7(C).**

Page 27 is a page of handwritten notes a revenue agent took during a conference with a third-party contact. (Mikolashek Decl. ¶19; Suppl. Mikolashek Decl. ¶3.) The Service intended to provide EduCap with a partially redacted copy of page 27 with the group of documents it provided in early May 2008, but inadvertently omitted it.

3346769.3

(Suppl. Banerjee Decl. ¶3.)  The Service, however, gave a copy of this page in mid- June 2008 with the same redaction.  (*Id*.)  The name of the contact and what he said, and the names of two other individuals are not redacted.  (Banerjee Decl. ¶4.)  The contact's phone number, and the social security number of the other two individuals, however, were redacted.  (Mikolashek Decl. ¶¶19; 19(d); Supplemental Mikolashek Decl. ¶¶3, 4.*)* *(See supra*, pp.5-8, discussion of legal standards of exemption 3 in conjunction with 26 U.S.C.  §6103(a), and pp. 12-14 for the legal standards under exemptions 7(C) and 6.)

> a.    *The Service Properly Withheld Social Security Numbers Under Exemption 3 in Conjunction with Section 6103(a).*

The Service redacted the bottom part of page 27 to withhold from disclosure the social security numbers of two individuals.  Section 6103(a) of the Internal Revenue Code prohibits agencies from directly or indirectly disclosing taxpayers' return information to third parties. Section 6103(b)(2)(A), which broadly defines return information, includes social security numbers.  The Service's decision to withhold the return information on pages 27 pursuant to exemption 3 in conjunction with section 6103(a) is consistent with the holding of the Court of Appeals in *Church of Scientology of California v.  Internal Revenue Service*, 792 F.2d at 150.  Therefore, the Service properly withheld the social security numbers on page 27 pursuant to exemption 3 in conjunction with section 6103(a).

> b.    *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 7(C).*

The notes contained on page 27 were taken during a revenue agent's interview of

a third- party contact made during the Service's audit of EduCap. This record,

therefore, was compiled for law enforcement purposes as exemption 7(C) requires. The

contact's phone number is personal information that by its very nature could

reasonably be expected to cause an unwarranted invasion of an individual's personal

privacy . Moreover, the Service's disclosure of personal information of the third-party

contacts it makes during its examination of taxpayers could result in individuals not

providing information about audited taxpayers. Disclosure of the phone number does

not serve any public interest as it does not shed light on any of the Service's operations

or activities that FOIA was intended to disclose. The Service reasonably expects that

disclosure of the phone number would constitute an unwarranted invasion of personal

privacy under exemption 7(C). Therefore, the Service properly withheld the phone

number under exemption 7(C).

> c. *The Service Properly Withheld the Contact's Phone Number*
> *Pursuant to Exemption 6.*

The contact's phone number withheld on page 27-interview notes- is personal

information within the scope of the"similar files" category exemption 6 protects from

disclosure. Disclosure of the third-party contact's phone number does not serve any

public interest as it does not shed light on any of the Service's operations or activities

that FOIA was intended to disclose. The disclosure of the phone number would

constitute a clearly unwarranted invasion of personal privacy pursuant to exemption 6.

Therefore, the Service properly withheld in part page 27 under exemption 6.

> **4.    The Service Properly Withheld in Part Information on a Page of**

*Revenue Agents' Notes Pursuant to Exemptions 6 and 7(C).*

Page 28 is a page of handwritten notes a revenue agent took during a conference with a third- party contact. (Suppl. Mikolashek Decl. ¶8; Banerjee Suppl. Decl. ¶4.) The Service provided EduCap with a copy of this page, partially redacted, in early May 2008 (Banerjee Decl. ¶¶2, 3.), and in mid June- 2008 with the same information redacted (Suppl. Banerjee Decl. ¶3). The name of the contact and what he said are disclosed (Banerjee Suppl. Decl. ¶4.) The only information redacted from page 28 is the contact's phone number. (Suppl. Mikolashek Decl. ¶8.) (*See supra*, pp. 12-14 for the legal standards for claiming exemptions under 7(C) and 6.)

a.    *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 7(C).*

The notes contained on page 28 were taken during a revenue agent's interview of a third-party contact made during the Service's audit of EduCap. This record, therefore, was compiled for law enforcement purposes as exemption 7(C) provides. The Service properly withheld the contact's phone number for the reasons set forth in Part II.B.3(b).

b.    *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 6.*

The contact's phone number withheld on page 28-interview notes- is personal information within the scope of the"similar files" category exemption 6 protects from disclosure. The Service properly withheld the contact's phone number for the reasons set forth in Part II.B.3.c.

5.    ***The Service Properly Withheld in Part Information on a Page of Revenue Agents' Notes Pursuant to Exemptions 5, 6 and 7(C).***

Page 30 is the first page of a two-page document containing typed notes revenue agent Patricia Bruce took during her conference with a third-party contact on August 9, 2006 as part of the Service's audit of EduCap. (Mikolashek Decl. ¶19; Suppl. Mikolashek Decl. ¶5; Suppl. Banerjee Decl. ¶4.) The Service provided EduCap with a partially redacted copy of this page in early May, 2008 and in mid June 2008 with the same information redacted. (Banerjee Decl. ¶3; Suppl. Banerjee Decl. ¶3.) The name of the contact and what he said are disclosed. (Suppl. Banerjee Decl. ¶4.) The information redacted from page 30 is the contact's phone number at the top of the page (Suppl. Mikolashek Decl. ¶¶3, 4) and a mental impression of the agent in the middle of it (Mikolashek Decl. ¶¶19, 19(e).) The audit team uses the agents' notes to aid them in making determinations about whether the taxpayer will be liable for any taxes, for example. (Philipson Decl. ¶6(a).) (See pp. 12-14 for the legal standards provided by exemptions 7(C) and 6, pp. 9-10 for the exemption 5 standards, and pp. 10-11 for the exemption 7(A) standards.)

         *a.*     *The Service Properly Withheld Information on a Portion of a Note*
                  *Pursuant to Exemption 5.*

The information redacted from the middle of page # 30 consists of the revenue agent's mental impressions regarding a statement made by the contact during the interview. (Mikolashek Decl. ¶¶19,19(e).) The examination of EduCap, for which the interview was conducted, is ongoing such that no determination as to whether EduCap will be assessed any tax liability has been reached. (Philipson Decl. ¶3; Bruce Decl. ¶3.)

3346769.3

The examination is clearly at the deliberative stage as the information reflects the author's personal opinion before the Service has taken final action. The status of the examination as ongoing means that any mental impressions might reflect mere recommendations. The Service's assertion to withhold the agents' notes on page # 30 is consistent with the holding in *Judicial Watch,* 306 F. Supp.2d at 70. Therefore, the Service properly withheld in part the agent's impression under exemption 5.

> b.  *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 7(C).*

The notes contained on page 28 were taken during a revenue agent's interview of a third- party contact made during the Service's audit of EduCap. This record, therefore, was compiled for law enforcement purposes as Exemption 7(C) requires.

The information redacted from the top of page 30-interview notes, is the contact's telephone number. (Suppl. Mikolashek Decl. ¶3.) The Service properly withheld the contact's phone number for the reasons set forth in Part II.B.3.b.

> c.  *The Service Properly Withheld the Contact's Phone Number Pursuant to Exemption 6.*

The contact's phone number withheld on page 30-interview notes- is personal information within the scope of the "similar files" category exemption 6 protects from disclosure. The Service properly withheld the contact's phone number for the reasons set forth in Part II.B.3.c.

> **6.  *The Service Properly Withheld in Part Information on a Page of Revenue Agents' Notes Pursuant to Exemptions 7(C) and 6.***

Page 64 is a page containing typed notes revenue agent Patricia Bruce took

during her conference with a third-party contact on August 13, 2006 as part of the

Service's audit of EduCap.  (Suppl. Mikolashek Decl. ¶8; Suppl. Banerjee Decl. ¶4.)  The

Service provided EduCap with a partially redacted copy of this page in early May, 2008

(Banerjee Decl. ¶3), and in mid June 2008 with the same information redacted (Suppl.

Banerjee Decl. ¶3).  The name of the contact and what she said are disclosed.  (Suppl.

Banerjee Decl. ¶4.)  The only information redacted from page 64 is the contact's phone

number.  (Suppl. Mikolashek Decl. ¶8.)  (See pp. 12-14 for the legal standards provided

by exemptions 7(C) and 6.)

> a.    *The Service Properly Withheld the Contact's Phone Number*
> *Pursuant to Exemption 7(C).*

The notes contained on page 64 were taken during a revenue agent's interview of

a third- party contact made during the Service's audit of EduCap.  This record,

therefore, was compiled for law enforcement purposes as exemption 7(C) requires.

The information redacted from the top of page 64-interview notes- is the

contact's telephone number.  (Suppl. Mikolashek Decl. ¶8.)  The Service properly

withheld the contact's phone number for the reasons set forth in Part II.B.3.b.

> b.    *The Service Properly Withheld the Contact's Phone Number*
> *Pursuant to Exemption 6.*

The contact's phone number on the top of page 64-interview notes- was the only

information withheld (Suppl. Mikolashek Decl. ¶8); it is personal information within

the scope of the"similar files" category exemption 6 protects from disclosure.  The

Service properly withheld the contact's phone number for the reasons set forth in Part

II.B.3.c.

### 7.    *The Service Properly Withheld in Part the Information Contained in an E-mail Pursuant to Exemptions 7(C) and 6.*

Page 106 is an e-mail between Service employees regarding the interview of Douglas Dolton, a third-party. (Suppl. Mikolashek Decl. ¶6.)[2] He did not express a fear of reprisal as to the release of his name, but Dolton requested that the agents keep confidential the information that he conveyed. (Suppl. Mikolashek Decl. ¶6.) The Service has redacted Dolton's telephone number, address, and a statement as to an aspect of his personal life. (*Id.*) (See pp. 12-14 for the legal standards for exemptions 7(C) and 6.)

#### a.    *The Service Properly Withheld the Contact's Phone Number , Address, and Statement Pursuant to Exemption 7(C).*

The information contained in page 106 is an e-mail authored by a member of the audit team in preparation for the Service's  interview of Dolton, a third-party contact made during the Service's audit of EduCap. (Suppl. Mikolashek Decl. ¶6.) This record, therefore, was compiled for law enforcement purposes as exemption 7(C) requires. The information redacted from the first paragraph of th e-mail a statement about a personal aspect of his life. (*Id.*) The information redacted in the second paragraph of page 106,  is the contact's telephone number, and the third paragraph is his address. (*Id.*) The

---

[2]In its original memorandum and declarations, Service withheld page 106 in full based upon exemptions (b)(3) in conjunction with 26 U.S.C. § 6103(e)(7), (b)(6), (b)(7)(A), and (b)(7)(C).  It now releases it in part based upon exemptions 7(C) and 6, and no longer withholds it based upon exemption 3-in conjunction with section 6103(e)(7) and 7(A).  (Suppl. Mikolashek Decl. ¶6.)

3346769.3

Service properly withheld the statement about the contact's personal life, and his phone

number and address for the reasons set forth in Part II.B.3.b.

>    b.    *The Service Properly Withheld the Contact's Phone Number,*
>           *Address, and Statement Pursuant to Exemption 6.*

The statement about a personal aspect of Dolton's life, and his phone number

and address, are personal information within the scope of the "similar files" category

exemption 6 protects from disclosure.  Its disclosure would be a clearly unwarranted

invasion of Dolton's personal privacy.  Therefore, the Service properly withheld the

contact's phone number for the reasons set forth in Part II.B.3.c.

>    8.    **The Service Properly Withheld in Full Information Contained in a**
>           **Business Card Based upon Exemptions 7(C) and 6.**

Page 135 is a copy of a business card for Douglas Dolton collected during the

interview with the revenue agent.  (Suppl. Mikolashek Decl. ¶6.)  He did not claim fear

of reprisal, but this record contains his personal contact information. (*Id.*).  The Service

withholds the business card based upon exemptions 7(C) and 6.[3] (See pp. 12-14 for the

legal standards for exemptions 7(C) and 6.)

>    a.    *The Service Properly Withheld the Interviewee's Contact*
>           *Information Pursuant to Exemption 7(C).*

The business card was compiled during Dolton's interview as part of the

Service's audit of EduCap.  (Suppl. Mikolashek Decl. ¶5.)  This record, therefore, was

---

[3]The Service mistakenly included page 135 in the assertion of exemption (b)(3) in conjunction with 6103(e)(7) and (b)(7)(A) due to the cross-reference back to paragraph 19 of the original declaration of Mikolashek.

compiled for law enforcement purposes as exemption 7(C) requires.  This record is

withheld in full because it contains  the contact's phone number and address.  (Suppl.

Mikolashek Decl. ¶8.)  The Service properly withheld in full page 135 for the reasons set

forth in Part II.B.3.b.

> b.    *The Service Properly Withheld the Contact's Phone Number*
> *Pursuant to Exemption 6.*

The business card contains the contact's phone number and address.  (Suppl.

Mikolashek Decl. ¶5.)  An individual's phone and address are personal information

within the scope of the"similar files" category exemption 6 protects from disclosure.

The Service properly withheld the contact's phone number for the reasons set forth in

Part II.B.3.c..

> **9.    *The Service Properly Withheld in Full the Information Contained***
> ***in Revenue Agents' Notes Pursuant to Exemptions 3, 7(A),(c), 6,***
> ***and 5.***

Pages 69-105 and 107-282 are notes the revenue agents took while interviewing

third- party contacts during the Service's audit of EduCap (Bruce Decl. ¶¶12, 14, 15;

Mikolashek Decl. ¶¶11, 19.)  Of these notes, pages 69-85 and 136-282 relate to their

interviews of third- party contacts who claimed fear of reprisal.  (Mikolashek Decl.

