## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDUCAP INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2106 (RMC) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

In response to an Internal Revenue Service audit, EduCap Inc. sued the IRS under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking an order requiring the IRS to (i) "identify every third party contact made by it in connection with its audit of EduCap" and (ii) "produce complete and unredacted copies of all materials related to such third party contacts, including all materials requested in EduCap's June 1, 2007 FOIA request." Compl. ¶ 38(a) & (b). The IRS argues that the Court lacks jurisdiction to order EduCap's first request for relief and that the materials sought in EduCap's second request for relief are exempt from compelled disclosure. This matter is before the Court on cross motions for summary judgment. For the reasons explained herein, the Court will grant the IRS's motion and deny EduCap's.

## I.  FACTS

EduCap is a Maryland corporation that is exempt from federal taxation under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). On August 4, 2004, the IRS informed EduCap of its intent to audit the corporation. On December 14, 2004, pursuant to Section 7602(c) of the Internal Revenue Code, 26 U.S.C. § 7602(c) ("Section 7602(c)"), the IRS informed

EduCap that it intended to contact third parties as part of its audit.[1]  The IRS's letter did not provide the names of any third parties whom the IRS intended to contact; it simply gave notice of the agency's intent to make such contacts.

As of August 18, 2005, the IRS had not provided EduCap with the name of any third party contacted as part of the audit.  Accordingly, counsel for EduCap began sending weekly written requests that the IRS identify its third party contacts pursuant to Section 7602(c).[2]  As of the date of the Complaint, EduCap had submitted 112 requests to the IRS.  In response to those requests, the IRS provided 16 letters listing 146 third party contacts and 15 letters stating that it had made no additional third party contacts since the time of its last response to EduCap's request.  Of the 146 third party contacts listed by the IRS, 95 were identified by the word "reprisal" without further explanation, apparently an effort by the IRS to avail itself of the disclosure exception in Section 7602(c).[3]  In response to EduCap's subsequent requests, the IRS continued to insert the word "reprisal" in place of the identities of the third parties who apparently believed they may be subject to reprisal from EduCap.  EduCap alleges that the IRS has no good-faith basis for refusing to identify these persons.

---

[1] Section 7602(c)(1) provides that the IRS "may not contact any person other than the taxpayer with respect to the determination or collection of tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made."  26 U.S.C. § 7602(c)(1).

[2] Section 7602(c)(2) provides that the IRS "shall periodically provide to a taxpayer a record of persons contacted . . . with respect to the determination or collection of the tax liability of such taxpayer [and that] [s]uch record shall also be provided upon request of the taxpayer."  26 U.S.C. § 7602(c)(2).

[3] Section 7602(c)(3)(B) provides, in relevant part, that the notice requirements of Section 7602(c)(1) and (2) do not apply if the IRS "determines for good cause shown that . . . such notice may involve reprisal against any person."  26 U.S.C. § 7602(c)(3)(B).

Believing that the IRS had failed to comply with Section 7602(c), counsel for EduCap submitted a FOIA request to the IRS on June 1, 2007, requesting "all documents relating to the IRS third party contacts in the EduCap audit, including the identities of all third parties contacted." Compl. ¶ 17.  In response, the IRS produced 63 pages of partially redacted materials on August 16, 2007, including a 13-page printout labeled "THIRD PARTY DATABASE" listing 38 third party contacts with the names of 22 redacted.  *Id.* ¶ 19.  The IRS asserted that the 22 redacted names were exempt from compelled disclosure under FOIA Exemption 7(F), which exempts agency records compiled for law enforcement purposes that "could reasonably be expected to endanger the life or physical safety of any individual."  5 U.S.C. § 552(b)(7)(F).  EduCap administratively appealed this determination within the IRS on September 19, 2007.  On October 23, 2007, the IRS denied the appeal and upheld its prior determination but relied instead on FOIA Exemption 7(D), which exempts, in relevant part, agency records compiled for law enforcement purposes that "could reasonably be expected to disclose the identity of a confidential source."  *Id.* § 552(b)(7)(D).

On November 20, 2007, EduCap filed suit in this Court seeking to compel the IRS "to fully disclose the names of third parties it has contacted during its audit of EduCap as required under § 7602(c) . . . ."  Compl. ¶ 1.  EduCap asserts that the Court has jurisdiction under the FOIA, 5 U.S.C. § 552(a)(4)(B), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  *Id.* ¶ 2.  On May 15, 2008, the IRS moved for summary judgment, arguing that the third party contact records sought by EduCap are exempt from compelled disclosure under FOIA Exemptions 3, 5, 6, 7(A), and 7(C), 5 U.S.C. § 552(b)(3), (5), (6), (7)(A), & (7)(C).  *See* Dkt. ## 10 & 14.  EduCap filed a cross motion for summary judgment on July 31, 2008, arguing that because the third party contacts must be disclosed pursuant to Section 7602(c), the IRS has no basis under the FOIA for withholding all

or part of documents relating to third party contacts.  *See* Dkt. # 16.  Oral argument on the motions

was held on February 17, 2009.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be

granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against

a party who "after adequate time for discovery and upon motion . . . fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable

inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.

*Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere

existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving

party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671,

675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a

reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not

significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50

(citations omitted).

FOIA cases are typically and appropriately decided on motions for summary

judgment.  *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp.

477, 481 n.13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on

the basis of information provided by the department or agency in declarations when the declarations

describe "the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military

Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency must demonstrate that "each

document that falls within the class requested either has been produced, is unidentifiable, or is

wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339,

352 (D.C. Cir. 1978) (internal citation and quotation omitted).

### III. ANALYSIS

As a preliminary matter, it is necessary to clarify that this is a FOIA case and not an

action to compel compliance with Section 7602(c). EduCap concedes as much. *See* EduCap's

Opp'n & Cross Mot. for Summ. J. at 3 n.3. EduCap asserts that the Court has jurisdiction under the

FOIA and the Declaratory Judgment Act, not the Internal Revenue Code. *See* Compl. ¶ 2. Thus,

Section 7602(c) is relevant, if at all, only to the extent that it applies to the IRS's disclosure

obligations under the FOIA.

### A. The Court Lacks Jurisdiction Under the FOIA to Grant EduCap's First Request for Relief

"The FOIA confers jurisdiction on the district courts 'to enjoin the agency from

withholding agency records and to order the production of any agency records improperly

withheld.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting 5

U.S.C. § 552(a)(4)(B)). "Under this provision, 'federal jurisdiction is dependent on a showing that

an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.''" *Id.* (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Id.*

EduCap's first request for relief seeks an order requiring the IRS to "identify every third party contact made by it in connection with its audit of EduCap." Compl. ¶ 38(a). This request for relief seeks an order compelling compliance with Section 7602(c); it does not seek an order compelling the production of agency records improperly withheld within the meaning of the FOIA. Accordingly, the Court lacks jurisdiction under 5 U.S.C. § 552(a)(4)(B) to grant EduCap's first request for relief.[4]

**B.      EduCap's Second Request for Relief Seeks Records Exempt from Compelled Disclosure Under the FOIA**

The FOIA mandates the disclosure of federal agency records unless the records are exempt from compelled disclosure by one of nine exemptions. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). EduCap's second request for relief seeks an order requiring the IRS to produce copies of "all materials related to" every third party contact made by it in the course of its audit of EduCap. Compl. ¶ 38(b). In response to this request, the IRS withheld in part or in full three categories of documents as exempt from compelled disclosure under the FOIA: (1) an unredacted list of the third parties contacted; (2) handwritten and typed notes authored by IRS

---

[4] EduCap's assertion that the Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201- 2202, is contrary to "the well-established rule that the Declaratory Judgment Act 'is not an independent source of federal jurisdiction.'" *C&E Servs., Inc. of Wash. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)).

agents reflecting statements made by certain third parties during an interview about EduCap; and (3) document(s) supplied to the IRS by one of the third parties interviewed.

      1.    *List of Third Party Contacts*

      The names of the third parties contacted by the IRS in connection with its audit of EduCap are at the heart of this dispute, and both parties devote the bulk of their briefs to argument over the application of Exemption 3 to those names. Exemption 3 provides that the FOIA's disclosure obligations do not apply to matters that are "specifically exempted from disclosure by statute . . . ." 5 U.S.C. § 552(b)(3). The IRS argues that Internal Revenue Code Sections 6103(e)(7)[5] and 7602(c)(3)(B)[6] specifically exempt from disclosure the list of third party contacts. EduCap argues that Section 7602(c)(2) compels the opposite conclusion. However, the Court need not — and does not — resolve this dispute because the Court finds the list of third party contacts to be exempt under Exemption 7(C).

      Exemption 7(C) provides that the FOIA's disclosure obligations do not apply to matters that are "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). An IRS audit is a "law enforcement" activity for purposes of Exemption 7. *See Faiella v. IRS*, No. 05-238, 2006 WL 2040130, at *4 (D.N.H. July 20, 2006). And the D.C. Circuit has held that the names

---

    [5] Section 6103(e)(7) provides that "[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7).