¶¶19, 19(a).)  The Service uses the information contained in the agents' notes to gather

information about how EduCap operates and to determine its correct tax liability, if

any.  (Philipson Decl. ¶6(a).)  Bruce spoke to 28 individuals during EduCap's audit, 19

of whom claimed fear of reprisal.  (Bruce Decl. ¶8.)  The notes belong to the audit team

members, namely, Cheryl Cross, Brian Knoch, Igor Ostrovsky, Bruce Philipson, and

Patricia Bruce.  (Bruce Decl. ¶15.) (See pp. 5-9 for the legal standards for exemption 3,

pp. 10-11 for the standards for exemptions 7(A), (c), and 6, and pp. 9-10 for the

standards for exemption 5.)

> a.    *The Service Withheld in Full the Notes of the Contacts Who
> Claimed Reprisal Pursuant to Section 6103(e)(7).*

Pages 69-105 and 107-282- agents' notes, are to be withheld in full because they

contain information about the Service's pending investigation of Educap; this

information is exempt from disclosure pursuant to exemption 3 in conjunction with

section 6103(e)(7).  The revenue agent created these records in connection with the

Service's attempt to determine whether to assess any liability against EduCap under the

tax laws.  (Mikolashek Decl. ¶¶11, 19(c); Bruce Decl. ¶5.)  The third-party contacts who

provided information to the revenue agents did so only after expressing a desire for

their names to remain confidential (Mikolashek Decl.¶19), and implicitly the

information they supplied is to be treated confidentially.  Indeed, 19 individuals

expressly stated they wanted their names withheld, and another individual stated that

he or she did not object to his name being disclosed, but wanted the statements he or

she made kept confidential.  (Mikolashek Decl.¶19; Philipson Decl. ¶6.)

Given the apprehension expressed by these third parties, and the fact that the

Service's investigation is not complete, the Secretary has determined that the disclosure

of the information in the interview notes will seriously impair federal tax

administration.  Clearly, the release of the information in the notes will have a chilling

effect on the availability of important sources of information about EduCap.  The

3346769.3

Service, therefore, properly withheld in full pages 69-105 and 107-282 based upon

exemption 3 in conjunction with section 6103(e)(7).

> b.    *The Service Withheld in Full the Notes of the Contacts Who*
> *Claimed Reprisal Pursuant to Section 7602(c)(3)(B).*

Pages 69-85 and 136-282 are notes of the interviews of contacts who expressed

fear of reprisal and asked that their identities not be released.  (Mikolashek Decl.¶¶19,

19(a).)  It is Bruce's practice to read a prepared statement to interviewees that informs

them that, if they fear reprisal, the Service would be prohibited from revealing their

identities to the taxpayer.  (Bruce Decl.¶7.)  Bruce read this statement to her

interviewees, and in response certain individuals claimed fear of reprisal.  (Bruce

Decl.¶¶7, 8.)  Consistent with section 7602(c)(3)(B) and 28 C.F.R. §301.7602-2(f), the

Secretary determined that good cause existed showing reprisal and decided not to

provide EduCap with a record of all third-party contacts.[4]  The information in the notes

contains facts the release of which would be tantamount to releasing their names.

(Mikolashek Decl.¶19(a).)  The third parties with whom the revenue agents spoke all

had personal knowledge of EduCap's operations, many of them as former employees.

(Mikolashek Decl. ¶19(a).)  At the time of the interview, some of these contacts still

worked in the same industry as EduCap and believed EduCap and its managers had

-------

[4]The Service points out that the Service released the identity of contacts who did
not express fear of reprisal in response to the original FOIA request and on May 7, 2008.
*(See* Banerjee Decl. ¶2, Ex. A.)

influence in it.  *(Id.)*  Each page of notes contains sufficient unique information and

knowledge of the interviewee about EduCap such that their release would allow

EduCap to deduce the identity of the individual.  *(Id.)*  The Service, therefore, properly

withheld in full pages 69 through 85 and 136 through 282 based upon exemption 3 in

conjunction with section 7602(c)(3)(B).

> c.    *Section 552(b)(7)(A) Exempts Records Pertaining to Pending Investigations.*

Information on the revenue agents' interview notes-pages 69-105 and 107-282 are

exempt from disclosure under exemption 7(A) because EduCap's audit is not

completed.  As of the date of this writing, the Service had not finished its examination

of EduCap; the audit is ongoing.  (Bruce Decl. ¶3; Philipson Decl. ¶¶3; 6; Mikolashek

Decl. ¶¶ 19, 19(a).)  Accordingly, the examination is at an  investigatory stage of

assessing whether any tax liability should be assessed against EduCap.  (Philipson Decl.

¶6.)  Disclosure of the information contained in these notes can hamper the Service's

progress in this, and/or other audits, and is likely to discourage those interviewed to

continue participating in the audit and/or discourage future third- party contacts from

providing relevant information to the Service.  (Philipson Decl. ¶6.)  The interview

notes are properly withheld as a category pursuant to *Reporters Committee*.  The Service,

therefore, properly withheld in full pages 69-105 and 107-282 based upon exemption

7(A).

> d.    *The Service Properly Withheld the Notes of Contacts Who Claimed Fear of Reprisal Pursuant to Exemption 7(C).*

This revenue agents' notes were compiled during EduCap's audit (Philipson 6(a); Bruce Decl. ¶¶12, 14, 15) for law enforcement purposes. The Service fully withheld pages 69-105 and 107-282 because they are the agents' notes of interviews of third- party contacts who claimed fear of reprisal or who asked that their interviews remain confidential. (Mikolashek Decl. ¶¶19; 19(d).) It is reasonable to conclude that individuals' claims of fear of reprisal are evidence that disclosure of their identities would be an unwarranted invasion of their privacy. Disclosure of the phone number does not serve any public interest as it does not shed light on any of the Service's operations or activities that FOIA was intended to disclose. Accordingly, the Service reasonably expects that the disclosure of their identities would constitute an unwarranted invasion of their personal privacy.

Pursuant to the Supreme Court's principles in *Reporters Committee*, the information described above in the agents' interview notes, ought not to be disclosed. First, none of these records have any relationship to the public's interest as defined under the FOIA. Second, the release of these records do not shed light on the performance of the Service's statutory duties.

Finally, given the nature and purpose of these records, and consistent with *Reporters Committee*, the Service has properly categorically applied exemption 7(C) to all interview notes-those withheld in part and in full. Therefore, the Service properly withheld in full pages 69-105 and 107-282 based upon exemption 7(C).

       e.      *The Service Properly Withheld the Notes of Contacts Who Claimed*

*Fear of Reprisal Pursuant to Exemption 6.*

Pages 69-105 and 107- 282 are notes taken by revenue agents during the interviews of third- party contacts who claimed fear of reprisal (Mikloashek Decl. ¶¶19, 19(d).)  The information these individuals provided is personal information within the scope of the"similar files" category exemption 6 protects from disclosure because its disclosure would reveal their identities without their consent.  Disclosure of the identity of these third- party contacts does not serve any public interest as it does not shed light on any of the Service's operations or activities that FOIA was intended to disclose.  The disclosure of the their identities constitutes a clearly unwarranted invasion of personal privacy pursuant to exemption 6 as they have affirmatively requested that their identities not be revealed.  Therefore, the Service properly withheld in full pages 69-105 and 107- 282.

f.    *A Portion of a Record That Is Part of the Interview Notes Is Properly Withheld Pursuant to Exemption 5.*

A portion of page 238, which is included in the notes of the contacts who claimed reprisal (69-85 and 136-282), contains the "back and forth" between the revenue agents working on the case as to the way in which their conduct of the audit should proceed, reflecting their respective thought processes.  (Suppl. Mikolashek Decl. ¶7.)  As the Service did in its original memorandum, it continues to withhold in full this page based upon (b)(3) in conjunction with sections §§ 7602(c)(3)(B) and 6103(e)(7), and exemptions (b)(7)(A); (b)(6); and (b)(7)(C).  Page 238 is also exempt under FOIA exemption (b)(5), however.  (Suppl. Mikolashek Decl. ¶7.)  The information contains the mental

impressions and intra-agency deliberations between Service personnel as to the scope

and direction of the investigation and does not represent a final agency decision. (*Id.*)

As of the date of this writing, the Service had not finished its examination of EduCap;

the audit is on-going.  (Bruce Decl. ¶3; Philipson Decl. ¶3; Mikolashek Decl. ¶¶ 19,

19(a).)  Accordingly, the examination is at an investigatory stage of assessing whether

any tax liability should be assessed against EduCap.  (Philipson Decl. ¶6.)  Therefore,

the Service properly withheld in part the mental impressions on page 238 under

exemption 5.

> **10.     The Service Properly Withheld in Full the Documents One of the Interviewees Provided to the Revenue Agent (283-945) Pursuant to Exemptions 3, 7(A),(C), 6.**

Pages 283 through 945 are records that were provided by an individual third-

party contact to the revenue agent during the Service's audit of EduCap.  (Mikolashek

Decl. ¶¶19, 19(d), 20, 20(d).)  The documents this interviewee provided to the revenue

agent are withheld in full because this interviewee claimed fear of reprisal, and held a

unique position in EduCap.  (Mikloashek Decl. ¶20.) (See pp. 5-9 for the legal standards

for exemption 3, pp. 10-11 for the standards for exemptions 7(A), (c), and 6.)

> *a.     The Service Withheld in Full Pursuant to Section 6103(e)(7) the Documents It Was Provided by a Contact Who Claimed Reprisal.*

The documents a third- party contact gave to the revenue agent during

an interview during the Service's  audit of EduCap are to be withheld in pursuant to

exemption (b)(3) in conjunction with section 6103(e)(7).  This individual held a unique

position in EduCap with access to a combination of information that, if disclosed,

would allow EduCap to narrow the list of potential sources of the information with greater accuracy and compromise the third-party's identity.  (Mikolashek Decl.¶20.) This contact expressed a fear of reprisal.  (*Id.*)  Bruce Philipson is a supervisory revenue agent.  (Philipson Decl. ¶2.)  His duties and responsibilities include planning, directing, and coordinating the work of revenue agents engaged in the conduct of investigations of varying levels of difficulty and complexity concerning exempt organization.  *Id.* Philipson has the delegated authority, through Delegation Order 11, to determine whether an agency record is exempt from disclosure of under section 6103(e)(7). (Philipson Decl. ¶5.)

Given the apprehension expressed by this contact and the fact that the Service's investigation is not complete, the Secretary has determined that the disclosure of the information in the interview notes will seriously impair federal tax administration. Clearly, the release of the documents the contact provided to the revenue agent will have a chilling effect on the availability of important sources of information about EduCap.

> b.    *The Service Withheld in Full Pursuant to Section 7602(c)(3)(B)*
> *The Documents It Was Provided by a Contact Who Claimed*
> *Reprisal.*

Like the agents' notes of the interviews of contacts who claimed reprisal, the documents provided by one of these contacts-pages 283-945- are also exempt from disclosure under section 7602(c)(3)(B).  This contact expressed fear of reprisal. (Mikolashek Decl. ¶20.)  This individual held a unique position in EduCap with access

to a combination of information that, if described would allow EduCap to narrow the list of potential sources of the information. (*Id.*) For these reasons, and the reasons set forth in establishing the withholding of the agents' interview notes of contacts who claimed reprisal (*see supra,* Part II.B.9.b.), the documents provided by the contact-pages 283-945- are exempt from disclosure under section 7602(c)(3)(B).

c.    *Section 552(b)(7)(A) Exempts Records Pertaining to Pending Investigations Such ss The Documents the Service Was Provided by a Contact Who Claimed Reprisal.*

The documents the contact who claimed reprisal provided to a revenue agent during an interview are exempt from disclosure under exemption 7(A) because EduCap's audit is not completed. As of the date of this writing, the Service had not finished its examination of EduCap; the audit is on-going. (Bruce Decl. ¶3; Philipson Decl. ¶3; Mikolashek Decl. ¶¶ 19, 19(a).) Accordingly, the examination is at an investigatory stage of assessing whether any tax liability should be assessed against EduCap. (Philipson Decl. ¶6.) Disclosure of these documents can hamper the Service's progress in the audit, and is likely to discourage those interviewed to continue participating in the audit and/or discourage future third-party contacts from providing relevant information to the Service. The Service, therefore, properly withheld in full pages 69-105 and 107-282 based upon exemption 7(A).

d.    *The Service Properly Withheld the Documents from a Contact Who Claimed Fear of Reprisal Pursuant to Exemption 7(C).*

The documents the interviewee provided to the revenue agent-pages 283 through 945- are withheld in full because this interviewee claimed fear of reprisal, and

held a unique position in EduCap.  Disclosure of the information in these records would reveal this person's position, and therefore, this individual's identity.  (Mikolashek Decl. ¶20.)  Accordingly, the Service reasonably expects that disclosure of these records would constitute an unwarranted invasion of this individual's personal privacy.  Therefore, the Service has properly withheld in full pages 283 through 945 pursuant to exemption 7(C).

       e.     *The Service Properly Withheld the Documents from a Contact Who Claimed Fear of Reprisal Pursuant to Exemption 6.*

The documents the interviewee provided to the revenue agent-pages 283 through 945- are withheld in full because this interviewee claimed fear of reprisal, and held a unique position in EduCap.  Disclosure of the information in these records would reveal this person's position, and therefore, this individual's identity.  (Mikolashek Decl. ¶20.)  The identity of this individual is personal information within the scope of the"similar files" category exemption 6 protects from disclosure because its disclosure would reveal this person's identity without this individual's consent.  Disclosure of the identity of this contact does not serve any public interest as it does not shed light on any of the Service's operations or activities that FOIA was intended to disclose.  It is reasonable to conclude that this individual's claims of fear of reprisal are evidence that disclosure of this individual's identity would be an unwarranted invasion of this person's privacy.  Accordingly, the Service reasonably expects that the disclosure of this individual's identity would constitute an unwarranted invasion of this person's privacy.