    [6] *See supra* note 3.

of private individuals appearing in law enforcement records are categorically exempt from disclosure under Exemption 7(C).  *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). Exemption 7(C) "affords broad privacy rights to suspects, witnesses, and investigators" and "[t]he public interest in disclosure is not just less substantial, it is insubstantial."  *Id.* at 1205 (quotation marks and citation omitted).  Therefore, "unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity, and access to the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence, there is no reason to believe that the incremental public interest in such information would ever be significant."  *Id.* at 1205-06; *see also Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) ("to the extent any information contained in 7(C) investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law enforcement investigations, those portions of responsive records are categorically exempt from disclosure under *SafeCard*"); *Johnson v. Comm'r of Internal Revenue*, 239 F. Supp. 2d 1125, (W.D. Wash. 2002) (holding that the IRS properly withheld under Exemption 7(C) "information identifying third parties and witnesses contacted during an IRS investigation").

       EduCap argues that this case is different because Section 7602(c) requires the IRS to disclose to EduCap the list of third party contacts, and the existence of a non-FOIA statutory disclosure obligation necessarily defeats the basis for any FOIA exemption that would otherwise apply.  While there may be some appeal to the argument as a policy matter, courts do not make such policies.  There is nothing in the FOIA that precludes the government from relying on an otherwise applicable FOIA exemption when a non-FOIA statute requires disclosure.  *Cf.* 5 U.S.C. § 552(b)(3) (exempting from disclosure under the FOIA matters that are exempt from disclosure under other

statutes).  Absent such a statutory hook, the Court is unwilling to deprive the government of an otherwise applicable FOIA exemption.

In any event, the Exemption 7(C) privacy interests of the third party contacts are not extinguished because Section 7602(c) arguably requires the IRS to disclose their identities to EduCap.  "An individual does not lose his privacy interest under [Exemption] 7(C) because his identity as a witness may be discovered through other means."  *L&C Marine Transp., Ltd. v. United States*, 740 F.2d 919, 922 (11th Cir. 1984); *see also Carpenter v. U.S. Dep't of Justice*, 470 F.3d 434, 440 (1st Cir. 2006) (fact that informant's identity "arguably can be determined from another source does not terminate his privacy interest" under Exemption 7(C)).  Further, the sole basis for EduCap's asserted right under Section 7602(c) to the list of third party contacts is its identity as the taxpayer being audited.  *See* 26 U.S.C. § 7602(c)(2).  But under the FOIA, "[e]xcept for cases in which the objection to disclosure is based on a claim of privilege and the person requesting disclosure is the party protected by the privilege, the identity of the requesting party has no bearing on the merits of his or her FOIA request."  *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 771 (1989).  EduCap does not argue that any other FOIA requester would be entitled to the list that it seeks, and the FOIA is a "scheme of categorical exclusion" that precludes "disclosure on a case-by-case basis."  *FBI v. Abramson*, 456 U.S. 615, 631 (1982).  Nor does Section 7602(c) operate to give EduCap a greater right to the list than any other FOIA requester.  "The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants."  *Sears*, 421 U.S. at 143 n.10.  For all these reasons, the Court finds that Exemption 7(C) protects the identities of the third parties from public disclosure under the FOIA even though Section 7602(c) arguably

requires the IRS to disclose their identities to EduCap.[7]

      2.    *IRS Agents' Interview Notes of Third Parties*

      The interview notes of the third parties contacted by the IRS in connection with its audit of EduCap also are in dispute, and both parties again argue mainly over the application of Exemption 3 to those notes. Because the Court finds that the notes are exempt under Exemption 7(A), the Court need not resolve whether the notes are exempt under Exemption 3.

      Exemption 7(A) provides that the FOIA's disclosure obligations do not apply to matters that are "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). "Exemption 7(A) . . . is designed to block the disclosure of information that will genuinely harm the government's case in an enforcement proceeding or impede an investigation." *North v. Walsh*, 881 F.2d 1088, 1098 (D.C. Cir. 1989). Thus, Exemption 7(A) permits the government to withhold "documents related to an ongoing investigation from the investigation's target because disclosure would reveal the scope and direction of the investigation and could allow the target to destroy or alter evidence, fabricate fraudulent alibis, and intimidate witnesses." *Id.* at 1097 (citing *Alyeska Pipeline Serv. Co. v. EPA*, 856 F.2d 309, 312-13 (D.C. Cir. 1988)). "'[D]isclosure of such records as witness statements, documentary evidence, [IRS] agent's work papers and internal agency memoranda, prior to the institution of civil or criminal tax enforcement proceedings, would necessarily interfere with such

---

    [7] In addition to a list of third party contacts, EduCap seeks an unredacted case chronology because it purportedly identifies the third parties contacted by the IRS in the course of the audit of EduCap. To the extent that the unredacted case chronology would reveal the identity of those contacts, it also is categorically exempt under Exemption 7(C).

proceedings by prematurely revealing the government's case.'" *Id.* (quoting *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980)).