                3346769.3

Pursuant to the Supreme Court's principles in *Reporters Committee*, the information in the documents ought not to be disclosed.  First, none of these records have any relationship to the public's interest as defined under the FOIA.  Second, the release of these records do not shed light on the performance of the Service's statutory duties.

Finally, given the nature and purpose of these records, and consistent with *Reporters Committee*, the Service has properly categorically applied exemption 7(C) to all documents provided by the contact who claimed reprisal.  Therefore, the Service properly withheld in full pages 283-945 based upon exemption 7(C).

II.     THE SERVICE DOES NOT CLAIM THAT THE PHONE NUMBERS IN THE INTERVIEW NOTES CONTAINED IN PAGES 27 AND 30 ARE EXEMPT PURSUANT TO 5 U.S.C. § 552(B)(3) IN CONJUNCTION WITH 26 U.S.C. § 6103(E)(7).

The Service inadvertently claimed exemption 3 in connection with 26 U.S.C. § 6103(e)(7) for the telephone numbers on top of pages 27 and 30 in the memorandum of points and authorities.  (Suppl. Mikolashek Decl. ¶5; Memorandum p. 19-20.)  This inadvertent assertion was based on a statement in paragraph 19(c) of Mikolashek's initial declaration, which referred back to the documents described in paragraph 19 in her declaration.  (Suppl. Mikolashek Decl. ¶5.)  Specifically, paragraph 19 described pages 27 and 30 (withheld in part) and 69 through 282 (withheld in full).  Paragraph 19(c) stated that the information in the interview notes described in paragraph 19 were withheld pursuant to section 6103(e)(7); it meant, however, to apply exemption 6103(e)(7) to the notes contained in pages 69 through 282.  Therefore, the Service

clarifies that it withholds in full, based upon section 6103(e)(7), pages 69 through 282; it does not claim section 6103(e)(7) for any portion of pages 27 and 30. Its continues to assert, however, that the documents a third- party contact gave to the revenue agents (pages 283 through 945) are to be withheld in full based upon 6103(e)(7). (Memorandum, p. 20.)

CONCLUSION

For the reasons stated above, and in the memorandum and points of authority filed on May 15, 2008, this Court does not have subject matter jurisdiction over EduCap's relief requesting the Court to order the Internal Revenue Service to identify third-party contacts, which the Service determined not to disclose in responding to EduCap's FOIA request. The Service's search for records responsive to EduCap's FOIA request was adequate, and the pages it withheld in full and in part, were justified. Accordingly, based upon the undisputed facts, the Service is entitled to judgment as a matter of law.

Respectfully submitted,

*/S/ Carmen M. Banerjee*

CARMEN M. BANERJEE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423
carmen.m.banerjee@usdoj.gov

Counsel for defendant
INTERNAL REVENUE SERVICE

3346769.3

Of Counsel:

JEFFREY A. TAYLOR
United States Attorney

3346769.3

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

EDUCAP, INC.,          )
                       )
        Plaintiff,     )
                       )
      v.              )     NO. 1:07-cv-02106 RMC
                       )
INTERNAL REVENUE SERVICE  )
1111 Constitution Avenue, N.W.  )
Washington, DC 20224,      )
                       )
        Defendant.   )

### THE INTERNAL REVENUE SERVICE'S SUPPLEMENTAL STATEMENT OF
### MATERIAL FACTS AS TO WHICH IT CONTENDS THERE IS NO GENUINE ISSUE

1.      EduCap, Inc., plaintiff, brought the instant action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).  (Compl. ¶¶ 2, 3.)

2.      Bruce Philipson is a supervisory revenue agent.  (Philipson Decl. ¶2.)  His duties and responsibilities include planning, directing, and coordinating the work of revenue agents engaged in the conduct of investigations of varying levels of difficulty and complexity concerning exempt organizations.  (*Id*.)  Philipson has the delegated authority, through Delegation Order 11, to determine whether an agency record is exempt from disclosure of under 26 U.S.C. § 6103(e)(7).  (Philipson Decl. ¶5.)

3.      Patricia Bruce is an internal revenue agent at the Service employed at the Tax Exempt/Governmental Entities (TE/GE) Division.  She served as the team leader for the Service's administrative examination of EduCap.  She gathered information for

the audit and coordinated the different portions of it to ensure the audit moved

forward.  (Suppl. Bruce Decl. ¶¶1,2.)

4.     Page 18 is one of two pages of a document entitled "List of 3rd Party

Contacts, FOIA Request," which revenue agent Patricia Bruce prepared.  (Suppl. Bruce

Decl. ¶4.)  The list contains the names of the contacts, dates the Service contacted them,

either their social security numbers or phone numbers, the purpose/comment about the

contact, and the Form 12175 reference.  (*Id*.)  The social security number of a third-party

contact is the only information the Service redacted in the copy it provided to EduCap

in May 2008.  (Mikolashek Decl. ¶¶21, 21(a).)  The Service provided EduCap with a

redacted copy in early May 2008.  (Banerjee Decl. ¶¶2,3, Ex. A.)

5.     Pages bearing control numbers 26, 27, 28, 30, and 64 are interview notes,

which contain individual identifying information.  (Mikolashek Decl. ¶19, 19(d);

Supplemental Mikolashek Decl. ¶¶3,4,5.)  The individual subjects of these interviews

did not claim fear of reprisal.  (Suppl. Mikolashek Decl. ¶¶ 3, 5.)

6.     Pages 26, 27, 28, 30, and 64 contain information revenue agents gathered

during the course of their interviews, which they conducted as part of the Service's

audit of EduCap.  (Mikolashek Decl. ¶¶ 19, 19(d); Supplemental Mikolashek Decl. ¶5;

Bruce ¶¶3, 8, 14; Philipson Decl. ¶6.)

7.     Page 26 is half of a page of typed notes revenue agent Patricia Bruce took

during her conference with a third- party contact.  (Suppl. Mikolashek Decl. ¶8.)  The

Service provided EduCap with a partially redacted copy of this page in mid June 2008.

3353423.1

(Suppl. Banerjee Decl. ¶3.)  The name of the contact and what he said are disclosed; the only information redacted from page 26 is the contact's phone number.  (Suppl. Mikolashek Decl. ¶8.)

8.      Page 27 is a page of handwritten notes a revenue agent took during a conference with a third-party contact.  (Mikolashek Decl. ¶19; Suppl. Mikolashek Decl. ¶3.)  The Service intended to provide EduCap with a partially redacted copy of page 27 with the group of documents it provided in early May 2008, but it was inadvertently omitted.  (Suppl. Banerjee Decl. ¶3.)  The Service, however, gave a copy of this page in mid June 2008 with the same redaction.  (*Id*.)  The name of the contact and what he said, and the names of two other individuals were not redacted.  The contact's phone number, and the social security number of the other two individuals, however, were redacted.  (Mikolashek Decl. ¶¶19; 19(d); Supplemental Mikolashek Decl. ¶¶3, 4.*)*

9.      Page 28 is a page of handwritten notes a revenue agent took during a conference with a third-party contact.  *(*Suppl. Mikolashek Decl. ¶8.)  The Service provided EduCap with a copy of this page, partially redacted, in early May 2008 (Banerjee Decl. ¶¶2, 3.), and in mid June- 2008 with the same information redacted (Suppl. Banerjee Decl. ¶3).   The name of the contact and what he said are disclosed; the only information redacted from page 28 is the contact's phone number.  (Suppl. Mikolashek Decl. ¶8.)

10.      Page 30 is the first page of a two-page document containing typed notes revenue agent Patricia Bruce took during her conference with a third-party contact on

3353423.1

August 9, 2006 as part of the Service's audit of EduCap.  (Mikolashek Decl. ¶19; Suppl. Mikolashek Decl. ¶5.)

11.     The Service provided EduCap with a partially redacted copy of page 30 in early May, 2008 and in mid June 2008 with the same information redacted.  (Banerjee Decl. ¶3; Suppl. Banerjee Decl. ¶3 ).  The name of the contact and what he said are disclosed.  The information redacted from the top of page 30 is the contact's phone number (Suppl. Mikolashek Decl. ¶¶3, 4) and a mental impression of the agent in the middle of it (Mikolashek Decl. ¶¶19, 19(e).)  The information redacted from the middle of page 30 consists of the revenue agent's mental impressions regarding a statement made by the contact during the interview.  (Mikolashek Decl. ¶¶19,19(e).)

12.     The Service inadvertently asserted exemption 3 in connection with 26 U.S.C. § 6103(e)(7) for the telephone numbers on top of pages 27 and 30 in its prior memorandum.  (Memorandum p. 19-20; Suppl. Mikolashek Decl. ¶5.)  This inadvertent assertion was based on a statement in paragraph 19(c) of Mikolashek's initial declaration, which referred back to the documents described in paragraph 19 of her declaration.  (Suppl. Mikolashek Decl. ¶5.)  Specifically, paragraph 19 described pages 27 and 30 (withheld in part) and 69-282 (withheld in full).  Paragraph 19(c) stated that the information in the interview notes described in paragraph 19 were withheld pursuant to section 6103(e)(7); it meant, however, to apply exemption 6103(e)(7) to the notes contained in pages 69-282.

13.     Page 64 is a page containing typed notes revenue agent Patricia Bruce took

3353423.1

during her conference with a third-party contact on August 13, 2006 as part of the

Service's audit of EduCap.  (Suppl. Mikolashek Decl. ¶8.)  The Service provided

EduCap with a partially redacted copy of this page in early May, 2008 (Banerjee Decl.

¶3), and in mid June 2008 with the same information redacted (Suppl. Banerjee Decl.

¶3).  The name of the contact and what she said are disclosed.  The only information

redacted is on the top of 64, which is the contact's phone number.  (Suppl. Mikolashek

Decl. ¶8.)

14.     Page 106 is an e-mail between Service employees regarding the interview

of Douglas Dolton, a third-party.  (Suppl. Mikolashek Decl. ¶6.)[1]  He did not express a

fear of reprisal as to the release of his name, but Dolton requested that the agents keep

confidential the information that he conveyed.  (Suppl. Mikolashek Decl. ¶6.)  The

Service has redacted Dolton's telephone number, address, and a statement as to an

aspect of his personal life.  (*Id*.)  A member of the audit team authored page 106 in

preparation for the Service's  interview of Dolton, a third-party contact made during the

Service's audit of EduCap.  (Suppl. Mikolashek Decl. ¶6.)

15.     The information redacted from the first paragraph of the e-mail is a

statement about a personal aspect of his life.  (Suppl. Mikolashek Decl. ¶6.)  The

information redacted in the second paragraph of page 106, is the contact's telephone

---

[1]In its original memorandum and declarations, Service withheld page 106 in full
based upon exemptions (b)(3) in conjunction with 26 U.S.C. § 6103(e)(7), (b)(6),
(b)(7)(A), and (b)(7)(C).  It now releases it in part based upon exemptions 7(C) and 6,
and no longer withholds it based upon exemption 3, in conjunction with section
6103(e)(7) and 7(A).  (Suppl. Mikolashek Decl. ¶6.)

3353423.1

number, and the third paragraph is his address.  (*Id*.)

16.    Page 135 is a copy of a business card for Douglas Dolton collected during the interview with the revenue agent.  (Suppl. Mikolashek Decl. ¶6.)  He did not claim fear of reprisal, but this record contains his personal contact information. (*Id*.).  This record  contains Dolton's phone number and address.  (Suppl. Mikolashek Decl. ¶8.) The Service inadvertently asserted exemption 3 in conjunction with section 6103(e)(7) and (7)(A) for this page.  (Suppl. Mikolashek Decl. ¶5.)

17.    The examination of EduCap, for which the interviews of the third parties were conducted, is ongoing such that no determination as to whether EduCap will be assessed any tax liability has been reached.  (Philipson Decl. ¶3; Bruce Decl. ¶3.)

18.    Pages 69-105 and 107-282 are notes the revenue agents took while interviewing third-party contacts during the Service's audit of EduCap.  (Bruce Decl. ¶¶12, 14, 15; Mikolashek Decl. ¶¶11, 19.)  Of these notes, pages 69-85 and 136-282 relate to their interviews of third-party contacts who claimed fear of reprisal.  (Mikolashek Decl. ¶¶19, 19(a).)

19.    The Service uses the information contained in pages 69-105 and 107-282 - agents' notes, to gather information about how EduCap operates and to determine its correct tax liability, if any.  (Philipson Decl. ¶6(a).)  Bruce spoke to 28 individuals during EduCap's audit, 19 of whom claimed fear or reprisal.  (Bruce Decl. ¶8.)  The notes belong to the audit team members, namely, Cheryl Cross, Brian Knoch, Igor Ostrovsky, Bruce Philipson, and Patricia Bruce.  (Bruce Decl. ¶15.)  The revenue agents

created these records in connection with the Service's attempt to determine whether to assess any liability against EduCap under the tax laws. (Mikolashek Decl. ¶¶11, 19(c); Bruce Decl. ¶5.) The Service withheld in full these notes. (Mikolashek Decl. ¶¶19; 19(d).)

20.     The third-party contacts who provided information in pages 69-105 and 107-282 -agents' notes- to the revenue agents did so only after expressing a desire for their names to remain confidential (Mikolashek Decl.¶19), and implicitly the information they supplied is to be treated confidentially. Nineteen individuals expressly stated they wanted their names withheld, and another individual stated that he or she did not object to his name being disclosed, but wanted the statements he or she made kept confidential. (Mikolashek Decl.¶19; Philipson Decl. ¶6.)

21.     Pages 69-85 and 136-282 are notes of the interviews of contacts who expressed fear of reprisal and asked that their identities not be released. (Mikolashek Decl.¶¶19, 19(a).) It is Bruce's practice to read a prepared statement to interviewees that informs them that, if they fear reprisal, the Service would be prohibited from revealing their identities to the taxpayer. (Bruce Decl.¶7.) Bruce read this statement to her interviewees, and in response certain individuals claimed fear of reprisal. (Bruce Decl.¶¶7, 8.)

22.     The information in the notes about the interviewed contacts who claimed fear of reprisal (pages 69-85 and 136-282) contain facts the release of which would be tantamount to releasing their names. (Mikolashek Decl.¶19(a).) The third parties with

7

whom the revenue agents spoke all had personal knowledge of EduCap's operations, many of them as former employees. (Mikolashek Decl. ¶19(a).) At the time of the interview, some of these contacts still worked in the same industry as EduCap and believed EduCap and its managers had influence in it. (*Id.*) Each page of notes contains sufficient unique information and knowledge of the interviewee about EduCap such that their release would allow EduCap to deduce the identity of the individual. *(Id.)*

23. Disclosure of the information contained in pages 69-105 and 107-282 - agents' notes- can hamper the Service's progress in this, and/or other audits, and is likely to discourage those interviewed to continue participating in the audit and/or discourage future third-party contacts from providing relevant information to the Service. (Philipson Decl. ¶6.)

24. The Service fully withheld pages 69-105 and 107-282 because they are the agents' notes of interviews of third-party contacts who claimed fear of reprisal or who asked that their interviews remain confidential. (Mikolashek Decl. ¶¶19; 19(d).)

25. A portion of page 238, which is included in the notes of the contacts who claimed reprisal (69-85 and 136-282), contains the "back and forth" between the revenue agents working on the case as to the way in which their conduct of the audit should proceed, reflecting their respective thought processes. (Suppl. Mikolashek Decl. ¶7.) The information in a portion of page 238 contains the mental impressions and intra-agency deliberations between Service personnel as to the scope and direction of the investigation and does not represent a final agency decision. (*Id*.)

3353423.1

26. As of the date of this writing, the Service had not finished its examination of EduCap; the audit is on-going. (Bruce Decl. ¶3; Philipson Decl. ¶3; Mikolashek Decl. ¶¶ 19, 19(a).)

27. Pages 283-945 are records that were provided by an individual third-party contact to a revenue agent during the Service's audit of EduCap. (Mikolashek Decl. ¶¶19, 19(d), 20, 20(d).) This individual held a unique position in EduCap with access to a combination of information that, if described, would allow EduCap to narrow the list of potential sources of the information with greater accuracy and compromise the third-party's identity. (Mikolashek Decl.¶20.) This contact expressed a fear of reprisal. (*Id*.)

28. Disclosure of the information  records that were provided by the individual third-party contact (pages 283-945) would reveal this person's position, and therefore, this individual's identity. (Mikolashek Decl. ¶20.)

29. The Service's revenue agents complete Forms 12175 for each third-party contact they make during the course of an audit. (Bruce Decl. ¶9; Hardy Decl. ¶ 2; Memorandum, p.15.)

30. While gathering and reviewing the Forms 12175 completed for the third party contacts made during EduCap's audit, the Service noted that a Form 12175 was missing for one of the contacts on a list of contacts revenue agent Patricia Bruce prepared. (Suppl. Bruce Decl. ¶4.) This list bears control numbers 18-19, which has previously been released to EduCap. (Banerjee Decl. ¶3; Suppl Banerjee Decl. ¶3.) Bruce's list shows, on line 23 of the page bearing control number 19, that she contacted Theresa Catterton  on March 14, 2007. (Suppl. Bruce Decl. ¶3.) The Form 12175 for the

3353423.1

Service's contact of Catterton, however, was not among the 12175's the Service initially gathered.

31.     Bruce expressly recalls that she contacted Catterton and that Catterton did not claim fear of reprisal.  (Suppl. Bruce Decl. ¶¶ 3, 7.)  Bruce mistakenly indicated claim of reprisal on the 12175 she completed for Catterton at the time she made the contact.  (Id. ¶7.)  Bruce erred in not forwarding this 12175 to Maureen Hardy, the third-party coordinator.  (Id. ¶5.)  Bruce believes that her mistakes may have been caused by closing her file without changing it to reflect her conversation with Catterton.  (*Id.* ¶5.)

32.     Bruce completed a new Form 12175 on or about May 29, 2008 to reflect that she contacted Catterton on March 14, 2007 and that Catterton did not claim reprisal.  Bruce made the correction consistent with her practice of completing corrected Forms 12175 when she discovers mistakes on previously completed forms.  (*Id.* ¶8.)  Because hesitated to take follow her practice because of the pending litigation, and corrected it when Adrienne Mikolashek, the attorney at the Service's Chief Counsel's assigned to assist in this case, directed her to do so.  (Suppl. Bruce Decl. ¶9.)  Bruce forwarded the corrected Form 12175 and forwarded it to Hardy, who entered it into the Service's IDRS computer system.  (*Id.* ¶9.)

33.     The original Form 12175 Bruce completed to reflect her contact with Catterton (control number 987) is attached as exhibit A to her supplemental declaration and the corrected form (control number 988) is attached as exhibit B to her supplemental declaration.  Bruce believes that Exhibit A is the only Form 12175 she incorrectly completed and exhibit B is the only one she mistakenly did not forward to

the third-party coordinator.  (Suppl. Bruce Decl. ¶5.)

34.    The documents the interviewee provided to the revenue agent were gathered by the Service during its audit of EduCap (Mikolashek Decl. ¶20.)  This interviewee, who claimed fear of reprisal, held a unique position in EduCap.  (*Id*.)

Respectfully submitted,

*/S/ Carmen M. Banerjee*

CARMEN M. BANERJEE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423
carmen.m.banerjee@usdoj.gov


Counsel for defendant
INTERNAL REVENUE SERVICE

Of Counsel:

JEFFREY A. TAYLOR
United States Attorney

3353423.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

EDUCAP, INC.                               )
                                          )
            Plaintiff,                     )
                                          )      No.  1:07-cv-02106 RMC
                                          )
      vs.                                 )
                                          )
INTERNAL REVENUE SERVICE                   )
                                          )
            Defendant.                     )

### Supplemental Declaration of Adrienne M. Mikolashek

I, Adrienne M. Mikolashek, pursuant to the provisions of 28 U.S.C. § 1746(2),

declare as follows:

1.      I am an attorney in the Internal Revenue Service's (the "Service"), Office

of Chief Counsel, Procedure & Administration, Branch 6, and, since December 17,

2007, have been assigned to the above-captioned case.  I have been employed as an

attorney in Procedure & Administration since January 2006.  My duties include assisting

the Department of Justice in defending the Service in litigation arising under the

Freedom of Information Act (FOIA).  My position and its duties require me to know the

types of documents created and maintained by the various divisions and functions of

the Service and an understanding of the provisions of the FOIA, which exempt certain

documents from disclosure in response to a request.

2.      I provide this supplemental declaration to clarify information withheld from

certain pages released with minor redactions, to clarify the claims of exemptions as to

others, as well as to establish the factual bases underlying exemptions claimed for the

1    Service's partial withholdings on pages 26, 28, and 64, which were inadvertently omitted

2    from my initial declaration.  In addition, the Service has identified two other documents

3    (Forms 12175 for the March 14, 2007 contact), pages 987 and 988, that have been

4    released in full to plaintiff and more fully explained in the supplemental declaration of

5    Revenue Agent Patricia Bruce.

6        3.        My initial declaration, dated May 15, 2008, identified the documents the

7    Service withheld, either in full or in part, along with the applicable FOIA exemptions.

8    Pages 27 and 30 were identified as interview notes (paragraph 19) and were released

9    with redactions without stating the nature of the redactions.  A telephone number of a

10   third party contact was redacted from the tops of pages 27 and 30; and social security

11   numbers of two witnesses, whose names are otherwise identified in the document were

12   redacted from the bottom of page 27.  These pages of interview notes were released

13   with the third party identified because the individuals did not claim a fear of reprisal.

14       4.        Furthermore, the last sentence of paragraph 19(d) should have read "The

15   release of the information would be **an unwarranted invasion of the personal privacy**

16   **of the individuals interviewed.**"  I would further note that paragraphs 19, 19(d), 20,

17   and 20(d) explained the Service's reasons for withholding in full and in part information

18   based upon exemptions (b)(6) and (b)(7)(C).

19       5.        In paragraphs 19(b) and 19(c) of my initial declaration, the Service

20   asserted that the interview notes were exempt from disclosure under FOIA exemption

21   (b)(3) in conjunction with Internal Revenue Code section 6103(e)(7) and exemption

22   (b)(7)(A).  The control numbers for the pages were not cited in those paragraphs, as

23   they instead referred back to the initial description of the documents in paragraph 19,

1    including pages 27 and 30 which were released with minor redactions and page 135

2    which was withheld in full.  Pages 27, 30, and 135 (a copy of a business card for

3    Douglas Dolton, an individual who did not fear reprisal, but which contains his personal

4    contact information attached to notes from an interview) were mistakenly included in the

5    assertion of exemption (b)(3) in conjunction with 6103(e)(7) and (b)(7)(A) due to the

6    cross-reference back to paragraph 19.

7         6.    Upon further review of the documents, the Service has decided to release

8    a segregable portion of page 106.  Page 106 is an e-mail between IRS employees

9    regarding the interview of Douglas Dolton, a third party who did not express a fear of

10    reprisal as to the release of his name, but who did request that the agents keep

11    confidential the information that he conveyed.  The Service has redacted the individual's

12    telephone number, address, and a statement as to aspects of his personal life.  In my

13    initial declaration this page was withheld in full and the Service asserted FOIA

14    exemptions (b)(3) in conjunction with I.R.C. § 6103(e)(7), (b)(6), (b)(7)(A), and (b)(7)(C)

15    as the basis for its withholding.  Having now determined to release the segregable

16    portions of page 106, the Service has altered the basis for its withholdings and claims

17    that the personal items redacted from page 106 are only exempt from disclosure under

18    FOIA exemptions (b)(6) and (b)(7)(C) as the information would constitute an

19    unwarranted invasion of the individual's personal privacy.  The information provides

20    little, if any, insight into the operations of the Internal Revenue Service.  Given the clear

21    privacy interest in these items of personal information, and the absence of any public

22    interest, the Service determined the balance tipped in favor of the individual's privacy.

1      7.      The Service has also determined that a portion of page 238 contains the

2    "back and forth" between the revenue agents working on the case as to the way in

3    which their conduct of the audit should proceed, reflecting their respective thought

4    processes.  This page was identified in my initial declaration in the description of

5    interview notes in paragraph 19 and withheld under exemptions (b)(3) in conjunction

6    with I.R.C. §§ 7602(c)(3)(B) and 6103(e)(7); (b)(7)(A); (b)(6); and (b)(7)(C) and the

7    Service continues to withhold this page in full on these grounds.  The Service, however,

8    also asserts that a portion of page 238 is also exempt under FOIA exemption (b)(5) as

9    the information contains the mental impressions and intra-agency deliberations between

10   Service personnel as to the scope and direction of the investigation and does not

11   represent a final agency decision.

12     8.      In addition to the withheld materials described in my initial declaration, the

13   Service released with minor redactions three additional pages (pages 26, 28 and 64)

14   not described therein, consisting of revenue agent notes taken during interviews of third

15   party contacts.  Telephone numbers of the third party contacted have been redacted

16   from the tops of pages 26, 28, and 64 to protect the personal privacy of these

17   individuals.  These pages on interview notes were released with the third party identified

18   because the individuals did not claim a fear of reprisal.  The Service asserts the

19   redacted material on these pages is exempt from disclosure for the following reasons:

20           (a)     Exemption (b)(6) and (b)(7)(C).  The Service claims the information

21   redacted from the documents described in paragraph eight is exempt from disclosure

22   under FOIA exemptions (b)(6) and (b)(7)(C) as its release would be an unreasonable

23   invasion of the individual's privacy.  Third party witnesses have voluntarily provided

4

1    information to assist the Service in its investigation of plaintiff.  The release of these

2    telephone numbers would be an unwarranted invasion of the personal privacy of the

3    individuals identified in the notes and would provide little, if any, insight into the

4    operations of the Internal Revenue Service.  Given the clear privacy interest in these

5    items of personal information, and the absence of any public interest, the Service

6    determined the balance tipped in favor of the individual's privacy.

7         I declare under penalty of perjury that the foregoing is true and correct.

8

9    Executed this 9th day of June, 2008 at Washington, D.C..

10
11
12
13
14
15         Adrienne M. Mikolashek
16         Office of Chief Counsel
17         (Procedure & Administration)
18         Internal Revenue Service
19         Washington, D.C. 20224
20

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

EDUCAP, INC.                                    )

          Plaintiff,                            )

                                                )          No. 1:07-cv-02106 RMC

          vs.                                   )

                                                )

INTERNAL REVENUE SERVICE                        )

          Defendant.                            )

**Supplemental Declaration of Patricia Bruce**

I, Patricia Bruce, pursuant to the provisions of 28 U.S.C. § 1746(2), declare as

follows:

1.      I am an Internal Revenue Agent in the Internal Revenue Service's

("Service") Tax Exempt/Governmental Entities (TE/GE) Division, Exempt Organizations,

Examinations, Financial Investigation Unit. I have been a Revenue Agent since

January 1988 and with the Service since January 1988.

2.      As a revenue agent, my duties and responsibilities include conducting

examinations of varying levels of difficulty and complexity concerning exempt

organizations. In this case I serve as the team leader for the administrative examination

of plaintiff because the examination is part of the Team Exam Program (TEP), a

program in TE/GE, Exempt Organization for large cases. As team leader, I work with

the revenue agents on the team to gather the information needed for the audit and

coordinate the different portions of the audit to ensure the audit moves forward and is

technically correct.

1       3.      On March 14, 2007, I contacted Theresa Catterton, a third party, during

2    the course of my investigation of plaintiff. I contacted Ms. Catterton by telephone and

3    did not make any notes of our conversation.

4       4.      When plaintiff filed its Freedom of Information Act (FOIA) request, one of

5    the items it requested was the identity all third party contacts. I prepared my own list

6    based on the Forms 12175 in the paper and electronic file related to plaintiff, including

7    the Form 12175 I prepared at the time of my telephone call to Ms. Catterton, which was

8    saved on my computer under her name. The list includes the third party contacts and

9    the date they were contacted (control numbers 18, 19). My list was provided to plaintiff

10    in response to its FOIA request with minor redactions. Where I contacted an individual

11    who expressed a fear of reprisal, I did not enter the person's name on the list but rather

12    listed "reprisal" and the date of the contact. On line 23 of control number 19 (my list), I

13    entered the contact I made to Ms. Catterton as one where the individual feared reprisal.

14       5.      It is my practice that before I make a call I open up the last Form 12175 I

15    completed and save it as a new file. After I conclude the conversation, I complete the

16    form and try to forward it to Ms. Hardy the same day. In this case, I opened a Form

17    12175 and saved it to my computer under Ms. Catterton's name. A copy of this form is

18    attached to my declaration as Exhibit A. The Form 12175 saved under Ms. Catterton's

19    name shows the date of March 14, 2007 and the reprisal box is checked. When I later

20    reviewed this form in conjunction with this litigation, I realized that it is not correct. I only

21    learned on May 27, 2008 that I had not forwarded this particular form to Ms. Hardy for

22    entry into the IDRS third party contact database and I had believed up to that time that I

23    had forwarded it to her. I do not know how the mistake was made, but I believe it may

1    have been the result of my prematurely closing the file without changing it to reflect my

2    conversation. That, in turn, may have caused my neglecting to send it forward to Ms.

3    Hardy. To my knowledge, this is the only Form 12175 that was incorrectly completed

4    and also the only Form 12175 not sent to Ms. Hardy in this case.

5        6.      On or about January 23, 2008, I spoke with Adrienne Mikolashek of the

6    Internal Revenue Service's Office of Chief Counsel about the specific allegations in the

7    complaint plaintiff filed in this case. I had been sent a copy of plaintiff's complaint to

8    review prior to this conversation. During our conversation, we addressed the

9    allegations in paragraphs 28, 29, and 30 of plaintiff's complaint related to a third party

10    contact alleged to have been made on March 13, 2007.

11       7.      Having seen the allegations in the complaint, I checked my list of contacts

12    for one on or about March 13, 2007. The allegations in paragraphs 28, 29, and 30 of

13    plaintiff's complaint refer to a third party contact that plaintiff was aware of and who did

14    not claim reprisal, but whose name was not released in response to the FOIA request. I

15    informed Ms. Mikolashek that I contacted Theresa Catterton by telephone on March 14,

16    2007 not March 13, 2007 as alleged by plaintiff. I informed her that I may have

17    mistakenly identified Ms. Catterton as an individual who feared reprisal.

18       8.      In my more recent conversations with Ms. Mikolashek regarding this

19    contact, I recalled my telephone conversation with Ms. Catterton and remembered

20    advising her of the Service's obligation to disclose the names of third party contacts and

21    having explained that if she had a fear of reprisal that her name could be withheld. In

22    response to my explanation, I remember Ms. Catterton affirmatively stating that she did

23    not have a fear of reprisal and that her name could be released to plaintiff.

9.    I am not aware of any IRM provisions that specifically direct IRS employees on procedures for correcting a Form 12175 that has been submitted and entered into the IDRS third party contact database.  When a mistake like this is discovered, I would normally fill out a corrected Form 12175 and submit it to Maureen Hardy.  Given that this case is in litigation with the focus on the third party contacts, I was reticent to follow my normal course of action without further direction from counsel.

10.    On or about May 29, 2008, I spoke to Adrienne Mikolashek and she directed me to follow my normal procedures for correcting a Form 12175.  I, therefore, completed a second Form 12175 disclosing Ms. Catterton's name and sent that form to Ms. Hardy for entry into the IDRS third party database.  A copy of the revised Form 12175 is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___6th___ day of June, 2008 in Atlanta, GA..


Patricia Bruce
Internal Revenue Agent
Internal Revenue Service
Tax Exempt/Governmental Entities Division
Exempt Organizations
Examinations, Financial Investigations Unit
401 W. Peachtree St.
Atlanta, GA 30308

4

## Third Party Contact Report Form

**1. Taxpayer TIN**
*(Include appropriate file source code.)*

5 2 - 1 5 0 9 4 0 2

**2. Name Control**

E D U C

**3. Employee ID Number**

58-07628

**Employee Telephone Number**

404 338-8221

**Employee Mail Stop Number**

501-D

**4. Secondary TIN**
*(Joint filing 1040 only.)*

___ ___ - ___ ___ - ___ ___ ___ ___

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X        Secondary TIN _____        Both _____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*        2007  /  03  /  14

**7. Reprisal Determination**        If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)*  _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**        *TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

EP Plan Number ___ ___ ___        ___ ___ ___ ___ ___ ___ ___ - ___

**10. MFT/TAX Period**        *(Enter all MFT tax periods relating to Primary TIN)*        Example: <u>30</u>  <u>1989</u>  <u>12</u>
                                                                                                    MFT    Year    Month

| MFT | Year | Month | | | | |
|-----|------|-------|--|--|--|--|
| 67 | 2000 | 09 | | | | |
| 67 | 2001 | 09 | | | | |
| 67 | 2002 | 09 | | | | |
| 67 | 2003 | 09 | | | | |
| 67 | 2004 | 09 | | | | |
| 67 | 2005 | 09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

Form 12175 (Rev. 02/20
Cat. No. 26796L

: 00987

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ __ | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br>58-07628 _____<br><br>Employee Telephone Number<br>404 338-8221 _____ |
| :--- | :--- | :--- |
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>__ __ __ - __ __ - __ __ __ __ | | Employee Mail Stop Number<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN _____          Both ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007  /  03  /  14 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Theresa Catterton _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. *Individual*   ☐ 2. *Financial Institution*   ☐ 3. *Business*   ☐ 4. *State/Fed. Government Org.*   ☐ 5. *Other*

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or
National Office Case Control Number

*EP* Plan Number __ __ __ __ __          __ __ __ __ __ __ __ - __

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
| :--- | :--- | :--- | :--- | :--- | :--- | :--- |
| 67  2000  09 | _____ | _____ | _____ | | | |
| 67  2001  09 | _____ | _____ | _____ | | | |
| 67  2002  09 | _____ | _____ | _____ | | | |
| 67  2003  09 | _____ | _____ | _____ | | | |
| 67  2004  09 | _____ | _____ | _____ | | | |
| 67  2005  09 | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

Document Sequence Number: _____

Department of the Treasury - Internal Revenue Service

Form 12175 (Rev. 02/20
Cat. No. 26796L

: 00988

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

EDUCAP, INC.                        )
                                    )
    Plaintiff,            )
                                    )
                                    )    No.  1:07-cv-02106 RMC
                                    )
    vs.                   )
                                    )
Internal Revenue Service            )
                                    )    Supplemental Declaration of
    Defendant.            )    Carmen M. Banerjee
                                    )

    I, Carmen M. Banerjee, pursuant to the provisions of 28 U.S.C. § 1746(2), declare
as follows:

    1.    I am a trial attorney in the Eastern Region of the Civil Trial Section in
the Tax  Division of the Department of Justice, and the Division's Counsel for Freedom
of Information Act and Privacy Act Matters.  I have been employed as an attorney in
the Department of Justice since August 2005, and in the Tax Division since August 2007.

    2.    On June 3, 2008, I sent via mail and facsimile to EduCap's counsel , the
Forms 12175 the revenue agents completed during the Service's audit of EduCap
bearing control numbers 946-988.  These records were released in full.  (See cover letter
and enclosures attached as Ex. A.).  Pages 987 and 988 pertain to Theresa Catterton, a
third party contact who did not claim reprisal.

    3.    On June 13, 2008, I mailed to EduCap's counsel pages 18, 26, 27, 28, 30, 64,
and 106.  (See cover letter attached as Ex. B.)  Most of these pages were previously

provided to EduCap's counsel, except for page 106, which had originally been withheld in full. The Service intended to provide EduCap with a partially redacted copy of page 27 with the group of documents it provided in early May 2008. I inadvertently omitted it from the packet, however.

4.    I obtained these records as a result of the search and review Adrienne Mikolashek conducted. Mikolashek is the attorney from the Office of Chief Counsel at the Internal Revenue Service assigned to assist the Department of Justice in the Service's defense. I have added descriptions of documents bearing control numbers 18, 26, 27, 28, 30, 64 and 106, where appropriate, in the accompanying supplemental memorandum based on my personal observations of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2008 at Washington, D.C.

_Carmen M. Banerjee_
CARMEN M. BANERJEE

# EXHIBIT A TO SUPPLEMENTAL DECLARATION OF CARMEN M. BANERJEE

# United States Department of Justice

---

## Tax Division
*Civil Trial Section, Eastern Region*
*P.O. Box 227 - Ben Franklin Station*
*Washington, D.C. 20044*
*Fax: (202) 514-6866*

---

**TO:**                          Mr. Kenneth W. Gideon
                                 Skadden, Arps, Slate, Meagher & Flom LLP
                                 1440 New York Avenue, NW
                                 Washington, DC 20005-2111

**FAX NUMBER:**                  202-393-5760

**SUBJECT:**                     Forms 12175

**DATE SENT:**                   June 3, 2008

**PAGES: (Including this cover sheet)**   46

                                 Carmen M. Banerjee  CMB
**FAX FROM:**                    Division Counsel for FOIA and PA Matters
                                 and Trial Attorney

---

COMMENTS:

---

**WARNING**: The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.

```
                    **********************
                    ***   TX REPORT   ***
                    **********************


      TRANSMISSION OK

      TX/RX NO                2467
      RECIPIENT ADDRESS       912023935760
      DESTINATION ID
      ST. TIME                06/03 15:38
      TIME USE                05'14
      PAGES SENT                45
      RESULT                  OK
```

# United States Department of Justice

Tax Division
*Civil Trial Section, Eastern Region*
*P.O. Box 227 - Ben Franklin Station*
*Washington, D.C. 20044*
*Fax: (202) 514-6866*

**TO:** 

Mr. Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005-2111

**FAX NUMBER:**    202-393-5760

**SUBJECT:**    Forms 12175

**DATE SENT:**    June 3, 2008

**PAGES: (Including this cover sheet)**    46

**FAX FROM:**    Carmen M. Banerjee    CMB
Division Counsel for FOIA and PA Matters
and Trial Attorney

COMMENTS:



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

---

CMBanerjee:rrm
5-16-4248
CMN 2008100556

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 307-6420*
*Telecopier: (202) 514-6866*

June 3, 2008

**Certified Mail No. 7099 3400 0015 0095 5593**
**RETURN RECEIPT REQUESTED and Via Facsimile**

Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

  Re: *EduCap, Inc. v. Internal Revenue Service*, No. 1:07-cv-2106 RMC

Dear Mr. Gideon:

  Enclosed are Forms 12175 pertaining to third party contacts made during the Internal Revenue Service's audit of EduCap. These pages bear control numbers 946 through 988.

          Sincerely yours,

          *Carmen M. Banerjee*

          CARMEN M. BANERJEE
          Division Counsel for FOIA and
          PA Matters, Trial Attorney

Enclosures

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 __ __ | E  D  U  C | 58-07628 _____ |
| | | **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* | | 404 338-8221 _____ |
| | | **Employee Mail Stop Number** |
| — — — — — — — — — | | 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006      /  05      /  16 ____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Gulfstream _____

8a. *Check the one category that best describes the third party.*

☐ 1. Individual      ☐ 2. Financial Institution      ☒ 3. Business      ☐ 4. State/Fed. Government Org.      ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number __ __ __

*TE/GE Determination (EDS) Case Number or National Office Case Control Number*

— — — — — — — — —  —

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u> MFT | <u>1999</u> Year | <u>12</u> Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 34  2001  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00946

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 \_\_ | **2. Name Control**<br><br>E   D   U   C | **3. Employee ID Number**<br>58-07628 _____<br><br>**Employee Telephone Number**<br>404 338-8221 \_\_\_\_\_ |
| **4. Secondary TIN** *(Joint filing 1040 only.)*<br><br>\_ \_ \_ \_ \_ \_ \_ \_ \_ | | **Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X \_\_\_          Secondary TIN \_\_\_\_          Both \_\_\_\_
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 \_\_ / 05 \_\_\_\_ / 17 \_\_\_\_\_

**7. Reprisal Determination**

      If fear of reprisal has been indicated, check the box below

        ☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Gulfstream _____

**8a.** *Check the one category that best describes the third party.*

☐ *1. Individual*    ☐ *2. Financial Institution*    ☒ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or
                                        National Office Case Control Number

   *EP Plan Number* \_\_ \_\_ \_\_ \_\_\_          \_ \_ \_ \_ \_ \_ \_ \_ \_ — \_

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| 67  2001  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| 67  2002  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| 67  2003  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| 67  2004  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| 34  2001  09 | _____ | _____ | _____ | \_\_\_\_\_ |
| _____ | _____ | _____ | _____ | \_\_\_\_\_ |
| _____ | _____ | _____ | _____ | \_\_\_\_\_ |
| _____ | _____ | _____ | _____ | \_\_\_\_\_ |
| _____ | _____ | _____ | _____ | \_\_\_\_\_ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

**Form 12175 (Rev. 02/2001)**
Cat. No. 26789 7

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 \_\_ | **2. Name Control**<br>E D U C | **3. Employee ID Number**<br>58-07628 _____<br><br>**Employee Telephone Number** |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br>\_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ | | 404 338-8221 \_\_\_\_\_<br>**Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X \_\_\_          Secondary TIN \_\_\_\_          Both \_\_\_\_
(Note: Check **both** for joint filing 1040 only.)

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 / 05 / 22

**7. Reprisal Determination**
If fear of reprisal has been indicated, check the box below
☐

**8. Name of Third Party** *(only one 3rd party contact per form.)* Gulfstream

**8a.** *Check the one category that best describes the third party.*

☐ *1. Individual*    ☐ *2. Financial Institution*    ☒ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or
                              National Office Case Control Number
   *EP* Plan Number \_\_ \_\_ \_\_          \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ — \_\_

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 34  2001  09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00948

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 _ | **2. Name Control**<br><br>E D U C | **3. Employee ID Number**<br>58-07628 _____<br><br>**Employee Telephone Number** |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br><br>_ _ _ - _ _ - _ _ _ _ | | 404 338-8221 _____<br><br>**Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X _____          Secondary TIN _____          **Both** _____
*(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 ___ / 08 ___ / 09 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below
☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Randall Bertsch

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**                *TE/GE Determination (EDS) Case Number or*
                                     *National Office Case Control Number*
   *EP* Plan Number _ _ _          _ _ _ _ _ _ _ _ - _ _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u> | <u>1999</u> | <u>12</u> |
|---|---|---|---|---|---|
| | | | MFT | Year | Month |
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00949

## Third Party Contact Report Form

| 1. Taxpayer TIN *(include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 _ _ | E  D  U  C | 58-07628 |
| | | **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* | | 404 338-8221 |
| | | **Employee Mail Stop Number** |
| _ _ _ _ _ _ _ _ _ _ | | 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          **Both** ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006     / 12     / 18 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

_____

**8a.** *Check the one category that best describes the third party.*

☒ 1. Individual     ☐ 2. Financial Institution     ☐ 3. Business     ☐ 4. State/Fed. Government Org.     ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or
                               National Office Case Control Number

   EP Plan Number ___ ___ ___          ___ ___ ___ ___ ___ ___ - ___

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| 67  2001  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| 67  2002  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| 67  2003  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| 67  2004  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| 67  2005  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00950

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ __ | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br><br>58-07625 _____<br><br>**Employee Telephone Number** |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>__ __ __ __ __ __ __ __ __ | | 404-338-8204<br><br>**Employee Mail Stop Number**<br>TEGE:7731:Stop 504-I |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 ___ / 08 ___ / 29 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

_____

8a. *Check the one category that best describes the third party.*

☒ *1. Individual*     ☐ *2. Financial Institution*     ☐ *3. Business*     ☐ *4. State/Fed. Government Org.*     ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

*EP* Plan Number __ __ __ __          __ __ __ __ __ __ __ - __

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| 67  2001  09 | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| 67  2002  09 | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| 67  2003  09 | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| 67  2004  09 | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |
| __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ | __ __ __ __ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00951

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 _ _ | **2. Name Control**<br>E D U C | **3. Employee ID Number**<br>58-07628 _____ |

**Employee Telephone Number**
404-338-8221 _____

**4. Secondary TIN**
*(Joint filing 1040 only.)*

_ _ _ _ _ _ _ _ _ _ _

**Employee Mail Stop Number**
Stop 504-D _____

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X __         Secondary TIN ____         Both ____
*(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*         2007    / 01    / 09 ____

**7. Reprisal Determination**
If fear of reprisal has been indicated, check the box below
☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**

*EP Plan Number* ___ __ ___

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

_ _ _ _ _ _ _ _ _ _ _ — _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67 2000 09 | | | | | |
| 67 2001 09 | | | | | |
| 67 2002 09 | | | | | |
| 67 2003 09 | | | | | |
| 67 2004 09 | | | | | |
| 67 2005 09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00952

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* 5 2 - 1 5 0 9 4 0 2 | **2. Name Control** E D U C | **3. Employee ID Number** 58-07628 **Employee Telephone Number** 404-338-8221 |
| **4. Secondary TIN** *(Joint filing 1040 only.)* _ _ _ _ _ _ _ _ _ | | **Employee Mail Stop Number** Stop 504-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007    /  01    /  10

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*    Wells Fargo

**8a.** *Check the one category that best describes the third party.*

☐ *1. Individual*    ☐ *2. Financial Institution*    ☒ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**

EP Plan Number _ _ _ _ _

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

_ _ _ _ _ _ _ _ _  _ _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 67  2005  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

Form 12175 (Rev. 02/2001)
Cat. No. 26796L

: 00953

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* 5 2 - 1 5 0 9 4 0 2 __ | **2. Name Control** E D U C | **3. Employee ID Number** 58-07628 _____ |
| | | **Employee Telephone Number** 404 338-8221 _____ |
| **4. Secondary TIN** *(Joint filing 1040 only.)* __ __ __ __ __ __ __ __ __ | | **Employee Mail Stop Number** 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

**Primary TIN** X ___        **Secondary TIN** ____        **Both** ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*        2007 / 03 / 08 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual   ☐ 2. Financial Institution   ☐ 3. Business   ☐ 4. State/Fed. Government Org.   ☐ 5. Other

**9. TE/GE Use Only**                    TE/GE Determination (EDS) Case Number or
                                         National Office Case Control Number

  EP Plan Number __ __ __ __            __ __ __ __ __ __ __ - __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u> <u>1999</u> <u>12</u> |
|---|---|---|---|
| | | | MFT Year Month |

| 67 | 2000 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
|---|---|---|---|---|---|---|
| 67 | 2001 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 | 2002 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 | 2003 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 | 2004 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 | 2005 | 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00954

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ __ | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br>58-07628<br><br>**Employee Telephone Number**<br>404 338-8221<br><br>**Employee Mail Stop Number**<br>501-D |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>__ __ __ __ __ __ __ __ __ | | |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____<br>*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007     /  03     /  07

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Michael Smith

**8a. Check the one category that best describes the third party.**

☒ 1. Individual     ☐ 2. Financial Institution     ☐ 3. Business     ☐ 4. State/Fed. Government Org.     ☐ 5. Other

**9. TE/GE Use Only**          *TE/GE Determination (EDS) Case Number or*<br>National Office Case Control Number

EP Plan Number  ___ ___ ___          __ __ __ __ __ __ __ __ __ __ — __

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|---|
| 67  2000  09 | | | | | | |
| 67  2001  09 | | | | | | |
| 67  2002  09 | | | | | | |
| 67  2003  09 | | | | | | |
| 67  2004  09 | | | | | | |
| 67  2005  09 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00955

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 _ _ | **2. Name Control** <br> E D U C | **3. Employee ID Number** <br> 58-07628 <br><br> **Employee Telephone Number** <br> 404 338-8221 <br><br> **Employee Mail Stop Number** <br> 501-D |
| **4. Secondary TIN** *(Joint filing 1040 only.)* <br> _ _ _ _ _ _ _ _ _ | | |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X ___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*        2005 ___ / 08 ___ / 16 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number _ _ _ _ _

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

_ _ _ _ _ _ _ _ - _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 <br> MFT | 1999 <br> Year | 12 <br> Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00956

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ | **2. Name Control**<br><br>E D U C | **3. Employee ID Number**<br>58-07628 _____<br><br>**Employee Telephone Number** |
| | | 404 338-8221 _____ |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br><br>__ __ __ __ __ __ __ __ __ | | **Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          **Both** ____
*(Note: Check **both** for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005 __ / 08 __ / 17 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

_____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**                *TE/GE* Determination (EDS) Case Number or
                                      National Office Case Control Number

    *EP* Plan Number __ __ __ __ __          __ __ __ __ __ __ __ __ — __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|
| 67 2000 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 2001 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| 67 2002 09 | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |
| __ __ __ | __ __ __ | __ __ __ | __ __ __ | __ __ __ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00957

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 _ | **2. Name Control** <br> E  D  U  C | **3. Employee ID Number** <br> 58-07628 _____ <br><br> **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* <br> — — — — — — — — — — | | 404 338-8221 _____ <br><br> **Employee Mail Stop Number** <br> 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X ___              Secondary TIN ____              **Both** ___
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*              2005 ___ / 08 ___ / 18 _____

**7. Reprisal Determination**

      **If fear of reprisal has been indicated, check the box below**

                ☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual      ☐ 2. Financial Institution      ☐ 3. Business      ☐ 4. State/Fed. Government Org.      ☐ 5. Other

**9. TE/GE Use Only**

    EP Plan Number _ _ _ _

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number
— — — — — — — — —  — —

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| 67  2001  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| 67  2002  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ | ___ ___ | ___ ___ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00958

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 _ _ | **2. Name Control**<br>E D U C | **3. Employee ID Number**<br>58-07628 _____<br><br>**Employee Telephone Number** |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br>_ _ _ _ _ _ _ _ _ _ | | 404 338-8221<br><br>**Employee Mail Stop Number**<br>501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X ___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005    /   08    /   12 _____

**7. Reprisal Determination**

        If fear of reprisal has been indicated, check the box below

        ☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*    Donald Kummerfeld _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**

    *EP* Plan Number _ _ _

*TE/GE Determination (EDS) Case Number or*
*National Office Case Control Number*
_ _ _ _ _ _ _ _ - _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000   09 | | | | | |
| 67  2001   09 | | | | | |
| 67  2002   09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00959

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 _ _ | **2. Name Control**<br><br>E  D  U  C | **3. Employee ID Number**<br>41-03347 _____<br><br>**Employee Telephone Number**<br>651-726-1406 _____<br><br>**Employee Mail Stop Number**<br>LMSB Team 1864 BLM |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br><br>_ _ _ _ _ _ _ _ _ | | |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006      / 07      / 25 _____

**7. Reprisal Determination**

**If fear of reprisal has been indicated, check the box below**

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)*  _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

   *EP* Plan Number ___ __ _          _ _ _ _ _ _ _ _ _ _ _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|
| 67   2000   09 | _____ | _____ | _____ | _____ | _____ |
| 67   2001   09 | _____ | _____ | _____ | _____ | _____ |
| 67   2002   09 | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00960

**Third Party Contact Report Form**

| 1. Taxpayer TIN<br>*(include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br><br>41-03347<br><br>**Employee Telephone Number** |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>_ _ _ _ _ _ _ _ _ _ | | 651-726-1406<br><br>**Employee Mail Stop Number**<br>LMSB Team 1864 BLN |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X _    Secondary TIN _ _ _    Both _ _ _
*(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*    2006 / 02 / 15

**7. Reprisal Determination**
If fear of reprisal has been indicated, check the box below
☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*  Mark Hagar - Wells Fargo Tax Dept. 612-667-7321

*8a. Check the one category that best describes the third party.*

☐ 1. Individual    ☐ 2. Financial Institution    ☒ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

| 9. TE/GE Use Only | *TE/GE Determination (EDS) Case Number or*<br>National Office Case Control Number |
|---|---|
| *EP* Plan Number _ _ _ _ | _ _ _ _ _ _ _ _ _ _ |

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|---|
| 67  2000  09 | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| 67  2001  09 | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| 67  2002  09 | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | | |
| _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | |
| _ _ _ _ | _ _ _ _ | _ _ _ _ | _ _ _ _ | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00961

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 | **2. Name Control**<br><br>E  D  U  C | **3. Employee ID Number**<br><br>41-03347 ____<br><br>**Employee Telephone Number**<br>651-726-1406 ____<br><br>**Employee Mail Stop Number**<br>LMSB Team 1864 BLM |
| **4. Secondary TIN** *(Joint filing 1040 only.)*<br><br>__ __ - __ __ __ __ __ __ __ | | |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ____          Secondary TIN ____          Both ____
                                                        *(Note: Check **both** for joint filing 1040 only.)*

---

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 ____ / 02 / 15 ____

**7. Reprisal Determination**

   If fear of reprisal has been indicated, check the box below

   ☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Jeff Sloan - Wells Fargo Tax Dept. 612-667-9134

**8a.** *Check the one category that best describes the third party.*

☐ *1. Individual*   ☐ *2. Financial Institution*   ☒ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**

   *EP* Plan Number __ __ __ ____

*TE/GE Determination (EDS) Case Number or*
National Office Case Control Number

__ __ __ __ __ __ __ __ __ - __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | ____ | ____ | ____ | ____ | ____ |
| 67  2001  09 | ____ | ____ | ____ | ____ | ____ |
| 67  2002  09 | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |
| ____ | ____ | ____ | ____ | ____ | ____ |

---

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00962

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br><br>58-07628 _____<br><br>**Employee Telephone Number**<br>404 338-8221 |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>_ _ _ _ _ _ _ _ _ _ | | **Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ____          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*                 2006 ____ / 04 ____ / 06 ____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. *Individual*   ☐ 2. *Financial Institution*   ☐ 3. *Business*   ☐ 4. *State/Fed. Government Org.*   ☐ 5. *Other*

**9. TE/GE Use Only**                 *TE/GE* Determination (EDS) Case Number or
                                            National Office Case Control Number

   *EP* Plan Number _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67 2000 09 | _____ | _____ | _____ | | _____ |
| 67 2001 09 | _____ | _____ | _____ | | _____ |
| 67 2002 09 | _____ | _____ | _____ | | _____ |
| 67 2003 09 | _____ | _____ | _____ | | _____ |
| 67 2004 09 | _____ | _____ | _____ | | _____ |
| 34 2001 09 | _____ | _____ | _____ | | _____ |
| | _____ | _____ | _____ | | _____ |
| | _____ | _____ | _____ | | _____ |
| | _____ | _____ | _____ | | _____ |
| | _____ | _____ | _____ | | _____ |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Form 12175 (Rev. 02/2001)
Cat. No. 26796L

: 00963

## Third Party Contact Report Form

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ __ | **2. Name Control**<br><br>E D U C | **3. Employee ID Number**<br>58-07628<br><br>**Employee Telephone Number**<br>404 338-8221<br><br>**Employee Mail Stop Number**<br>501-D |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br><br>__ __ __ __ __ __ __ __ __ | | |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006    / 04    / 11

**7. Reprisal Determination**

   If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

*8a. Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE Determination (EDS) Case Number or*
                               *National Office Case Control Number*

   *EP Plan Number* __ __ __          __ __ __ __ __ __ __ __ __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |
| 34  2001  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00964

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 | 2. Name Control<br><br>E D U C | 3. Employee ID Number<br><br>58-07628 _____<br><br>**Employee Telephone Number** |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>__ __ __ - __ __ - __ __ __ __ | | 404 338-8221 _____<br><br>**Employee Mail Stop Number**<br>501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
                                                        *(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007 ___ / 05 ___ / 23 _____

**7. Reprisal Determination**
              **If fear of reprisal has been indicated, check the box below**
                                        ☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual     ☐ 2. Financial Institution     ☐ 3. Business     ☐ 4. State/Fed. Government Org.     ☐ 5. Other

**9. TE/GE Use Only**

   EP Plan Number ___ ___ ___

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

__ __ __ __ __ __ __ __ - __ __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |
| 67  2005  09 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00965

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 _ _ | E  D  U  C | 58-07628 _____ |

**Employee Telephone Number**

404 338-8221 _____

| 4. Secondary TIN *(Joint filing 1040 only.)* | | **Employee Mail Stop Number** |
|---|---|---|
| _ _ _ _ _ _ _ _ _ _ | | 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007    /  05    /  23    ____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)*  _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

EP Plan Number ___ _ _ _          _ _ _ _ _ _ _ _ _ _  — _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|
| 67   2000   09 | _____ | _____ | _____ | _____ | |
| 67   2001   09 | _____ | _____ | _____ | _____ | |
| 67   2002   09 | _____ | _____ | _____ | _____ | |
| 67   2003   09 | _____ | _____ | _____ | _____ | |
| 67   2004   09 | _____ | _____ | _____ | _____ | |
| 67   2005   09 | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00966

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 _ _ | E D U C | 58-07628 |

**Employee Telephone Number**

404 338-8221

**4. Secondary TIN**
*(Joint filing 1040 only.)*

_ _ — _ _ — _ _ _ _

**Employee Mail Stop Number**

501-D

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007 / 05 / 23

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or National Office Case Control Number

EP Plan Number _ _ _ _ _          _ _ _ _ _ _ _ _ — _

**10. MFT/TAX Period** *(Enter all MFT tax periods relating to Primary TIN)*

Example: <u>30</u> MFT    <u>1999</u> Year    <u>12</u> Month

| 67 | 2000 | 09 |
| 67 | 2001 | 09 |
| 67 | 2002 | 09 |
| 67 | 2003 | 09 |
| 67 | 2004 | 09 |
| 67 | 2005 | 09 |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00967

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 _ _ | **2. Name Control** <br> E  D  U  C | **3. Employee ID Number** <br> 58-07628 _____ <br><br> **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* <br> _ _ _ _ _ _ _  _ _ _ _ | | 404 338-8221 _____ <br><br> **Employee Mail Stop Number** <br> 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

---

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007 ___ / 05 ___ / 23 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual   ☐ 2. Financial Institution   ☐ 3. Business   ☐ 4. State/Fed. Government Org.   ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or National Office Case Control Number

EP Plan Number _ _ _ _ _ _          _ _ _ _ _ _ _ _ _  _ _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 <br> MFT | 1999 <br> Year | 12 <br> Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 67  2005  09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00968

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 \_\_ \_\_ | **2. Name Control** <br><br> E D U C | **3. Employee ID Number** <br> 58-07628 _____ <br><br> **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* <br><br> \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ | | 404 338-8221 _____ <br><br> **Employee Mail Stop Number** <br> 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X \_\_\_\_          Secondary TIN \_\_\_\_          **Both** \_\_\_\_
                                                          *(Note: Check **both** for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007 \_\_ / 05 \_\_ / 23 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)*  _____

**8a. Check the one category that best describes the third party.**

☒ *1. Individual*      ☐ *2. Financial Institution*      ☐ *3. Business*      ☐ *4. State/Fed. Government Org.*      ☐ *5. Other*

**9. TE/GE Use Only**                    TE/GE Determination (EDS) Case Number or
                                        National Office Case Control Number
   EP Plan Number \_\_ \_\_ \_\_          \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ \_\_ — \_\_

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: 30 <br> MFT | 1999 <br> Year | 12 <br> Month |
|---|---|---|---|---|---|---|
| 67  2000  09 | _____ | _____ | _____ | | | |
| 67  2001  09 | _____ | _____ | _____ | | | |
| 67  2002  09 | _____ | _____ | _____ | | | |
| 67  2003  09 | _____ | _____ | _____ | | | |
| 67  2004  09 | _____ | _____ | _____ | | | |
| 67  2005  09 | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |
| _____ | _____ | _____ | _____ | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00969

**Third Party Contact Report Form**

| 1. Taxpayer TIN *(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 __ | 2. Name Control<br>E D U C | 3. Employee ID Number<br>58-07628 _____<br><br>**Employee Telephone Number** |
|---|---|---|

| 4. Secondary TIN *(Joint filing 1040 only.)*<br>__ __ __ __ __ __ __ __ __ | | 404 338-8221 _____<br><br>**Employee Mail Stop Number**<br>501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X ____          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*     2007  /  05  /  23 _____

**7. Reprisal Determination**

      **If fear of reprisal has been indicated, check the box below**

      ☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   John Schmohl _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual   ☐ 2. Financial Institution   ☐ 3. Business   ☐ 4. State/Fed. Government Org.   ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or<br>National Office Case Control Number

    EP Plan Number __ __ __ __      __ __ __ __ __ __ __  __

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | _____ | _____ | _____ | _____ | |
| 67  2001  09 | _____ | _____ | _____ | _____ | |
| 67  2002  09 | _____ | _____ | _____ | _____ | |
| 67  2003  09 | _____ | _____ | _____ | _____ | |
| 67  2004  09 | _____ | _____ | _____ | _____ | |
| 67  2005  09 | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |
| | _____ | _____ | _____ | _____ | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00970

## Third Party Contact Report Form

| 1. Taxpayer TIN
*(Include appropriate file source code.)*

5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control

E  D  U  C | 3. Employee ID Number

58-07628 _____ |
| | | **Employee Telephone Number** |
| 4. Secondary TIN
*(Joint filing 1040 only.)*

_ _ _ _ _ _ _ _ _ | | 404 338-8221 _____

**Employee Mail Stop Number**
501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

**Primary TIN** X ____          **Secondary TIN** ____          **Both** ____
                                                                 *(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005    /  11    /  28 ____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**                    TE/GE Determination (EDS) Case Number or
                                        National Office Case Control Number

   *EP Plan Number* _ _ _ _              _ _ _ _ _ _ _ _  _ _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30
MFT | 1999
Year | 12
Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00971

**Third Party Contact Report Form**

| 1. Taxpayer TIN *(Include appropriate file source code.)* 5 2 - 1 5 0 9 4 0 2 ___ | 2. Name Control E D U C | 3. Employee ID Number 58-07628 _____ **Employee Telephone Number** 404 338-8221 _____ |
|---|---|---|
| 4. Secondary TIN *(Joint filing 1040 only.)* ___ ___ ___ ___ ___ ___ ___ ___ ___ | | **Employee Mail Stop Number** 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005 ___ / 11 ___ / 29 ___

**7. Reprisal Determination**
If fear of reprisal has been indicated, check the box below
☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or National Office Case Control Number

EP Plan Number ___ ___ ___          ___ ___ ___ ___ ___ ___ ___ ___

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: <u>30</u> MFT | <u>1999</u> Year | <u>12</u> Month |
|---|---|---|---|---|---|---|
| 67  2000  09 | | | | | | |
| 67  2001  09 | | | | | | |
| 67  2002  09 | | | | | | |
| 67  2003  09 | | | | | | |
| 67  2004  09 | | | | | | |
| 34  2001  09 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00972

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 | E D U C | 58-07628 |

**Employee Telephone Number**
404 338-8221

| 4. Secondary TIN *(Joint filing 1040 only.)* | | **Employee Mail Stop Number** 501-D |
|---|---|---|

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*     2005   /  11   /  29

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual   ☐ 2. Financial Institution   ☐ 3. Business   ☐ 4. State/Fed. Government Org.   ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number _____

*TE/GE Determination (EDS) Case Number or National Office Case Control Number*
_____

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |
| 34  2001  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00973

## Third Party Contact Report Form

| 1. Taxpayer TIN<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control<br><br>E  D  U  C | 3. Employee ID Number<br><br>58-07628_____<br><br>**Employee Telephone Number** |
|---|---|---|
| 4. Secondary TIN<br>*(Joint filing 1040 only.)*<br><br>_ _ _ _ _ _ _ _ _ _ | | 404 338-8221_____<br><br>**Employee Mail Stop Number**<br>501-D_____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X___          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005___ / 11 ___ / 30 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Douglas Dolton

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*    ☐ *2. Financial Institution*    ☐ *3. Business*    ☐ *4. State/Fed. Government Org.*    ☐ *5. Other*

**9. TE/GE Use Only**

EP Plan Number _ _ _ _ _

*TE/GE* Determination (EDS) Case Number or
National Office Case Control Number

_ _ _ _ _ _ _ _ _ - _

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000   09 | | | | | |
| 67  2001   09 | | | | | |
| 67  2002   09 | | | | | |
| 67  2003   09 | | | | | |
| 67  2004   09 | | | | | |
| 34  2001   09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00974

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 _ _ | E D U C | 58-07628 |
| | | **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* | | 404 338-8221 |
| | | **Employee Mail Stop Number** |
| _ _ — _ _ — _ _ _ _ | | 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___            Secondary TIN ___            Both ___
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*            2005 / 12 / 02

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

*8a. Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**            *TE/GE* Determination (EDS) Case Number or
                                National Office Case Control Number

   EP Plan Number _ _ _ _ _ _      _ _ _ _ _ _ _ _ _ _ — _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |
| 34  2001  09 | | | | |
| | | | | |
| | | | | |
| | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00975

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br><br>5 2 - 1 5 0 9 4 0 2 __ __ | **2. Name Control**<br><br>E D U C | **3. Employee ID Number**<br><br>58-07628<br><br>**Employee Telephone Number** |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br><br>__ __ - __ __ __ __ __ __ __ | | 404 338-8221<br><br>**Employee Mail Stop Number**<br>501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X                Secondary TIN  ____                Both  ____
                                                              *(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*              2005    /  12    /  06

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a. Check the one category that best describes the third party.**

☒ 1. *Individual*   ☐ 2. *Financial Institution*   ☐ 3. *Business*   ☐ 4. *State/Fed. Government Org.*   ☐ 5. *Other*

**9. TE/GE Use Only**              *TE/GE Determination (EDS) Case Number or*
                                 National Office Case Control Number
   EP Plan Number __ __ __ __ __         __ __ __ __ __ __ __ __ __ __ __ — __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 34  2001  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Form 12175 (Rev. 02/2001)
Cat. No. 26796L

: 00976

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)*  5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control  E D U C | 3. Employee ID Number  58-07628 _____ |
|---|---|---|
| | | **Employee Telephone Number**  404 338-8221 _____ |
| **4. Secondary TIN** *(Joint filing 1040 only.)*  _ _ _ _ _ _ _ _ _ _ _ | | **Employee Mail Stop Number**  501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X __          Secondary TIN ____          Both ____
*(Note: Check **both** for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006    /  12    /  13

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*  Wells Fargo _____

**8a. Check the one category that best describes the third party.**

☐ 1. Individual    ☐ 2. Financial Institution    ☒ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number  _ _ _ _

TE/GE Determination (EDS) Case Number or National Office Case Control Number

_ _ _ _ _ _ _ _ _ _  _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 34  2001  09 | | | | | |
| 67  2005  09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00977

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 | E D U C | 41-03347 |

**Employee Telephone Number**

651-726-1406

| 4. Secondary TIN *(Joint filing 1040 only.)* | | **Employee Mail Stop Number** |
|---|---|---|
| | | LMSB Team 1864 BLN |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ____      Secondary TIN ____      Both ____
*(Note: Check both for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*      2006 / 12 / 08

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)* Wells Fargo

*8a. Check the one category that best describes the third party.*

☐ 1. Individual     ☐ 2. Financial Institution     ☒ 3. Business     ☐ 4. State/Fed. Government Org.     ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number ___ ___ ___

*TE/GE Determination (EDS) Case Number or National Office Case Control Number*

_____ ___

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|---|
| 67 2000 09 | | | | | | |
| 67 2001 09 | | | | | | |
| 67 2002 09 | | | | | | |
| 67 2003 09 | | | | | | |
| 67 2004 09 | | | | | | |
| 67 2005 09 | | | | | | |
| 34 2002 09 | | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00978

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 __ __ | E D U C | 58-07628 _____ |

**Employee Telephone Number**

| 4. Secondary TIN *(Joint filing 1040 only.)* | | 404 338-8221 _____ |
|---|---|---|
| __ __ - __ __ __ __ __ __ __ | | **Employee Mail Stop Number** 501-D _____ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ___          Both ___
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 ___ / 09 ___ / 20 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

_____

**8a. Check the one category that best describes the third party.**

☒ 1. *Individual*    ☐ 2. *Financial Institution*    ☐ 3. *Business*    ☐ 4. *State/Fed. Government Org.*    ☐ 5. *Other*

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or National Office Case Control Number

EP Plan Number __ __ __ __          __ __ __ __ __ __ __ - __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|
| 67 2000 09 | | | | |
| 67 2001 09 | | | | |
| 67 2002 09 | | | | |
| 67 2003 09 | | | | |
| 67 2004 09 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

Document Sequence Number: _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00979

**Third Party Contact Report Form**

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|

1. Taxpayer TIN
*(Include appropriate file source code.)*

5 2 - 1 5 0 9 4 0 2 _ _

2. Name Control

E D U C

3. Employee ID Number

41-03347 _____

**Employee Telephone Number**

651-726-1406 _____

**Employee Mail Stop Number**

LMSB Team 1864 BLN

4. Secondary TIN
*(Joint filing 1040 only.)*

_ _ _ _ _ _ _ _ _ _ _

**5. Third Party Contact is for:**
*(Please check one)*

Primary TIN X        Secondary TIN ____        Both ____
*(Note: Check both for joint filing 1040 only.)*

---

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*        2006 _____ / 09 _____ / 14 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*  Douglas Dolton _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**              *TE/GE* Determination (EDS) Case Number or
                                   National Office Case Control Number
   EP Plan Number _ _ _ _ _ _ _    _ _ _ _ _ _ _ _ _ _ _ _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|
| 67  2000  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| 67  2001  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| 67  2002  09 | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |
| ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | ___ ___ ___ | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00980

#6

FILE NAME 7·25·06

CC

~1

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|
| 5 2 - 1 5 0 9 4 0 2 __ __ | E D U C | 41-03347 |
| | | **Employee Telephone Number** |
| **4. Secondary TIN** *(Joint filing 1040 only.)* | | 651-726-1406 |
| __ __ - __ __ __ __ __ __ __ | | **Employee Mail Stop Number** |
| | | LMSB Team 1864 BLⱮ |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

---

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 / 07 / 25

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or National Office Case Control Number

*EP* Plan Number __ __ __ __          __ __ __ __ __ __ __ - __ __

| 10. MFT/TAX PERIOD | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175** (Rev. 02/2001)
Cat. No. 26796L

: 00981



## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 __ | 2. Name Control <br> *E  D  U  C* | 3. Employee ID Number <br> 58-07628 <br><br> Employee Telephone Number <br> 404 338-8221 |
|---|---|---|
| 4. Secondary TIN *(Joint filing 1040 only.)* <br> __ __ - __ __ __ __ __ __ __ | | Employee Mail Stop Number <br> 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN __X__          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

---

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005 / 11 / 29

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**          *TE/GE* Determination (EDS) Case Number or National Office Case Control Number

EP Plan Number ___ ___ ___          ___ ___ ___ ___ ___ ___ ___ ___ ___

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: <u>30</u> MFT | <u>1999</u> Year | <u>12</u> Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 34  2001  09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26798L

: 00982

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* 5 2 - 1 5 0 9 4 0 2 __ | **2. Name Control** E D U C | **3. Employee ID Number** 58-07628 _____ **Employee Telephone Number** 404 338-8221 **Employee Mail Stop Number** 501-D ____ |
| **4. Secondary TIN** *(Joint filing 1040 only.)* __ __ __ - __ __ - __ __ __ __ | | |

**5. Third Party Contact is for:** *(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ___ *(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:** *(Date format is: yyyy/mm/dd.)*    2006    / 04    / 04    _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below ☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Holton-Arms School _____

**8a. Check the one category that best describes the third party.**

☐ 1. Individual    ☐ 2. Financial Institution    ☒ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number __ __ - __ __

*TE/GE* Determination (EDS) Case Number or National Office Case Control Number
__ __ __ __ __ __ __ __ - __ __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | | Example: <u>30</u><br>MFT | <u>1999</u><br>Year | <u>12</u><br>Month |
|---|---|---|---|---|---|---|
| 67  2000   09 | | | | | | |
| 67  2001   09 | | | | | | |
| 67  2002   09 | | | | | | |
| 67  2003   09 | | | | | | |
| 67  2004   09 | | | | | | |
| 34  2001   09 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00983

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN** *(Include appropriate file source code.)* <br> 5 2 - 1 5 0 9 4 0 2 | **2. Name Control** <br> E D U C | **3. Employee ID Number** <br> 58-07628 <br><br> **Employee Telephone Number** <br> 404 338-8221 |
| **4. Secondary TIN** *(Joint filing 1040 only.)* | | **Employee Mail Stop Number** <br> 501-D |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007 / 05 / 23

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. Individual   ☐ 2. Financial Institution   ☐ 3. Business   ☐ 4. State/Fed. Government Org.   ☐ 5. Other

**9. TE/GE Use Only**        *TE/GE Determination (EDS) Case Number or National Office Case Control Number*

EP Plan Number ___ ___ ___          ___ ___ ___ ___ ___ ___ ___ — ___

**10. MFT/TAX Period**   *(Enter all MFT tax periods relating to Primary TIN)*

| | | | | Example: | 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|---|---|---|
| 67 | 2000 | 09 | | | | | |
| 67 | 2001 | 09 | | | | | |
| 67 | 2002 | 09 | | | | | |
| 67 | 2003 | 09 | | | | | |
| 67 | 2004 | 09 | | | | | |
| 67 | 2005 | 09 | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

Form 12175 (Rev. 02/2001)
Cat. No. 26796L

: 00984

**Third Party Contact Report Form**

| | | |
|---|---|---|
| **1. Taxpayer TIN**<br>*(Include appropriate file source code.)*<br>5 2 - 1 5 0 9 4 0 2 __ __ | **2. Name Control**<br><br>E  D  U  C | **3. Employee ID Number**<br>41-03347 _____<br><br>**Employee Telephone Number**<br>651-726-1406 |
| **4. Secondary TIN**<br>*(Joint filing 1040 only.)*<br>__ __ __ __ __ __ __  __ __ __ __ __ | | **Employee Mail Stop Number**<br>LMSB Team 1864 BLN |

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          **Both** ___<br>*(Note: Check **both** for joint filing 1040 only.)*

**Contact Information**

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2006 ___ / 04 ___ / 04 ___

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*   Douglas Dolton

**8a.** *Check the one category that best describes the third party.*

☒ *1. Individual*   ☐ *2. Financial Institution*   ☐ *3. Business*   ☐ *4. State/Fed. Government Org.*   ☐ *5. Other*

**9. TE/GE Use Only**                TE/GE Determination (EDS) Case Number or
                                     National Office Case Control Number
    EP Plan Number __ __ __       __ __ __ __ __ __ __ __ __ - __ __

| **10. MFT/TAX Period** | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30<br>MFT | 1999<br>Year | 12<br>Month |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

*Document Sequence Number:* _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00985

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)*  5 2 - 1 5 0 9 4 0 2 _ _ | 2. Name Control  E D U C | 3. Employee ID Number  58-07628 _____ |
|---|---|---|

**Employee Telephone Number**

404 338-8221 _____

**Employee Mail Stop Number**

501-D _____

**4. Secondary TIN**
*(Joint filing 1040 only.)*

_ _ _ _ _ _ _ _ _ _ _

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN  X _____          Secondary TIN _____          Both _____
*(Note: Check **both** for joint filing 1040 only.)*

### Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2005 _____ / 08 _____ / 19 _____

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*  Douglas Dolton _____

**8a. Check the one category that best describes the third party.**

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**

EP Plan Number _ _ _ _

*TE/GE Determination (EDS) Case Number or National Office Case Control Number*

_ _ _ _ _ _ _ _ _ — _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Form 12175 (Rev. 02/2001)
Cat. No. 26796L

: 00986

## Third Party Contact Report Form

| 1. Taxpayer TIN *(Include appropriate file source code.)* | 2. Name Control | 3. Employee ID Number |
|---|---|---|

**1. Taxpayer TIN**
*(Include appropriate file source code.)*

5 2 - 1 5 0 9 4 0 2 __

**2. Name Control**

E  D  U  C

**3. Employee ID Number**

58-07628 _____

**Employee Telephone Number**

404 338-8221 _____

**4. Secondary TIN**
*(Joint filing 1040 only.)*

__ __ __ - __ __ - __ __ __ __

**Employee Mail Stop Number**

501-D

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X          Secondary TIN _____          Both ____
                                                      *(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007    / 03    / 14

**7. Reprisal Determination**
        If fear of reprisal has been indicated, check the box below
                        ☒

**8. Name of Third Party** *(only one 3rd party contact per form.)* _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**          TE/GE Determination (EDS) Case Number or
                                National Office Case Control Number
    EP Plan Number _____          __ __ __ __ __ __ __ __ __

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | | Example: 30 **MFT** | 1999 **Year** | 12 **Month** |
|---|---|---|---|---|---|
| 67  2000  09 | | | | | |
| 67  2001  09 | | | | | |
| 67  2002  09 | | | | | |
| 67  2003  09 | | | | | |
| 67  2004  09 | | | | | |
| 67  2005  09 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00987

## Third Party Contact Report Form

**1. Taxpayer TIN**
*(Include appropriate file source code.)*

5 2 - 1 5 0 9 4 0 2 _ _ _

**2. Name Control**

E  D  U  C

**3. Employee ID Number**

58-07628 _____

**Employee Telephone Number**

404 338-8221 _____

**4. Secondary TIN**
*(Joint filing 1040 only.)*

_ _ _ _ _ _ _ _ _ _ _

**Employee Mail Stop Number**

501-D _____

**5. Third Party Contact is for:**
*(Please check one.)*

Primary TIN X ___          Secondary TIN ____          Both ____
*(Note: Check both for joint filing 1040 only.)*

## Contact Information

**6. Date of Contact:**
*(Date format is: yyyy/mm/dd.)*          2007  /  03  /  14

**7. Reprisal Determination**

If fear of reprisal has been indicated, check the box below

☐

**8. Name of Third Party** *(only one 3rd party contact per form.)*    Theresa Catterton _____

**8a.** *Check the one category that best describes the third party.*

☒ 1. Individual    ☐ 2. Financial Institution    ☐ 3. Business    ☐ 4. State/Fed. Government Org.    ☐ 5. Other

**9. TE/GE Use Only**                    *TE/GE* Determination (EDS) Case Number or
                                          National Office Case Control Number

EP Plan Number _ _ _ - _          _ _ _ _ _ _ _ _ - _ _

| 10. MFT/TAX Period | *(Enter all MFT tax periods relating to Primary TIN)* | Example: 30 MFT | 1999 Year | 12 Month |
|---|---|---|---|---|
| 67  2000  09 | | | | |
| 67  2001  09 | | | | |
| 67  2002  09 | | | | |
| 67  2003  09 | | | | |
| 67  2004  09 | | | | |
| 67  2005  09 | | | | |

*This area is for Third Party Coordinator document control tracking use only. Enter Document Sequence Number.*

**Document Sequence Number:** _____

Department of the Treasury - Internal Revenue Service

**Form 12175 (Rev. 02/2001)**
Cat. No. 26796L

: 00988

# EXHIBIT B TO SUPPLEMENTAL DECLARATION OF CARMEN M. BANERJEE

# United States Department of Justice

---

## Tax Division

*Civil Trial Section, Eastern Region*
*P.O. Box 227 - Ben Franklin Station*
*Washington, D.C. 20044*
*Fax: (202) 514-6866*

---

**TO:**

Mr. Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005-2111

**FAX NUMBER:**    202-393-5760

**SUBJECT:**    Documents bearing control numbers

**DATE SENT:**    June 13, 2008

**PAGES: (Including this cover sheet)**    9

**FAX FROM:**

Carmen M. Banerjee
Division Counsel for FOIA and PA Matters
and Trial Attorney

---

COMMENTS:

---

**WARNING**: The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.

3328401.1



**U.S. Department of Justice**

**Tax Division**

*Civil Trial Section, Eastern Region*

---

CMBanerjee:rrm
5-16-4248
CMN 2008100556

*Post Office Box 227*
*Washington, DC 20044*

*Telephone: (202) 307-6420*
*Telecopier: (202) 514-6866*

June 13, 2008

**Regular Mail and Via Facsimile**

Kenneth W. Gideon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

     Re: *EduCap, Inc. v. Internal Revenue Service*, No. 1:07-cv-2106 RMC

Dear Mr. Gideon:

     I enclose a copy of two documents bearing control numbers 27 and 106 as I mentioned during our telephone conference and the phone conference with the Court last week. Additionally, I enclose documents bearing page numbers 18, 26, 28, 30, and 64, which contain the exemptions as clarified in the Service's supplemental memorandum and accompanying papers. On May 7, 2008, I provided you with redacted copies of pages 18, 26, 28, and 30. The same information is redacted on the enclosed set, but the exemptions were not properly marked on some of the pages I provided to you in May.

                                        Sincerely yours,

                                        *Carmen M. Banerjee*

                                        CARMEN M. BANERJEE
                                        Division Counsel for FOIA and
                                        PA Matters, Trial Attorney

Enclosures