As already discussed, an IRS audit is a "law enforcement" activity for purposes of Exemption 7. *See Faiella*, 2006 WL 2040130, at *4. EduCap does not dispute that the IRS's audit of EduCap is ongoing. Rather, it argues that the IRS failed to show that "the third parties spoke only on condition of confidentiality, or would otherwise refuse to talk to the IRS if it had complied with the disclosure requirements of I.R.C. § 7602(c)." Pl.'s Cross Mot. for Summ. J. at 29-30. However, the threshold for satisfying Exemption 7(A) is not so stringent.

The IRS had to show only that disclosure "could reasonably be expected to interfere with" the audit. 5 U.S.C. § 552(b)(7)(A). "Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding." *Barney*, 618 F.2d at 1273 (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 234-35 (1978)). "Rather, federal courts may make generic determinations that, 'with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.'" *Id.* (quoting *Robbins Tire*, 437 U.S. at 236). "This is clearly the kind of case where such a generic determination is appropriate." *Id.*

"The interview notes consist of the names of the individuals, their contact information, and the revenue agent's handwritten and typed notes of the conversation." Def.'s Statement of Material Facts, Ex. 2 (Declaration of Adrienne M. Mikolashek ("Mikolashek Decl.")) ¶ 19. "All of these notes are part of the materials the revenue agents rely during on-going investigation to determine plaintiff's correct tax liability." *Id.* Because "[t]here is an on-going

-11-

administrative audit regarding plaintiff and the third party contacts were made during the course of the audit[,]" the IRS asserts that release of the agents' notes would "interfere with the collection of information" because it "could cause other potential witnesses to be unwilling to talk to the revenue agents . . . ." *Id.* ¶ 19(b). "[T]he type of 'interference' at which section 7(A) is directed" includes "fear[] that early disclosure might lead to intimidation of witnesses or make witnesses reluctant to testify . . . ." *North*, 881 F.2d at 1097 (citing *Robbins Tire*, 437 U.S. at 236). Thus, the IRS's expressed concern that release of the interview notes could deter potential witnesses from providing information is sufficient to show that disclosure could reasonably be expected to interfere with the ongoing audit. The IRS was not required to further show that the third parties would not have cooperated but for assurances of confidentiality.

3.     *Documents Supplied by Third Parties*

"The Service has withheld in full 663 pages . . . consisting of documents a third party contact provided to the revenue agents during the course of an interview." Mikolashek Decl. ¶ 20. "The individual held a unique position in plaintiff's organization with access to a combination of information that if described would allow plaintiff to narrow the list of potential sources of the information with greater accuracy and compromise the third party's identity." *Id.* The Court need not decide whether a more detailed description of the documentary evidence provided by the third party would jeopardize the anonymity of the third party because the Court finds that disclosure of the documentary evidence could reasonably be expected to interfere with the ongoing audit. "These documents are part of the on-going administrative audit of plaintiff and their release would prematurely inform plaintiff of the nature and scope of the on-going investigation." Def.'s Statement of Material Facts, Ex. 4 (Declaration of Bruce M. Philipson) ¶ 6(b). Accordingly, these documents

are exempt under Exemption 7(A) for the same reasons that the agents' interview notes are exempt under Exemption 7(A).

### C.   The IRS Disclosed All Reasonably Segregable Non-Exempt Portions of Exempt Documents

The FOIA requires that if a document contains information that is exempt from disclosure, any "reasonably segregable" portion must be disclosed after redaction of the exempt portions, unless the non-exempt portions are "inextricably intertwined" with the exempt portions. 5 U.S.C. § 552(b); *Mead Data Central, Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).   At oral argument, the IRS represented to the Court that it had disclosed to EduCap all reasonably segregable non-exempt portions of exempt documents.   The IRS also submitted a declaration that it "withheld in their entirety only those documents that fall within a FOIA exemption, or those documents wherein the portions exempt from disclosure under the FOIA are so inextricably intertwined with nonexempt material as to be non-segregable." Mikolashek Decl. ¶ 15. The IRS declared that it made "every reasonably segregable non-exempt portion of every responsive document available to plaintiff."   *Id.*   EduCap has not produced evidence to the contrary.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the IRS's motion for summary judgment [Dkt. # 10] and deny EduCap's cross motion for summary judgment [Dkt. # 16].   A memorializing Order accompanies this Memorandum Opinion.


Date: February 18, 2009                                /s/
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge